UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HP INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-04775-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION AND DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 74, 75, 99–108 |

    Plaintiffs bring a variety of federal and state employment claims against Defendants. Defendants have filed a motion to dismiss and several motions to compel arbitration. Defendants' motions to compel arbitration will be granted and their motion to dismiss will be denied without prejudice.

## I. BACKGROUND

Plaintiffs are former employees of Hewlett Packard ("HP").[1] Plaintiffs allege that HP discriminated against them on the basis of their age by terminating their employment under "workforce reduction plans." First Am. Compl. ("FAC") ¶¶ 1–15, Dkt. No. 60. Plaintiffs bring claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as well as a variety of state-law claims. Id. ¶¶ 156–88.

Defendants have moved to dismiss. Defs.' Mot. to Dismiss ("MTD"), Dkt. No. 74. Defendants have also moved to compel arbitration with respect to named Plaintiffs Staton, Becks, and Kaplan (Dkt. No. 75) and thirteen opt-in Plaintiffs (Dkt. Nos. 99–108).[2]

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the avoidance of any contract." 9 U.S.C. § 2 (2012). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (citing Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)). A district court's role is limited to determining (1) whether the parties agreed to arbitrate and, if so, (2) whether the claims at issue are within the scope of that agreement. Id. If the party seeking arbitration meets these two requirements, the court must compel arbitration. 9 U.S.C. § 4; Chiron, 207 F.3d at 1130.

If a contract contains an arbitration clause, the clause is presumed to be valid. AT&T

---

[1] In 2012, Hewlett Packard Company was reorganized into two entities: HP Inc. and Hewlett Packard Enterprise Company. Dkt. No. 99 at 1, 3.
[2] Defendants have filed eleven separate motions to compel arbitration (Dkt. Nos. 75, 99–108). Because all parties agree that these motions are "virtually identical" (Dkt. No. 109 at 1; Dkt. No. 113 at 1 n.2), the Court will decide them together. For convenience, the Court cites the motion to compel arbitration ("Arb. Mot") at Dkt. No. 99, the opposition brief ("Arb. Opp'n") at Dkt. No. 109, and the reply brief ("Arb. Reply") at Dkt. No. 113.

Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir. 1991). The party opposing arbitration has the burden of showing that an arbitration clause is invalid or otherwise unenforceable. Engalla v. Permanente Med. Grp., Inc., 15 Cal. 4th 951, 972 (1997).

Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT&T, 475 U.S. at 648 (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960)). General contract law principles govern the interpretation and enforcement of arbitration agreements. First Options of Chicago v. Kaplan, 514 U.S. 938, 944 (1995).

### III. DISCUSSION

Upon termination of their employment with HP, each Plaintiff signed a release Agreement ("RA") in exchange for severance benefits. Arb. Mot. 3; Arb. Opp'n 3.[3] The RA contains an arbitration clause that states that the parties agree to arbitrate all claims arising out of the employee's "employment or separation, or related to the validity, enforceability, interpretation, performance or breach of this Agreement." Arb. Mot. 4. The RA also states that the question of whether the RA is enforceable is delegated to the arbitrator:

> The parties further agree that this Agreement is intended to be strictly construed to provide for arbitration as the sole and exclusive means for resolution of all disputes hereunder to the fullest extent permitted by law, and its validity and enforceability determined, in accordance with the Federal Arbitration Act. The parties expressly waive any entitlement to have such controversies decided by a court or a jury.

Id.

Plaintiffs allege that the RA is unenforceable. See FAC ¶¶ 78–84. Defendants argue that this threshold question must be decided by the arbitrator, not by this Court. See Arb. Mot. 9–10;

---

[3] The agreements each Plaintiff signed are "substantively identical." Arb. Opp'n 3.

Case No.: 5:16-cv-04775-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION AND
DENYING DEFENDANTS' MOTION TO DISMISS

3

see also id. at 4 (quoting language from the agreement indicating that the agreement's "validity and enforceability" are to be determined "in accordance with the Federal Arbitration Act"); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 448–49 (2006) ("a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator"); Nitro-Lift Technologies, L.L.C. v. Howard, 133 S. Ct. 500, 503 (2012) ("[W]hen parties commit to arbitrate contractual disputes, it is a mainstay of the [FAA's] substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved 'by the arbitrator in the first instance, not by a federal or state court.' ").

Plaintiffs do not contest that an arbitrator, not a court, should determine the enforceability and validity of the release. Instead, Plaintiffs contend that the Court should first "consider the validity of the Class Action Waiver [contained in the RA], and find it invalid" for failure to comply with the Older Workers Benefit Protection Act, Pub. L. 101-433, 104 Stat. 978 (1990), amending 29 U.S.C. 621, et seq. Arb. Opp'n 1–2. The RA indicates that challenges to the enforceability of the Class Action Waiver "may be determined only by a court . . . and not by an arbitrator." Id. at 4. Plaintiffs argue that the Class Action Waiver is not severable from the RA as a whole. Id. at 11. As a result, Plaintiffs argue that their challenge to the validity of the Class Action Waiver (and by extension, to the validity of the RA as a whole) must be decided by this Court, not by an arbitrator. Id. at 2.

The Court agrees with Defendants that, under the terms of the RA, "an arbitrator must first decide whether the release provision contained in the agreement is enforceable." Arb. Reply 4. Then, if the arbitrator determines that the release provision is enforceable, Plaintiffs' claims will be barred and the collective action issue will be moot. Id. Otherwise, the Court will then determine whether Plaintiffs claims may proceed on a class or collective basis. Id. Accordingly, Defendants' motions to compel arbitration will be granted and this case will be stayed.

Case No.: 5:16-cv-04775-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION AND
DENYING DEFENDANTS' MOTION TO DISMISS
4

## IV. CONCLUSION

Defendants' motions to compel arbitration are GRANTED. Defendants' motion to dismiss is denied without prejudice. The Clerk shall administratively close this file.

The parties shall file a joint status report with the Court within thirty days of the resolution of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: September 20, 2017

_____
EDWARD J. DAVILA
United States District Judge