JENNIE LEE ANDERSON (SBN 203586)
jennie@andrusanderson.com
LELAND H. BELEW (SBN 293096)
leland.belew@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA  94104
Phone: (415) 986-1400
Fax:     (415) 986-1474

DOUGLAS P. DEHLER (admitted *pro hac vice*)
doug.dehler@wilaw.com
PAUL W. ZIMMER (admitted *pro hac vice*)
paul.zimmer@wilaw.com
O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI  53202
Phone: (414) 276-5000
Fax:     (414) 276-6581

*Attorneys for Plaintiffs and the Proposed Classes*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, SIDNEY L. STATON III, ARUN VATTURI, DAN WEILAND, SHAFIQ RAHMAN, ED KAPLAN, KAREN BECKS, and ALBERT R. DEVERE for and on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HP INC. and HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendants. | Case No. 5:16-cv-04775<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**<br><br>Judge:    Hon. Edward J. Davila<br>Dept.:    Courtroom 4 (5th Floor) |

**INTRODUCTION**

Yesterday, the Court entered an Order Granting Defendants' Motions to Compel and Denying Defendants' Motion to Dismiss (ECF No. 132) (hereinafter, "Order" or "September 20, 2017 Order"), ordering, among other things, all Plaintiffs to arbitration and administratively closing the case as it relates to all Plaintiffs.

But the majority of named and opt-in Plaintiffs in this case never signed Release Agreements ("RAs") containing an arbitration clause and, therefore, they cannot be sent to arbitration and should not be denied the right to timely litigate their claims in this Court. To do so would be patently unfair to the named and opt-in Plaintiffs who did not sign arbitration agreements, as well as to at least 1,500 absent collective action class members who also did not sign arbitration agreements. Indeed, Defendants expressly limited the scope of their motions to compel arbitration to three of the eight named Plaintiffs, and 13 of the opt-in Plaintiffs *See* ECF Nos. 75, 99-108 (Defendants' "Motions to Compel Arbitration").

Defendants did *not* move to compel arbitration for five of the eight named Plaintiffs (specifically, Donna J. Forsyth, Arun Vatturi, Dan Weiland, Shafiq Rahman, and Albert R. Devere) or any of the opt-in Plaintiffs who did *not* sign RAs. The Motions to Compel Arbitration did not seek any relief whatsoever from the Court with respect to any of these other Plaintiffs. However, yesterday's Order directed the Clerk to close this entire case administratively, and thus negatively impacts the claims of dozens of other Plaintiffs (both named and opt-in) who did not sign RAs, as well as those of absent class members who did not sign arbitration agreements and have a right to join this lawsuit.

Pursuant to Civil L.R. 7-9(b), Plaintiffs hereby move for leave to file a motion for reconsideration. Specifically, Plaintiffs' motion for reconsideration will ask the Court to vacate its September 20, 2017 Order or to modify the Order to apply only to Plaintiffs who signed arbitration agreements, and allow those who did not sign arbitration agreements to proceed with this case. Indeed, especially in the employment discrimination context, justice delayed is justice denied, and absent collective action class members should be promptly be notified and permitted to join this lawsuit.

1

PLAINTIFFS' MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION OF COURT'S ORDER
GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

For convenience, a list of the named and opt-in Plaintiffs who did not sign an RA and who were not the subject of Defendants' motions to compel arbitration is attached hereto Exhibit A.

## ARGUMENT

### I. The Requirements of Civil L.R. 7-9(b) Are Satisfied.

A motion seeking leave to file a motion for reconsideration must be made in accordance with Civil L.R. 7-9. The moving party must show reasonable diligence in bringing the motion, along with one of the other three criteria for such a motion. *See* Civ. L.R. 7-9(b)(1)-(3).[1]

#### A. Plaintiffs Have Acted with Reasonable Diligence in Filing this Motion.

This motion seeks leave to file a motion for reconsideration regarding an Order entered yesterday, on September 20, 2017. *See* ECF No. 132. Plaintiffs have acted with reasonable diligence in bringing this motion within one day of the September 20, 2017 Order.

#### B. This Motion Satisfies the Requirements of Civ. L.R. 7-9(b)(3).

Under Civil L.R. 7-9(b)(3), this motion should be granted to allow the Court to address a manifest failure to consider material facts and dispositive legal arguments.

The September 20, 2017 Order incorrectly states that "each Plaintiff signed a release Agreement," ECF No. 132 at 3, and that "if the arbitrator determines that the release provision is enforceable, Plaintiffs' claims will be barred and the collective action issue will be moot," *id.* at 4. The Order goes on to state that "Defendants' motions to compel arbitration will be granted and this case will be stayed." *Id.* The Court then orders the Clerk to close the entire case administratively. *Id.* at 5.

However, it is undisputed that the majority of the named Plaintiffs and opt-in Plaintiffs did not sign an RA and were ***not*** the subject of Defendants' motions to compel arbitration. *See* ECF

---

[1] Civil L. R. 7-9 requires that the moving party must specifically show reasonable diligence in bringing the motion, and one of the following: 1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or 2) The emergence of new material facts or a change of law occurring after the time of such order; or 3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

1  Nos. 75, 99-108.  Equally undisputed is that the Court must decide whether the case should

2  proceed as a collective action regardless of whether some Plaintiffs' claims are subject to the

3  arbitration clause.  And whether a case should proceed as a collective action is properly decided

4  early in the case and should not be delayed.  Because the Court's Order did not consider these

5  material facts and dispositive legal arguments, Civil L.R. 7-9(b)(3) is satisfied and leave to file a

6  motion for reconsideration should be granted.

7  Similarly, Civil L.R. 7-9(b)(3) is further satisfied because Defendants' Motions to Compel

8  Arbitration did not seek any relief with respect to the remaining Plaintiffs, and thus the pertinent

9  dispositive legal arguments made by the parties were not considered.  For example, at page 2 of

10  their initial Motion to Compel Arbitration, Defendants clearly stated in a footnote as follows:

> The instant *motion to stay* and compel arbitration is brought *only* as to Plaintiffs Sidney Staton, Karen Becks and Ed Kaplan. Accordingly, any reference herein to "Plaintiffs" refers *only to these Plaintiffs*.

13  ECF No. 75 (re Plaintiffs Sidney L. Staton, Karen Becks and Ed Kaplan) at 2, n. 1 (emphasis

14  added).  Defendants made a similar statement in each of the Motions to Compel Arbitration with

15  respect to 13 of the opt-in Plaintiffs filed on March 20, 2017.  *See*, *e.g.*, Motion to Compel Opt-In

16  Plaintiff Kent Meagher to Arbitration (ECF No. 99) at 1 ("This motion seeks the *stay of the*

17  *claims of Opt-In Plaintiff*," defined as the individual opt-in Plaintiff who was the subject of the

18  motion) (emphasis added).  Given the clear language of Defendants' Motions to Compel

19  Arbitration, the relief sought may only be granted as to the three named Plaintiffs and 13 opt-in

20  Plaintiffs who were the subject of those motions.

## **CONCLUSION**

22  Given the foregoing, the criteria of Civil L.R. 7-9(b) are satisfied and Plaintiffs should be

23  granted leave to file a motion for reconsideration requesting that the Court vacate or modify its

24  September 20, 2017 Order closing this case administratively, and specifically direct that the case

25  may proceed as to the named Plaintiffs and opt-in Plaintiffs who did *not* sign the RAs that were

26  the subject of Defendants' motions to compel arbitration.

27  ///

28  ///

3

PLAINTIFFS' MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION OF COURT'S ORDER
GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

For these reasons, the Court should grant Plaintiffs leave to file a motion seeking reconsideration.

DATE: September 21, 2017                ANDRUS ANDERSON LLP

By: */s/ Jennie Lee Anderson*

Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Leland H. Belew (SBN 293096)
leland.belew@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Phone:   (415) 986-1400
Fax:      (415) 986-1474

DOUGLAS P. DEHLER *pro hac vice*
doug.dehler@wilaw.com
PAUL W. ZIMMER *pro hac vice*
paul.zimmer@wilaw.com
O'NEIL, CANNON, HOLLMAN,
 DEJONG & LAING S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone:   (414) 276-5000
Fax:      (414) 276-6581

*Attorneys for Plaintiffs and the Proposed Classes*

PLAINTIFFS' MOTION FOR LEAVE TO MOVE FOR RECONSIDERATION OF COURT'S ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION