1   JENNIE LEE ANDERSON (SBN 203586)
    jennie@andrusanderson.com
2   LELAND H. BELEW (SBN 293096)
    leland.belew@andrusanderson.com
3   ANDRUS ANDERSON LLP
    155 Montgomery Street, Suite 900
4   San Francisco, CA 94104
    Phone: (415) 986-1400
5   Fax:    (415) 986-1474

6   DOUGLAS P. DEHLER (admitted *pro hac vice*)
    doug.dehler@wilaw.com
7   PAUL W. ZIMMER (admitted *pro hac vice*)
    paul.zimmer@wilaw.com
8   O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
    111 East Wisconsin Avenue, Suite 1400
9   Milwaukee, WI 53202
    Phone: (414) 276-5000
10  Fax:    (414) 276-6581

11  Attorneys for Plaintiffs and the Proposed Classes

12                  UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN JOSE DIVISION

15

16  DONNA J. FORSYTH, SIDNEY L. STATON        Case No. 5:16-cv-04775
    III, ARUN VATTURI, DAN WEILAND,
17  SHAFIQ RAHMAN, ED KAPLAN, KAREN           **CLASS ACTION**
    BECKS, and ALBERT R. DEVERE for and on
18  behalf of themselves and other persons similarly   **PLAINTIFFS' MOTION FOR**
    situated,                                 **RECONSIDERATION OF THE**
19                                            **COURT'S ORDER GRANTING**
                    Plaintiffs,               **DEFENDANTS' MOTIONS TO**
20                                            **COMPEL ARBITRATION**
            vs.
21                                            Judge:  Hon. Edward J. Davila
    HP INC. and HEWLETT PACKARD               Dept.:  Courtroom 4 (5th Floor)
22  ENTERPRISE COMPANY,

23                  Defendants.

24

25

26

27

28

**INTRODUCTION**

Having complied with Civil L.R. 7-9 and been granted leave by the Court, Plaintiffs hereby move for reconsideration of the Court's Order Granting Defendants' Motions to Compel Arbitration and Denying Defendants' Motion to Dismiss (ECF 132) ("Order" or "September 20, 2017 Order") pursuant to Fed. R. Civ. P. 60, and based on the Court's inherent authority to reconsider its prior orders and decisions. By this motion, Plaintiffs ask the Court to vacate or amend its September 20, 2017 Order to reopen this case and clarify that the stay applies only to Plaintiffs who signed arbitration agreements.

**ARGUMENT**

I. **Plaintiffs Who Did Not Sign Release Agreements Cannot Be Compelled to Arbitrate.**

It appears that the Court may have believed that all the named and opt-in Plaintiffs signed Defendants' standard Waiver and General Release Agreement ("RA"), which contains arbitration language. But that is not so: most Plaintiffs did not sign one. It is undisputed that 5 of the 8 named Plaintiffs and 29 of the 41 opt-in Plaintiffs did not sign any arbitration agreement.[1] "[A]rbitration is a *matter of contract* and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *See* Order at 3 (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986), quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)) (emphasis added). Thus, the 34 Plaintiffs who did not sign an agreement to arbitrate cannot be forced into arbitration. Nor should their cases be stayed pending resolution of arbitration proceedings to which they are not a party.

II. **The Case Should Not Have Been Stayed in Its Entirety or Administratively Closed Because Defendants Did Not Request a Stay as to 34 of the Plaintiffs.**

Defendants' motions to compel arbitration only asked the Court to stay the claims of those Plaintiffs *who signed arbitration agreements*. Defendants never asked the Court to stay the

---

[1] Defendants incorrectly moved to compel one of the opt-in Plaintiffs, James Long, to arbitration even though he never signed an arbitration agreement. ECF 107. In response to that motion to compel arbitration, *Plaintiff* Long filed a sworn declaration explaining, in detail, that *he* never signed an arbitration agreement. *See* ECF 109-11. Apparently, a different "James Long" did. *Id.* Defendants never contested Plaintiff Long's sworn declaration in their reply, effectively conceding that he never signed an arbitration agreement.

1    claims of the other 34 Plaintiffs who did not sign arbitration agreements. Indeed, in their initial

2    motion to compel arbitration Defendants plainly stated:

3        The instant *motion to stay* and compel arbitration is brought *only* as to Plaintiffs
         Sidney Staton, Karen Becks and Ed Kaplan. Accordingly, any reference herein to
4        "Plaintiffs" refers *only to these Plaintiffs*.

5    ECF 75 at 2, n. 1 (emphasis added). Defendants made similar statements in subsequent motions,

6    which sought to compel 12 opt-in Plaintiffs to arbitration. *See*, *e.g.*, Motion to Compel Opt-In

7    Plaintiff Kent Meagher to Arbitration (ECF 99) at 1 ("This motion seeks the *stay of the claims of*

8    *Opt-In Plaintiff*," defined as the individual opt-in plaintiff who was the subject of that motion)

9    (emphasis added); *see also* ECF 100-108 (containing same language).[2]

10           Defendants' motions were premised on section 3 of the Federal Arbitration Act ("FAA"),

11   9 U.S.C. § 3, which unambiguously applies only to *those who agree to arbitrate*. *See* ECF 75, 99-

12   108. The statute does not authorize a stay of claims for those who do *not* agree to arbitrate. *See*

13   9 U.S.C. § 3 (mandating a stay if "*the issue* involved in such suit or proceeding *is referable to*

14   *arbitration* under an agreement in writing for such arbitration") (emphasis added). Because there

15   is *no issue* referable to arbitration with respect to Plaintiffs who never signed an arbitration

16   agreement, the FAA does not authorize a stay of their claims. *See* 9 U.S.C. § 3.

17           "[A] litigant who is not a party to an arbitration agreement may invoke arbitration under

18   the FAA *if the relevant state contract law allows the litigant to enforce the agreement*." *Kramer*

19   *v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citing *Arthur Andersen LLP v.*

20   *Carlisle*, 556 U.S. 624, 632 (2009)); *see also In re Henson*, 869 F.3d 1052, 1059 (9th Cir. 2017).

21   Here, however, Defendants never even argued—much less cited any California contract law to

22   support such arguments—that the 34 Plaintiffs were required to arbitrate their claims or that a

23   stay of their cases were warranted under the FAA. Defendants did not argue, for example, that the

24   34 Plaintiffs need to arbitrate based on some third-party beneficiary theory. Nor did they argue

25   ─────────────────

26   2    In the conclusions of their reply briefs, Defendants confirmed that their stay requests were
     limited to those 15 Plaintiffs who signed RAs. *See* ECF 112, at 15 ("For all of the reasons set
27   forth above, Defendants respectfully request that this Court grant their Motion to Compel, and
     stay proceedings *with respect to the claims of Plaintiffs Staton, Becks, and Kaplan*.") (emphasis
28   added); *see also* ECF 113, at 15 ("For all of the reasons set forth above, Defendants respectfully
     request that this Court grant the Opt-in Motion to Compel and stay proceedings *with respect to*
     *those individuals*.") (emphasis added).

                                                    2

1   that the 34 Plaintiffs could be compelled to arbitrate based on principles of equitable estoppel.

2   Indeed, neither theory applies here. If Defendants had any reasonable grounds to seek a

3   discretionary stay as to the 34 Plaintiffs who never signed an arbitration agreement, they would

4   have made those arguments. They did not. They should not be permitted to make any new

5   arguments seeking a discretionary stay as to the 34 Plaintiffs in their response brief.[3]

6          Given that a mandatory stay is improper under section 3 of the FAA and that Defendants

7   never requested or articulated a basis for a discretionary stay as to the 34 Plaintiffs who did not

8   sign an RA, the Court's Order should be vacated or amended to clarify that only the Plaintiffs

9   who signed RAs are compelled to arbitrate and the remaining 34 Plaintiffs' claims are not stayed.

10         **III.       Reconsideration of the Court's Order is Both Proper and Necessary.**

11         Plaintiffs have satisfied the requirements of Civil L.R. 7-9(b), to the extent the Court's

12  Order is deemed an "interlocutory order" governed by that rule.[4] Plaintiffs have acted with

13  reasonable diligence in filing both their motion for leave and the present motion. *See* Civil L.R.

14  7-9(b). In addition, at least one of the three factors set forth in Civil L.R. 7-9(b) is satisfied. *See*

15  Civil L.R. 7-9(b)(1)-(3). As previously explained in Plaintiffs' motion for leave to seek

16  reconsideration (ECF 134), the third factor is satisfied because material facts and dispositive legal

17  arguments were not considered in the Order. For example, the Order incorrectly states that "***each***

18  ***Plaintiff*** signed a Release Agreement," Order at 3 (emphasis added), and incorrectly concludes

19  that ***all Plaintiffs' claims*** can be resolved through arbitration. *Id.* at 4 ("[I]f the arbitrator

20  determines that the release provision is enforceable, Plaintiffs' claims will be barred and the

21  collective action issue will be moot."). Based on these legal and factual misstatements, the Court

22  incorrectly stayed the claims of Plaintiffs not subject to arbitration and administratively closed

23  their case. *See* Order at 4.

24  _____

25  [3]      If Defendants improperly attempt to raise new arguments in their response brief that the
    Court is inclined to entertain, then Plaintiffs should be given an opportunity to address them in a
26  reply brief.
    [4]      Plaintiffs believe that the Court's decision to stay and administratively close the case is a
27  "collateral order" that may be appealed by filing a Notice of Appeal under Fed. R. App. P. 4.
    Given this, Plaintiffs intend to file a protective Notice of Appeal seeking review of the Order. If
28  the Court grants the relief requested by this motion, then that Notice of Appeal may be rendered
    ineffective or moot.

1      There are 34 Plaintiffs who did not sign an RA. As a matter of law, they cannot be

2  compelled to arbitrate, and their claims will not be resolved by arbitration. Staying these claims

3  pending arbitration of *other* individuals' claims will severely prejudice both these 34 Plaintiffs

4  and the absent class members they seek to represent. Rule 1 of the Federal Rules of Civil

5  Procedure stresses the importance of securing "a just, speedy, and inexpensive determination of

6  every action and proceeding." Plaintiffs and putative class members who did not sign an RA are

7  older workers who were unfairly fired as the direct result of the pervasive age discrimination this

8  lawsuit seeks to remedy, and it is important that these ripe claims be allowed to proceed

9  promptly. Some putative class members are in their 70s. During the stay, memories will fade,

10  witnesses will become unavailable, and class members could pass away.

11      Further, Defendants' Workforce Reduction Plans are ongoing, continually increasing the

12  number of putative class members who will have to decide whether to sign an RA. 29 U.S.C. §

13  626(f)(1)(F)(ii). Once the stay is lifted, and after completing pre-conditional certification

14  discovery, Plaintiffs will move for conditional certification so absent class members receive

15  notice of this suit and their opportunity to opt into it. Thus, each day the case remains stayed,

16  more absent class members may be asked to sign an RA without having notice of their right to opt

17  into this lawsuit. For these additional reasons, this motion should be granted and this case should

18  proceed as to the 34 Plaintiffs who did not sign RAs.

19  **IV.    The Court Should Also Grant Relief Under Rule 60, and Based on the Court's**
20  **Inherent Authority to Reconsider Its Prior Orders**

21      It is axiomatic that courts have inherent authority to reconsider and amend their prior

22  orders and decisions. *De La Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1105, 1107 (N.D. Cal.

23  2014) ("A district court has inherent jurisdiction to modify, alter, or revoke a prior order.")

24  (citation omitted). Moreover, courts have the authority to amend or correct orders based on

25  Federal Rules of Civil Procedure 60(a) and (b). Under Rule 60(a), the court may correct "a

26  mistake arising from oversight or omission whenever one is found in a judgment, order, or other

27  part of the record." Rule 60(b) further provides that the Court may correct "a mistake" or provide

28  relief from an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (5). That

4

1   authority includes correcting errors of law. *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441

2   (9th Cir. 1982) ("The law in this circuit is that errors of law are cognizable under Rule 60(b)").

3          Here, the Order staying *all* Plaintiffs' claims was based on a mistake or misunderstanding

4   of the facts or legal arguments. Under such circumstances, the relief requested here is both proper

5   and necessary. As discussed above, it would be unjust to stay the claims of the 34 Plaintiffs who

6   did not sign RAs for any length of time, let alone indefinitely (possibly for years) pending

7   arbitration involving the 15 Plaintiffs who signed RAs. The risk of prejudicial delay can and

8   should be eliminated by this Court granting this motion and clarifying that the claims of those

9   who did *not* sign arbitration agreements are not stayed.

10                                **CONCLUSION**

11         For these reasons, Plaintiffs' motion for reconsideration should be granted. The Court

12  should vacate or amend a portion of its September 20, 2017 Order to reopen this case and clarify

13  that claims alleged by Plaintiffs who did not sign RAs are not being stayed.

14

15  DATE: October 18, 2017                        ANDRUS ANDERSON LLP

16                                               By: */s/Jennie Lee Anderson*

17                                               Jennie Lee Anderson (SBN 203586)
                                                 jennie@andrusanderson.com
18                                               Leland H. Belew (SBN 293096)
                                                 leland.belew@andrusanderson.com
19                                               ANDRUS ANDERSON LLP
                                                 155 Montgomery Street, Suite 900
20                                               San Francisco, CA 94104
                                                 Phone:   (415) 986-1400
21                                               Fax:     (415) 986-1474

22                                               DOUGLAS P. DEHLER *pro hac vice*
                                                 doug.dehler@wilaw.com
23                                               PAUL W. ZIMMER *pro hac vice*
                                                 paul.zimmer@wilaw.com
24                                               O'NEIL, CANNON, HOLLMAN,
                                                  DEJONG & LAING S.C.
25                                               111 East Wisconsin Avenue, Suite 1400
                                                 Milwaukee, WI 53202
26                                               Phone:   (414) 276-5000
                                                 Fax:     (414) 276-6581
27
                                                 *Attorneys for Plaintiffs and the Proposed*
28                                               *Classes*

                                                 5