# Exhibit A

# ANDRUS ANDERSON LLP

September 29, 2017

*Via Email*

Richard W. Black
Lisa A. Schreter
Littler Mendelson, P.C.
3344 Peachtree Road NE, Suite 1500
Atlanta, GA 30326

Darren G. Gibson
Littler Mendelson, P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701

Kimberly J. Duplechain
Littler Mendelson, P.C.
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597

Donald W. Myers
Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102-1321

James A. Frederick
Littler Mendelson, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201

Re:   *Forsyth v. HP Inc., et al.;* USDC, ND Cal., Case No. 16-cv-04775-EJD

Dear Counsel:

We write to address the next steps needed to arbitrate the validity of the release of claims language in the Waiver and General Release Agreement ("Agreement"). On September 20, 2017, the Court ordered that an arbitrator decide the question of whether the release of claims provision is enforceable. The Court's Order specifically states as follows:

> The Court agrees with Defendants that, under the terms of the RA, "an arbitrator must first decide whether the release provision contained in the agreement is enforceable." Arb. Reply 4. Then, if the arbitrator determines that the release provision is enforceable, Plaintiffs' claims will be barred and the collective action issue will be moot. Id. Otherwise, the Court will then determine whether Plaintiffs' claims may proceed on a class or collective basis. Id.

September 20, 2017 Order, at 4.

According to the Order, if the arbitrator determines that the release provision is enforceable, then the claims of those Plaintiffs who signed an agreement will be barred. If the arbitrator determines that the release provision is unenforceable, then the next step would be for the Court itself to decide whether the class action waiver provision in the Agreement is enforceable.

---

155 Montgomery Street · Suite 900 · San Francisco, California 94104
T: 415.986.1400 · F: 415.986.1474 · jennie@andrusanderson.com

September 29, 2017
Page 2

We are working to prepare a list of proposed arbitrators who would be acceptable to Plaintiffs, and we intend to share that list with you next week. We ask that Defendants also prepare a list of proposed arbitrators in the hopes that the parties can agree on an arbitrator who will hear the question of whether the release provision in the Agreement is enforceable.

We ask that you please provide us with your proposed list of arbitrators by Friday, October 6, 2017.

Sincerely,

Jennie Lee Anderson

cc:  Leland H. Belew (via email)
     Douglas P. Dehler (via email)
     Paul Zimmer (via email)
     Paul McVoy (via email)

# Exhibit B

**From:** Jennie Anderson <jennie.anderson@andrusanderson.com>
**Date:** October 3, 2017 at 7:48:35 PM EDT
**To:** "Schreter, Lee" <LSchreter@littler.com>, "Black, Richard W." <RBlack@littler.com>
**Cc:** "Douglas P. Dehler" <Doug.Dehler@wilaw.com>, "Paul W. Zimmer" <Paul.Zimmer@wilaw.com>, <Leland.Belew@andrusanderson.com>, Kelli Good <kelli.good@andrusanderson.com>
**Subject: HP arbitrator**

Dear Lee and Rich,

Following up on our letter of last week, Plaintiffs propose that the parties exchange lists of two or three proposed arbitrators this Friday, October 6 at 12pm pacific/3pm eastern. If there is a match, we will go with that arbitrator. If there are no matches, Defendants will advise whether any of Plaintiffs' proposed arbitrators are acceptable to them by Tuesday, October 10 at 12pm pacific/3pm eastern. If not, Plaintiffs will advise whether any of the arbitrators on Defendants' list are acceptable to them by 2pm pacific/5pm eastern that same day. If no arbitrator has been selected, the parties will exchange further names on Wednesday, October 11 at 12pm pacific/3pm eastern. All proposed arbitrators shall be located in the San Francisco Bay Area.

Please let us know by tomorrow by close of business if Defendants will agree to this proposal. Thank you.

Sincerely,

Jennie Lee Anderson
**Andrus Anderson LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel: (415)-986-1400
www.andrusanderson.com

CONFIDENTIALITY NOTICE: This email message may contain privileged and confidential information protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at contact@andrusanderson.com.

CONFIDENTIALITY NOTICE: This email message may contain privileged and confidential information protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at contact@andrusanderson.com.

# Exhibit C



Littler Mendelson, P.C.
100 Congress Avenue
Suite 1400
Austin, TX 78701

October 4, 2017

Darren G. Gibson
512.982.7259 direct
512.982.7250 main
512.692.2810 fax
dgibson@littler.com

**VIA EMAIL**

Jennie Lee Anderson, Esq.
Andrus Anderson LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

Douglas P. Dehler, Esq.
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Ave., Suite 1400
Milwaukee, WI 53202

Re: *Forsyth v. HP Inc., et al.*; USDC, ND Cal., Case No. 16-cv-04775-EJD

Dear Counsel:

This letter is in response to Ms. Anderson's letter, dated September 29, 2017, and her subsequent email dated October 3, 2017, regarding the Court's order granting Defendants' motions to compel arbitration pertaining to sixteen (16) named and opt-in Plaintiffs compelled to arbitration ("Arbitration Plaintiffs"). In that letter and the subsequent email, Ms. Anderson indicated that the Arbitration Plaintiffs were working to compile a list of proposed arbitrators, and she requested that Defendants provide a list of proposed arbitrators by October 6, 2017. Moreover, in both the letter and email, Ms. Anderson made clear that she envisions a single arbitration in which a lone arbitrator would "hear the question of whether the release provision in the Agreement is enforceable". Both the request that Defendants propose arbitrators at this time, and the suggestion that a single arbitration is appropriate to evaluate the enforceability of the waiver and release executed by each Arbitration Plaintiff at issue, misapprehend and contradict the plain, express terms of the Waiver and General Release Agreement ("Release Agreement") signed by each.

    I.    **The Terms of the Release Agreement Require That An Individual Initiate Arbitration By Making A Written Demand, Followed By Mandatory Mediation**

Sections 13 and 14 of each Release Agreement include the terms governing the arbitrations. First, an arbitration governed by a Release Agreement must be initiated by

Jennie Lee Anderson, Esq. and Douglas P. Dehler, Esq.
October 4, 2017
Page 2

a written demand from the individual Arbitration Plaintiff.[1] None of the 16 Arbitration Plaintiffs have made a written demand for arbitration in accordance with their individual Release Agreement. Thus, no single arbitration proceeding has been initiated and it is inappropriate to exchange the names of potential arbitrators at this time.

Second, even if any of the Arbitration Plaintiffs had made a written request for arbitration, each's Release Agreement requires that they and the respondent mediate the dispute before submitting the claim to binding arbitration.[2] It is only if the mandatory mediation is unsuccessful that an individual arbitration claimant may proceed to binding arbitration before a neutral arbitrator selected by a mutual agreement (or through the American Arbitration Association, if the parties cannot agree), with the arbitration being conducted in or near the city in which the Arbitration Plaintiff was last employed by the respondent.[3]

## II. The Plaintiffs' Challenges to the Releases Require Individual Arbitration.

Moreover, contrary to Ms. Anderson's suggestion that the Court's Order required that a single arbitrator would "hear the question of whether the release provision in the Agreement is enforceable", the Court ordered no such thing. Rather, the Court observed first that "[u]pon termination of their employment with HP, each Plaintiff signed a [Release Agreement] in exchange for severance benefits" and then held that "The Court agrees with Defendants that, under the terms of the RA, "an arbitrator must first decide whether the release provision contained in the agreement is enforceable." Dkt. No. 132 at 3-4. Additionally, the Court closed its Order by expressly noting that "[t]he parties shall file a joint status report with the Court within thirty days of the resolution of arbitration *proceedings.*" *Id.* at 5. Thus, the Court's Order plainly compelled each of the 16 Arbitration Plaintiffs to individual arbitrations to address the enforceability of the waiver and release on their own individualized facts.

Such a ruling is, indeed, the only one that makes sense given the claims asserted by the 16 individuals. That is, the 16 individuals alleged that the releases contained in

---

[1] Section 13 of the Release Agreement states, "Any arbitration may be initiated by a written demand to the other party within the statute(s) of limitation provided by law for such claim(s)."

[2] Section 14 of Release Agreement states, "After submission of the written claim for arbitration, the parties shall submit the matter to non-binding mediation before a mutually selected neutral mediator."

[3] Section 13 states that the arbitration is to be conducted "before a neutral arbitrator and/or arbitration sponsoring organization, selected by mutual agreement, in or near the city in which Employee was last employed by the Company. If the parties are unable to mutually agree upon an arbitrator, the arbitration shall be held through the American Arbitration Association ("AAA")."

Jennie Lee Anderson, Esq. and Douglas P. Dehler, Esq.
October 4, 2017
Page 3

Release Agreements were not "knowing and voluntary" for three reasons: (1) the release was allegedly not written in a manner that the employee could reasonably understand its provisions; (2) each individual Attachment A allegedly failed to provide the proper list of other employees in the "decisional unit" considered for selection; and (3) each individual's severance payment estimate statement allegedly "misled the average employee regarding the amount of consideration he or she would receive for signing the Release Agreement." (FAC ¶¶ 73, 79-81.)  Each of these arguments requires an individual assessment.

In sum, once an Arbitration Plaintiff initiates arbitration by making a written demand for arbitration under Section 13 of their respective Release Agreement, we will gladly exchange the names of potential mediators who are located in or near the city where the Arbitration Plaintiff was last employed by the arbitration respondent and participate in the individual mediation.  Until that process is completed, the exchange of names of potential arbitrators is inappropriate.

Sincerely,

*Darren G. Gibson* (signature)

Darren G. Gibson

cc:   Leland H. Belew, Esq.
      Paul W. Zimmer, Esq.
      Lisa A. Schreter, Esq.
      Richard W. Black, Esq.
      Donald W. Myers, Esq.
      James A. Frederick, Esq.
      Shannon R. Creasy, Esq.