UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>HP INC., et al.,<br><br>  Defendants. | Case No. 5:16-cv-04775-EJD<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 158 |

On February 6, 2018, the Court issued an order denying Defendants' motion to enjoin the currently pending arbitration between Defendants and fifteen of the currently named Plaintiffs, which was initiated as a single proceeding with the American Arbitration Association in San Francisco. Dkt. No. 152. Defendants requested leave to move for reconsideration pursuant to Civil Local Rule 7-9, which the Court granted. Dkt. No. 159. Defendants' motion for reconsideration is now presently before the Court.

Defendants move for reconsideration on a single basis: that Paragraphs 13 and 21 of Plaintiffs' Release Agreements require that the currently pending arbitration be conducted "in or near the city" in which Plaintiffs were last employed. *See* Release Agreement ("RA"), Dkt. No. 75-1, at ¶ 13 ("The parties agree to arbitrate . . . in or near the city in which Employee was last employed by the Company."); ¶ 21 ("The arbitration shall take place in or near the city of the Employee's work location on the Separation Date."). According to Defendants, the currently pending arbitration violates these provisions because it seeks to arbitrate the claims of all Plaintiffs in San Francisco, as opposed to the cities of last employment. *See* Dkt. No. 143-6 at 19 (table

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
1

listing work locations of Plaintiffs as including Sacramento, CA; Washington, DC; Buffalo Grove, IL; Phoenix AZ; Woodbridge, VA; Cumming, GA; Indianapolis, IN; Nashua, NH; Washington Township, MI; Pittsboro, NC; Tinton Falls, NJ; Allen, TX; Carrollton, TX; and Camas, WA).

The Court considered this argument in its original order in the context of paragraph 13. Dkt. No. 152, at 8. Reading the plain language of that paragraph, the Court concluded that arbitration in San Francisco was permissible because "the parties f[e]ll within the contingency expressed in the second sentence [of paragraph 13], which places no restriction on location." *Id*.

In their motion for reconsideration, Defendants ask the Court to do more than simply apply plain language within the RA to the present situation. Instead, they ask the Court to *interpret* paragraph 13 in light of paragraph 21, and then apply that interpretation to the facts.[1] *See* Dkt. No. 158, at 3-4 (discussing legal authority that applies "when interpreting contracts" and arguing that "Paragraph 21 of the Agreements makes clear that the forum selection language in the first sentence of Paragraph 13 is mandatory"). However, the RA expressly delegates interpretation of these terms to the arbitrator. *See* RA ¶ 13 ("The parties agree to arbitrate any and all disputes . . . . related to the validity, enforceability, *interpretation*, performance or breach of this Agreement, . . . or involving the *construction or application or any of the terms*, provisions, or conditions of this Agreement . . . ."). As such, whether and how paragraph 13 should be interpreted in conjunction with paragraph 21 is a determination that only the arbitrator can make.

Thus, because it cannot interpret the terms of the RA, the Court cannot reconsider its order on this basis. Instead, the parties must make arguments regarding the proper interpretation of the "in or

---

[1] Plaintiffs also argue that Defendants' request should be denied because Defendants have not identified "[a] manifest failure by the Court to consider material facts or dispositive legal arguments *which were presented to the Court* before such interlocutory order." Civ. L.R. 7-9(b)(3) (emphasis added). Although Civil L.R. 7-9(b)(3) states a basis upon which *leave* to move for reconsideration may be granted and the Court has already granted leave in this case, the Court agrees upon further reflection that Defendants fall short of this standard. Defendants currently seek reconsideration based on a combined reading of paragraphs 13 and 21. Dkt. No. 152, at 2. However, Defendants never discussed paragraph 21 in their original motion; instead, they only made arguments based on paragraph 13. *See* Dkt. No. 143, at 5-6, 16. As such, in addition to the substantive reasons discussed here for denying reconsideration, Defendants' request should also be denied because it does not comply with the local rules.

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
2

near the city" clauses to the arbitrator, and the arbitrator must decide their meaning and application. If, after the arbitrator determines how these provisions should be interpreted, the parties believe that the arbitration is not structured in a way that complies with that interpretation, it may be proper move to enjoin the arbitration at that stage. However, such is not the case here.

In sum, the Court cannot reconsider its order on the sole basis which Defendants advance. Accordingly, Defendants' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: April 17, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION
3