UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>HP INC., et al.,<br>　　　　Defendants. | Case No. 5:16-cv-04775-EJD<br><br>**ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF**<br><br>Re: Dkt. No. 346 |

On August 18, 2016, Plaintiffs filed a putative class action alleging that Defendants violated the Age Discrimination in Employment Act ("ADEA"), California Fair Employment and Housing Act ("FEHA"), and other California laws. Complaint ¶ 4, Dkt. 1. Bryant Fonseca ("Fonseca") seeks to intervene in this action. Notice and Motion for Intervention as Plaintiff and Memorandum of Points and Authorities ("Mot."), Dkt. 346. Both Plaintiffs and Defendants oppose Fonseca's motion to intervene. The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the Parties' papers, Fonseca's motion to intervene is **DENIED**.

**I.　BACKGROUND**

　　**A.　Factual Background**

In October 2013, HP's Chief Executive Officer ("CEO") Meg Whitman stated during a Securities Analyst Meeting that HP planned to "recalibrate and reshape" the workforce by "replacing" existing workers with "a whole host of young people." Second Amended Complaint ("SAC") ¶ 3, Dkt. 168; *see also* Declaration of Erik A. Dos Santos in Support of Motion for Intervention of Plaintiff ("Santos Decl."), Ex. A (First Amended Complaint in *Fonseca* Action)

¶ 22, Dkt. 346-1. Plaintiffs filed this action alleging that HP's Workforce Reduction Plan ("WFR") caused age discrimination in violation of the ADEA, FEHA, and other California laws. *See* SAC ¶¶ 162–94. Plaintiffs' original Complaint and the operative pleading, the SAC, both plead facts arguing that Defendants are liable under disparate treatment and disparate impact (two commonly accepted age discrimination theories). *Id.* ¶¶ 146, 152, 160, 170–71.

On May 8, 2017, Fonseca was terminated from his employment with HP pursuant to the WFR. Santos Decl., Ex. A at ¶ 42. On November 29, 2017, Fonseca filed an action against Defendants Hewlett-Packard Company, HP, Inc., and HP Enterprise Services, LLC, in which he alleged, similar to Plaintiffs, that Defendants violated FEHA, ADEA, and other California laws. *See* Santos Decl. ¶ 2; *Id.*, Ex. A. On January 12, 2018, Defendants removed the Fonseca action to federal court. *Id.* ¶ 13. On September 5, 2018, the federal court remanded Fonseca's action. *Id.* ¶ 16. Defendants filed a motion to stay the *Fonseca* action pending the final resolution of this action. Declaration of Richard W. Black in Support of Defendants' Opposition ("Black Decl.") ¶ 9, Dkt. 348-1. On April 12, 2019, the state court stayed the age discrimination claims because of the "clear overlap" between Fonseca's action and this case. *Id.*, Ex. 7 at 4. The *Fonseca* action includes antitrust claims, which are currently being litigated in federal court, and are irrelevant to this action. Mot. at 4 n.1.

### B. Procedural History

From April 22 to July 20, 2019, Fonseca states that his counsel met and conferred with Forsyth's counsel about mediations and possible intervention. Declaration of Tyler J. Belong in Support of Motion for Intervention as Plaintiff ("Belong Decl.") ¶¶ 3–7. On July 23, 2019, Fonseca filed his Motion to Intervene. On November 18, 2019, Defendants filed their Opposition. Defendants' Opposition to Bryant Fonseca's Motion for Intervention as Plaintiff ("D Opp."), Dkt. 348. Plaintiffs also filed an Opposition on November 18, 2019. Plaintiffs' Response to Fonseca Motion for Intervention ("P Opp."), Dkt. 349. On November 26, 2019, Fonseca filed two Reply briefs: (1) Proposed Intervenor's Reply to Defendants' Opposition to Motion to Intervene ("D Reply"), Dkt. 351 and (2) Proposed Intervenor's Reply to Plaintiffs' Response to Motion to

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
2

Intervention ("P Reply"), Dkt. 352.

## II. LEGAL STANDARD

A court must permit a nonparty to intervene in a pending lawsuit and gain party status if a federal statute confers an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1). Where, as here, the nonparty does not claim a right to intervene by a federal statute, the party must show that:

> (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted); *see also* Fed. R. Civ. P. 24(a)(2); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are guided primarily by practical considerations.'" (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986))).

If a party cannot meet the standard to intervene as of right, the Court may still allow permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B) (allowing intervention if the party has a claim or defense that shares with the main action a common question of law or fact). An applicant who seeks permissive intervention must prove that it meets three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412. Even if an applicant satisfies those threshold requirements, the court retains discretion to deny intervention. *See Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court . . . .").

## III. DISCUSSION

Fonseca argues that the Court must permit intervention under Rule 24(a)(2) because his action has theories of liability not addressed in the *Forsyth* action. Mot. at 9. Specifically, he argues that his "failure to prevent discrimination" claim is not represented as it is not pled in the *Forsyth* SAC. In the alternative, he argues that Rule 24(b)(1)(B) supports the Court using its

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
3

discretion to permit intervention. The Court addresses each in turn.

## A. Intervention of Right

As noted, to show a right to intervene, a party must show it has (1) a significant protectable interest, (2) which may be impaired or impeded, (3) the application is timely, and (4) lack of adequate representation by the existing parties. "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### 1. Adequate Representation

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment). The court, however, may deny intervention if it finds that the existing parties already adequately represent the absentee's interest. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Generally, the burden on a proposed intervenor in showing inadequate representation is minimal; it is satisfied if they can demonstrate that representation of their interests "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 & n.10 (1972).

Courts consider three factors in determining the adequacy of representation:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki*, 324 F.3d at 1086.

The most important factor is "how the interest compares with the interests of the existing parties." *Id.* (quoting 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1909, at 318 (1986)). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
4

representation arises." *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). If the proposed intervenor has an identical interest to the present party, a compelling showing is required to show inadequate representation. *Id.*; *see also* 7C WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 1909 (3d ed. 2019) ("The rule is that representation is adequate if no collusion is shown between the representative and an opposing party, if the representative does not have or represent and interest adverse to the proposed intervenor and if the representative does not fail in the fulfillment of his duty."). "A typical example [of adequate representation] is a class action, in which all of the members of the class have precisely the same interest." 7C WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 1909 (3d ed. 2019). Where parties share the same ultimate objective, a "mere difference of opinion concerning the tactics with which the litigation should be handled" does not render representation inadequate. *Id.*; *see also Arakaki*, 324 F.3d at 1086.

Fonseca and Plaintiffs "share the same common goal—obtain justice for HP's employees over 40 years of age that were allegedly unlawfully terminated." Mot. at 9; *see also* P Opp. at 3 ("Failure to prevent age discrimination is the very core of Plaintiffs' disparate impact claims." (citing SAC ¶¶ 15, 50–59, 62–64, 72–75, 174–84)). The *Forsyth* action defines a "California class" of persons "aged 40 and older who had their employment terminated by an HP Entity in California pursuant to a WFR Plan on or after August 18, 2012" in violation of FEHA. SAC ¶ 146. Plaintiffs argue that common questions of law and fact exist among this class, including: (1) whether Defendants "engaged in a pattern and practice of age discrimination" and (2) whether Defendants "willfully and intentionally discriminated against the California Class because of their age." SAC ¶ 146(d), (f). Fonseca concedes that he fits within this class. Mot. at 10. Hence, Plaintiffs argue that because Fonseca and Plaintiffs are "members of [a] class [with] precisely the same interest," a presumption of adequacy applies. *Arakaki*, 324 F.3d at 1086; 7C WRIGHT, MILLER, & KANE, FEDERAL PRACTICE & PROCEDURE § 1909 (3d ed. 2019).

Fonseca argues that a presumption of adequacy does not apply because such a presumption only arises "[i]f the applicant's interest is identical to that of one of the present parties." P Reply

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
5

at 6 (quoting *Arakaki*, 324 F.3d at 1086) (emphasis omitted). He argues his interest in *Forsyth* is different because he intends to advance a new cause of action, failure to prevent discrimination, and has a different litigation strategy from Plaintiffs. *Id.* at 6.

Fonseca misreads *Arakaki*. *Arakaki* states that when comparing the present party and the intervenor's interests, the court should look to whether the parties have the same *ultimate* objective. The standard is not whether the intervenor and present party share identical claims. *See* 324 F.3d at 1086 ("When an applicant for intervention and an existing party have the same *ultimate objective*, a presumption of adequacy of representation arises." (emphasis added)). Under the language of *Arakaki*, district courts should look at the ultimate purpose of the litigation, *i.e.*, what goals is the present party trying to achieve by litigating the action. For instance, in *Travis v. Navient Corp.*, the court broadly construed the "identity of interests" between the intervenor and present party by looking to what each sought to achieve through the litigation. 284 F. Supp. 3d 335, 346 (E.D.N.Y. 2018) ("Here, plaintiff and proposed intervenors share an identity of interest in that both seek to hold [Defendant] accountable for allegedly steering borrowers towards forbearance. Thus, there is a presumption that Travis will adequately protect proposed intervenors' interests."); *cf. Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) (holding "ultimate objectives" were fundamentally different because the proposed intervenors sought a much broader resolution than the present party). Here, as in *Travis*, Fonseca and Plaintiffs share the same objective—both want to hold Defendants accountable for discriminating against Plaintiffs and the putative class. Accordingly, unlike in *Citizens for Balanced Use*, Fonseca and Plaintiffs both seek the same litigation outcome. Thus, because Plaintiffs and Fonseca's ultimate objective is the same, a presumption of adequacy applies, and Fonseca must make a compelling showing that his interests are not adequately represented. *Arakaki*, 324 F.3d at 1086.

First, Fonseca argues that Plaintiffs' failure to precisely plead the "failure to prevent discrimination" claim makes a compelling showing of inadequate representation. P Reply at 7. Second, Fonseca contends that Plaintiffs' failure to amend their complaint to add this theory and

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
6

their "patent unwillingness to advance [the] claim[]" shows inadequacy. P Reply at 9. Finally, Fonseca argues that Plaintiffs' litigation strategy, specifically the two-year stay, shows inadequate representation. P Reply at 9. He argues that this rebuts the presumption of adequacy because there is no reason to believe Plaintiffs are "capable of and willing to make all of the intervenors' arguments." P Reply at 9 (quoting *Citizens for Balanced Use*, 647 F.3d at 901.

Fonseca's reliance on *Citizens for Balanced Use* is misplaced. There, the Montana Wilderness Association ("MWA") sought to intervene in the Forest Service's case against Citizens for Balanced Use ("CBU"). 647 F.3d at 896. CBU opposed the intervention. *Id.* The Forest Service and MWA's interest was aligned, but barely. *Id.* at 899. The Forest Service was only acting in accordance with MWA's interest due to an Interim Order, which forced it to act in a way that was favorable to MWA's interest. *Id.* The Forest Service was trying to overturn that Interim Order on appeal. *Id.* The Ninth Circuit found that this was a "compelling" showing of inadequate representation and that the presumption of adequacy was overcome. *Id.* Based on MWA and the Forest Service's clear adversity and misalignment of interests, the Ninth Circuit held that MWA had a right to intervene because it was unclear if the Forest Service would make or would be capable of making arguments in MWA's favor. *Id.*

In contrast, here, Fonseca and Plaintiffs' interests are exactly aligned. They all are former HP employees who were terminated and allegedly discriminated against based on age. Indeed, this is why Fonseca fits within Plaintiffs' proposed class and why Plaintiffs "are capable and willing to make arguments necessary to advance [the failure to prevent discrimination] claim." P Opp. at 5; *cf. Citizens for Balanced Use*, 647 F.3d at 900. Moreover, the failure to prevent discrimination claim is not "missing." Rather, it is subsumed within Plaintiffs' pleadings because failure to prevent discrimination claims are derivative of FEHA discrimination claims. *See Ravel v. Hewlett-Packard Enterprise, Inc.*, 228 F. Supp. 3d 1086, 1098 (E.D. Cal. 2017) ("Courts have interpreted 'a failure to prevent discrimination claim [to be] essentially derivative of a [FEHA] discrimination claim." (alteration in original) (quotation marks and citation omitted); *Trujillo v. N. Cty. Transit Dist.*, 73 Cal. Rptr. 2d 596, 602 (Ct. App. 1998) (holding no failure to prevent

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
7

discrimination claim can exist without a FEHA discrimination claim); *see also Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) ("[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory." (alteration in original) (quotation marks and citation omitted)).

Finally, Fonseca's disagreement with Plaintiffs' litigation strategies and the pace of the case does not justify intervention. "[D]ifferences in litigation strategy," "are not enough to justify intervention as a matter of right." *Cal. ex rel. Lockyer*, 450 F.3d at 444. Evidence that the proposed intervenor and the present party have "different views of the facts, the applicable law, or the likelihood of success of a particular litigation strategy is insufficient to rebut the presumption of adequate representation." *Travis*, 284 F. Supp. 3d at 346 (quotation marks and citations omitted). Hence, disagreements about whether to bring a failure to prevent discrimination claim or the pace of litigation do not present a "compelling showing" of inadequate representation.

Accordingly, for these reasons, the Court holds that Fonseca has not overcome his compelling burden to demonstrate that Plaintiffs do not adequately represent his interests. *Arakaki*, 324 F.3d at 1088. The Court thus **DENIES** Fonseca's motion to intervene as of right.[1]

### B. Permissive Intervention

In the alternative, Fonseca moves for permissive intervention pursuant to Rule 24(b). Mot. at 10. A court may grant permissive intervention when the applicant for intervention shows (1) independent grounds for jurisdiction, (2) that the motion is timely, and (3) a common question of law or fact with the applicant's claim or defense and the main action. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996).

Fonseca seems to ground his claim for jurisdiction in federal-question jurisdiction. *See* D Reply at 8. As noted in the factual background, Fonseca originally filed his claim in state court. *See supra* I.A. Fonseca's complaint, thus, lacks any discussion of why this court (or any federal court) would have jurisdiction. *See* Santos Decl., Ex. A at ¶ 11 (discussing the California Superior

---

[1] The Court does not reach any timeliness, protectability of interest, or impairment arguments. *Proposition 8 Official Proponents*, 587 F.3d at 950.

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
8

Court's basis for jurisdiction). Fonseca's complaint thus fails to show independent grounds for jurisdiction.

Fonseca argues that his antitrust claims, which are pending in federal court, form the basis of jurisdiction for intervention in the *Forsyth* action. But, by his own admission, these antitrust claims are irrelevant to the *Forsyth* action. Mot. at 4 n.1. Fonseca only seeks to intervene to assert California state law age discrimination claims. The Court is unclear how antitrust claims, which are distinct from the issues in this action, support jurisdiction. Indeed, Fonseca provides no precedent supporting the "independent grounds for jurisdiction" on claims unrelated to the alleged reason for intervention. Such an approach seems inconsistent with the requirement that an "independent" basis for jurisdiction be established and with the constraints on jurisdiction present 28 U.S.C. § 1367. Accordingly, in its discretion, the Court **DENIES** Fonseca's motion for permissive intervention. *See Orange Cty.*, 799 F.2d at 539 ("Permissive intervention is committed to the broad discretion of the district court . . . .").

### IV. CONCLUSION

For the foregoing reasons, Fonseca's request to intervene is **DENIED.**

**IT IS SO ORDERED.**

Dated: January 7, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04775-EJD
ORDER DENYING BRYANT FONSECA'S MOTION TO INTERVENE AS A PLAINTIFF
9