UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HP INC., et al.,<br><br>　　　　Defendants. | Case No. 5:16-cv-04775-EJD<br><br>**ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF**<br><br>Re: Dkt. No. 384 |

On August 18, 2016, Plaintiffs filed a putative class action alleging that Defendants violated the Age Discrimination in Employment Act ("ADEA"), California Fair Employment and Housing Act ("FEHA"), and other California laws. Complaint ¶ 4, Dkt. 1. Daniel Cochran ("Cochran") seeks to intervene in this action. Notice and Motion for Intervention as Plaintiff and Memorandum of Points and Authorities in Support Thereof ("Mot."), Dkt. 384. Both Plaintiffs and Defendants oppose Cochran's motion to intervene. Having considered the Parties' papers, the Court **DENIES** Cochran's motion to intervene.[1]

## I. BACKGROUND

### A. Factual Background

In October 2013, HP's Chief Executive Officer ("CEO") Meg Whitman stated during a Securities Analyst Meeting that HP planned to "recalibrate and reshape" the workforce by "replacing" existing workers with "a whole host of young people." Plaintiffs filed this action alleging that HP's Workforce Reduction Plan ("WFR") caused age discrimination in violation of

---

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b) and General Order 72-5, this Court found this motion suitable for consideration without oral argument. *See* Dkt. 396.

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF
1

the ADEA, FEHA, and other California laws. Plaintiffs' original Complaint and the operative pleading, the Fourth Amended Complaint, both plead facts showing that Defendants are liable under disparate treatment and disparate impact (two commonly accepted age discrimination theories).

On May 1, 2020, Cochran filed a complaint in the District of Colorado alleging ADEA and Colorado state-law age discrimination claims in connection with the WFR. Cochran's Colorado action alleges claims under the ADEA, Colorado Fair Employment Practice Act ("CFEPA"), and a Colorado state-law claim for wrongful termination. On May 21, 2020, Cochran filed an amended complaint, which added a Colorado Consumer Protection Act ("CCPA") claim. The amended complaint includes two putative classes: a Nationwide Class and a Colorado Class. The Nationwide Class comprises: "All current, former, or prospective employees who worked for HP in the United States between May 1, 2016 and present who were at least 40 years old at the time HP selected them for termination under HP's Workforce Reduction Plan." The Colorado Class comprises: "All current, former, or prospective employees who worked for HP in the State of Colorado between May 1, 2016 and present who were at least 40 years old at the time HP selected them for termination under HP's Workforce Reduction Plan."

### B. Procedural History

On June 12, 2020, Cochran filed his motion to intervene. *See* Mot. As noted, both Plaintiffs and Defendants oppose Cochran's request to intervene. Defendants' Opposition to Cochran's Motion for Intervention ("D Opp."), Dkt. 385; Plaintiffs' Opposition to Cochran's Motion for Intervention ("P Opp."), Dkt. 386. On July 2, 2020, Cochran filed replies to Plaintiffs' and Defendants' oppositions. *See* Reply to Defendants' Opposition to Motion for Intervention ("Reply re D Opp."), Dkt. 388; Reply to Plaintiffs' Opposition to Motion for Intervention ("Reply re P Opp."), Dkt. 387.

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF
2

## II. LEGAL STANDARD

A court must permit a nonparty to intervene in a pending lawsuit and gain party status if a federal statute confers an unconditional right to intervene. Fed. R. Civ. P. 24(a)(1). Where, as here, the nonparty does not claim a right to intervene by a federal statute, the party must show that:

> (1) it has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citation and quotation marks omitted); *see also* Fed. R. Civ. P. 24(a)(2); *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391 (9th Cir. 1992) ("Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors and 'we are guided primarily by practical considerations.'" (quoting *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986))). "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

If a party cannot meet the standard to intervene as of right, the Court may still allow permissive intervention. *See* Fed. R. Civ. P. 24(b)(1)(B) (allowing intervention if the party has a claim or defense that shares with the main action a common question of law or fact). An applicant who seeks permissive intervention must prove that it meets three threshold requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412. Even if an applicant satisfies those threshold requirements, the court retains discretion to deny intervention. *See Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court . . . .").

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF
3

### III. DISCUSSION

#### A. Intervention of Right

The Court first considers whether Cochran meets the standard to intervene as of right. Cochran does not claim a right to intervene by a federal statute. Therefore, he must show that:

> (1) [he] has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*Donnelly*, 159 F.3d at 409 (citation and quotation marks omitted). Failure to meet any one of the four requirements disqualifies Cochran from intervening as of right. *See Perry* 587 F.3d at 950.

Both Plaintiffs and Defendants contend Cochran has not met the second factor. That, is, they argue that the disposition of this action will not, as a practical matter, impair or impede Cochran's ability to protect his interests in his Colorado action. P Opp. 3-4; D Opp. 10-15. The Court agrees. Cochran is not a member of the state classes pled in the Fourth Amended Complaint, and he retains the right to opt out of the nationwide class.[2] *See* Dkt. 391 at ¶¶ 114, 115 (alleging only a California class); *Bergman v. Thelen LLP*, 2009 WL 1308019, at *5–6 (N.D. Cal. May 11, 2009) (finding that the proposed intervenors' ability to protect their interests was not impaired because they could opt out to assert their claims separately) (citing *Glass v. UBS Financial Services*, 2007 WL 474836, at *7–8 (N.D. Cal. Jan. 17, 2007)); *see also Cotter v. Lyft, Inc.*, 2016 WL 3654454, at *2–3 (N.D. Cal. June 28, 2016) ("The *Zamora* plaintiffs' ability to protect their interest in the claims released by the *Cotter* action will not be impaired by the *Cotter* settlement, because the *Zamora* plaintiffs may file formal objections and appear at the final approval hearing, or opt out of the *Cotter* settlement and continue to pursue their claims

---

[2] Plaintiffs' nationwide class adequately represents Cochran because Plaintiffs and Cochran's share the same "ultimate objective" of addressing age discrimination grievances. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) ("If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises.").

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF
4

against Lyft if they wish.").

First, Cochran's Colorado claims are unaffected *Forsyth*. *See* P Opp. 3; D Opp. 10-13. There is no relationship between Plaintiffs' California claims and Cochran's Colorado claims. Cochran himself acknowledges that his proposed Colorado class "has never been—and will never be—represented in *Forsyth*." Mot. 9. Cochran puts forth "three separate and distinct Colorado claims against HP that will not and cannot be pursued in the *Forsyth* Action." *Id.* (emphasis omitted). Thus, the *Forsyth* action will never impair or impede Cochran's ability to protect his Colorado claims. *See Donnelly*, 159 F.3d at 409

Second, while Cochran acknowledges that he may opt-out of the nationwide *Forsyth* class, he still asserts that his ability to pursue his claims may be impaired by any settlement agreement between Plaintiffs and Defendants. Mot. 10-11. The Court is not convinced. No settlement agreement has been proposed. Further, the speculative settlement agreement does not rise to the level of concreteness necessary to demonstrate that the disposition of this action would impair Cochran's interests. *See Fisher v. Arizona*, 594 Fed. App'x 917, 919 (9th Cir. 2014) (finding that the state could not intervene as of right because their alleged protectable interest was too speculative) (citing *City of Emeryville v. Robinson*, 621 F.3d 1251, 1259 (9th Cir. 2010)). Even if Cochran's predictions come to fruition, he may still protect his interests by objecting to any settlement. *See, e.g.*, *Raquedan v. Centerplate of Del., Inc.*, 376 F. Supp. 3d 1038 (N.D. Cal. 2019) (reasoning that a settlement would not impair the putative intervenor's interest because she could opt out or object to it).

Cochran thus fails to satisfy the second factor and the Court **DENIES** his motion to intervene as of right.[3] No further analysis of the other requirements is necessary. *See Perry* 587 F.3d at 950.

---

[3] As discussed below, this action is already forty-eight months underway. While the Court does not base its analysis on timeliness, the Court remains concerned about timeliness because Cochran's intervention would likely further delay proceedings. *See infra* III.B.

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF
5

**B. Permissive Intervention**

In the alternative, Cochran moves for permissive intervention pursuant to Rule 24(b). Mot. at 17. A court may grant permissive intervention when the applicant for intervention shows (1) independent grounds for jurisdiction, (2) that the motion is timely, and (3) a common question of law or fact with the applicant's claim or defense and the main action. *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). As Cochran acknowledges, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); Mot. 17.

Cochran claims that his motion is timely because the action "is still in its infancy," as no expert designations have been made, no classes have been certified, and more time has been devoted to mediations than active litigation. Mot. 16. The Court disagrees. In fact, this action has been underway for forty-eight months. As Cochran notes, a great deal of time has been dedicated to mandatory pre-arbitration mediations for each individual who signed a Release Agreement ("RA"). *See* Mot. 16. If permitted to intervene, Cochran's claims would introduce more individuals to this action who are subject to the same RA, and would thus be required to participate in the same process of pre-arbitration mediation. This would inevitably delay proceedings even further. The potential magnitude of such a delay raises serious judicial economy concerns. The Court finds that permitting intervention "would not significantly add to the full development of the underlying factual issues in this case nor the equitable adjudication of the legal questions involved but, instead, would significantly delay the proceedings and prejudice the rights of the original parties here." *See Gallucci v. Boiron, Inc.*, 2012 WL 12864924, at *8 (S.D. Cal. Apr. 25, 2012). Accordingly, in its discretion, the Court **DENIES** Cochran's motion for permissive intervention. *See Orange Cty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court . . . .").

Case No.: 5:16-cv-04775-EJD
ORDER DENYING DANIEL COCHRAN'S MOTION TO INTERVENE AS A PLAINTIFF
6

### C. CONCLUSION

For the foregoing reasons, Cochran's request to intervene is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 21, 2020

EDWARD J. DAVILA
United States District Judge