LISA A. SCHRETER, *pro hac vice*
  lschreter@littler.com
RICHARD W. BLACK, *pro hac vice*
  rblack@littler.com
LITTLER MENDELSON
3424 Peachtree Road NE, Suite 1200
Atlanta, GA 30326
Telephone: 404.233.0330
Facsimile: 404.233.2361

BENJAMIN A. EMMERT, 212157
  bemmert@littler.com
LITTLER MENDELSON
50 West San Fernando Street, 15th Floor
San Jose, CA 95113
Telephone: 408.998.4150
Facsimile: 408.288.5686

SAMUEL LIVERSIDGE, SBN 180578
  sliversidge@gibsondunn.com
CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile:   213.229.7520

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, ARUN VATTURI, DAN WEILAND, SHAFIQ RAHMAN, AND KEVIN M. ALVISO, for and on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. and HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendants. | Case No. 5:16-CV-04775<br><br>**DEFENDANTS' NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS AND/OR TO STRIKE IMPROPER CLASS DEFINITION FROM THE FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     October 15, 2020<br>Time:    9:00 a.m.<br>Judge:   Hon. Edward J. Davila<br>Dept.:    Courtroom 4 (5th Floor)<br><br>Fourth Amended Complaint Filed: July 9, 2020 |

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA. 95113.2303
408.998.4150

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................. 2

II.     PROCEDURAL BACKGROUND .......................................................................... 2

III.    STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4) ...................................... 4

IV.     SUMMARY OF FOURTH AMENDED COMPLAINT AND BACKGROUND ............... 4

        A.      HP Inc., HPE, AND HP CO ..................................................................... 4

        B.      THE NAMED PLAINTIFFS AND THEIR ALLEGATIONS ........................ 4

        C.      Plaintiffs' Multiple Class and Collective Definitions .................................. 6

        D.      DEFENDANTS' EFFORTS TO MEET AND CONFER ABOUT THIS
                MOTION ................................................................................................ 8

V.      STANDARD OF REVIEW ................................................................................... 8

        A.      Motion to Dismiss .................................................................................. 8

        B.      Motion to Strike ..................................................................................... 9

VI.     LEGAL ARGUMENTS ...................................................................................... 10

        A.      The DEFINITIONS OF THE NEWLY PLEADED ADEA CollectiveS and
                CALIFORNIA ClassES must Be Dismissed or Stricken because they are not
                appropriately temporally limited. ........................................................... 10

                1.      Plaintiffs' Proposed ADEA Collectives And FEHA Classes Are
                        Limited By The Dismissal Of The Named Plaintiffs' Charges. .................. 10

                2.      Plaintiffs' Newly Pleaded Rule 23 California State Common Law
                        Classes Are Limited By The Allegations Contained In The FAC. .............. 15

                3.      Plaintiffs Cannot Plausibly Allege Their Collective And Class Periods
                        Extend To The Present Where Their Allegations of Discrimination Are
                        Tied to Meg Whitman And She Is No Longer Employed By Either
                        Defendant. ................................................................................... 16

        B.      Plaintiffs Alviso'S and Vatturi's Fradulent UCL claims AND OTHER
                ALLEGATIONS OF FRAUD fail to state a claim upon which relief may be
                granted ................................................................................................ 17

VII.    CONCLUSION ................................................................................................ 18

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

1

## TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

Allagas v. BP Solar Int'l Inc.,
5  No. C 14-00560 SI, 2014 WL 1618279 (N.D. Cal. Apr. 21, 2014) ............................................ 9

6  Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ...........................................................................................................9, 16

7
   Balistreri v. Pacifica Police Dep't,
8  901 F.2d 696 (9th Cir. 1990) ................................................................................................... 8

9  Bell Atl. Corp. v. Twombly,
10  550 U.S. 544 (2007) ............................................................................................................ 8, 9

11 Brazil v. Dell Inc.,
   585 F. Supp. 2d 1158 (N.D. Cal. 2008) .................................................................................. 10

12
   Bureerong v. Uvawas,
13  922 F. Supp. 1450 (C.D. Cal. 1996) ........................................................................................ 9

14 Church v. Consol. Freightways, Inc.,
   137 F.R.D. 294 (N.D. Cal. 1991) ........................................................................................... 12

15
16 Dixon v. Monterey Fin. Servs., Inc.,
   No. 15-CV-03298-MMC, 2016 WL 3456680 (N.D. Cal. June 24, 2016) ................................. 10

17
18 Donofrio v. IKEA US Retail, LLC,
   2:18-cv-00599-AB, 2019 WL 6910131 (E.D. Pa. Dec. 19, 2019) ............................................ 13

19 Fantasy, Inc. v. Fogerty,
20  984 F.2d 1524 (9th Cir. 1993)................................................................................................... 9

21 Harris v. County of Orange,
   682 F.3d 1126 (9th Cir. 2012) ................................................................................................. 11

22
   Hipp v. Liberty National Life Ins. Co.,
23  252 F.3d 1208 (11th Cir. 2001).................................................................................... 11, 12, 13

24 Horton v. Jackson County Bd. of County Com'rs.,
   343 F. 3d 897 (7th Cir. 2003) ................................................................................................. 11

25
26 Kearns v. Ford Motor Co.,
   567 F.3d 1120 (9th Cir. 2009) ................................................................................................. 17

27
28 Knievel v. ESPN,
   393 F.3d 1068 (9th Cir. 2005) ................................................................................................... 5

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

DEFENDANTS' NOTICE OF MOTION AND MOTION TO PARTIALLY DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

## TABLE OF AUTHORITIES

**Page**

LeDuc v. Kentucky Central Life Ins. Co.,
   814 F. Supp. 820 (N.D. Cal. 1992) ...................................................................................... 9

Lee v. Los Angeles Police Dep't,
   2011 WL 1691940 (C.D. Cal. Mar. 21, 2011) .................................................................... 5

Leonhart v. Nature's Path Foods, Inc.,
   No. 5:13-CV-0492-EJD, 2014 WL 1338161 (N.D. Cal. Mar. 31, 2014) .................................... 10

Marolda v. Symantec Corp.,
   672 F. Supp. 2d 992 (N.D. Cal. 2009) ................................................................................. 5

Mathieu v. Norrell Corp.,
   115 Cal. App. 4th 1174, 10 Cal. Rptr. 3d 52 (2004) ............................................................. 15

Okoli v. Lockheed Tech. Ops.,
   36 Cal. App. 4th 1607 (1995) ........................................................................................... 11

Ong v. Cleland,
   642 F.2d 316 (9th Cir. 1981) ............................................................................................ 13

Oubichon v. North Am. Rockwell Corp.,
   482 F.2d 569 (9th Cir. 1973) ............................................................................................ 13

Rodriguez v. Airborne Express,
   265 F.3d 890 (9th Cir. 2001) ............................................................................................ 11

Rosales v. Citibank, Federal Savings Bank,
   133 F. Supp. 2d 1177 (N.D. Cal. 2001) .............................................................................. 9

Sanders v. Apple Inc.,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ................................................................................ 10

Sandoval v. Ali,
   34 F. Supp. 3d 1031 (N.D. Cal. 2014) ................................................................................ 10

Sheffield v. United Parcel Service, Inc.,
   403 Fed.Appx. 452 (11th Cir. 2010) ............................................................................. 12, 13

Shelton v. Boeing Co.,
   399 F.3d 909 (8th Cir. 2005) ............................................................................................ 11

California ex rel. State Lands Comm'n v. United States,
   512 F. Supp. 36 (N.D. Cal. 1981) ....................................................................................... 9

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

iii.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO PARTIALLY DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

## **TABLE OF AUTHORITIES**

**Page**

Strigliabotti v. Franklin Res., Inc.,
  398 F. Supp. 2d 1094 (N.D. Cal. 2005) ................................................. 8

In re Syntex Corp. Secs. Litig.,
  95 F .3d 922, 936 (9th Cir.1996) ............................................. 15

Vess v. Ciba-Geigy Corp., USA,
  317 F.3d 1097 (9th Cir. 2002) ............................................ 17

Walker v. Mountain States Tel. & Tel. Co.,
  112 F.R.D. 44 (D. Colo. 2001) ................................................ 11

**Statutes**

Age Discrimination in Employment Act ("ADEA") ............................................. *passim*

Cal. Gov't Code § 12960 ........................................................ 11

California Fair Employment and Housing Act ("FEHA") ....................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................9, 16

Fed. R. Civ. P. 8(a) ............................................................ 8

Fed. R. Civ. P. 9(b) ............................................................ 17

Fed. R. Civ. P. 12 ............................................................. 8

Fed. R. Civ. P. 12(b)(6) ...................................................8, 18

Fed. R. Civ. P. 12(d) ........................................................... 5

Fed. R. Civ P. 23 ........................................................... *passim*

L.R. 7-4 ................................................................... 4

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA. 95113.2303
408.998.4150

# NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, October 15, 2020 at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 4 (5th Floor) of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants HP Inc. and Hewlett Packard Enterprise Company ("HPE") ("Defendants") move the Court:

(1) For an Order, pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Civ. P. 12(b)(6), dismissing or striking the class and collective definitions contained in Paragraphs 105, 106, 114 and 115 of the Fourth Amended Complaint ("FAC") because the class and collective definitions are temporally overbroad insofar as they extend beyond the last unlawful act identified in the FAC and are thus unsupported by the allegations in the FAC, and seek relief on behalf of persons terminated (or yet to be terminated) by Defendants after the named Plaintiffs' Right to Sue Notices were issued by the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH") respectively;

(2) For an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiffs' fraudulent Unfair Competition Law ("UCL") claims as stated in Counts 7 and 8 of the FAC, and pursuant to Fed. R. Civ. P. 12(f), striking all allegations of fraud in the FAC.

Defendants' motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the accompanying Declaration of Richard W. Black and accompanying request for judicial notice and exhibits thereto, which is filed and served herewith, as well as the records, pleadings and papers on file in this action, and upon such other matters as may be presented before or at the time of the hearing on this Motion.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

1.
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.     INTRODUCTION**

3       Five former employees laid off as part of planned reductions in workforce in 2015 and 2016

4   by Hewlett-Packard Company, HP Inc., or HPE seek to represent temporally broad collectives and

5   classes of former employees.  They propose Age Discrimination in Employment Act ("ADEA")

6   collective and California state law class definitions that include any employee who was part of a

7   workforce at any of these companies going back as far as to 2012 and extending through the present

8   – and even into the future – claiming that every person age 40 or over who was part of any layoff was

9   selected because of their age. In an effort to support such extensive class definitions, Plaintiffs' FAC

10  vaguely alleges "ongoing" unlawful activity by Defendants.  But, the FAC is clear that the last named

11  Plaintiff was terminated in October 2016.  See FAC ¶¶ 17-21.  Moreover, the last named Plaintiff's

12  EEOC charges were fully dismissed in early 2017.  The ADEA collective periods and California Fair

13  Employment and Housing Act ("FEHA") class periods newly pleaded in the FAC cannot, as a matter

14  of law, extend beyond the dismissal of the representative EEOC and DEFH charges.  Nor can the

15  California state law classes extend beyond the last alleged unlawful activities alleged in the FAC.

16  Plaintiffs' efforts to plead collectives and classes that extend *ad infinitum* beyond these dates and that

17  seek relief on behalf of those who are not proper parties to this litigation cannot be legally supported

18  and should be dismissed or, alternatively, stricken.

19      Moreover, the claims asserted by Plaintiffs Kevin Alviso and Arun Vatturi under California's

20  UCL alleging fraud by Defendants should be immediately dismissed given that the Court has already

21  dismissed an identical claim alleged in Plaintiffs' TAC, and Plaintiffs failed to materially amend their

22  UCL claims in the FAC. [ECF No. 381 at 25-26 ("The TAC does not allege the 'who, what, when,

23  where, and how' of the misconduct charged", but only mentions 'fraud' in passing without specifying

24  the conduct that amounted to fraud.")].  Plaintiffs' re-pleading of this dismissed claim should be

25  rejected and all underlying allegations of fraud in the FAC stricken.

26  **II.    PROCEDURAL BACKGROUND**

27      The initial Complaint in this action was filed in August 2016.  [ECF No. 1].  Over the course

28  of multiple motions to dismiss, to strike, and to compel arbitration, and amendments to the Complaint,

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

2.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

1   the Plaintiffs, the claims, and the putative collectives and classes have changed, evolved and narrowed.

2   The history of these motions, amendments, and dismissals is laid out in greater detail in Defendants'

3   motion to dismiss Plaintiffs' TAC. [See ECF No. 371 at 4].

4       More recently, Plaintiffs' TAC was filed in January 2020 and excluded from the putative

5   ADEA collective and the putative Rule 23 California state law class pleaded in that particular

6   complaint all individuals who had executed Waiver and General Release Agreements ("RAs") at the

7   time of their termination in connection with a Workforce Reduction ("WFR"). [ECF No. 360].

8   Though none of the remaining named or opt-in Plaintiffs executed a RA, named Plaintiff Albert

9   DeVere and 11 opt-in Plaintiffs had, at the start of and/or during their employment, executed other

10   agreements that required each of them to pursue their claims in individual arbitration. Plaintiff DeVere

11   and those 11 opt-ins (Band, Cantu, Chasteen, English, Filaski, Fisher, Gates, Nolan, Smith, Soyk, and

12   Yanagi) subsequently filed a voluntary dismissal without prejudice. [ECF No. 375].

13       Defendants moved to partially dismiss Plaintiffs' TAC in February 2020. [ECF No. 371]. The

14   Court granted in part and denied in part that motion on May 18, 2020. [ECF No. 381]. While the

15   Court denied Defendants' motion to dismiss Plaintiffs' ADEA and FEHA age discrimination claims

16   under a disparate treatment theory, the Court granted Defendants' motion to dismiss claims asserted

17   against HP Inc. by non-HP Inc. employees and claims asserted against HPE by non-HPE employees,

18   and also dismissed Plaintiffs' fraudulent UCL claim and claim for injunctive relief. [Id. at 25-27]. In

19   its May 18 Order, the Court stated that "[b]ecause the Court holds that Plaintiffs have plead a disparate

20   treatment claim, the Court does not reach [Defendants'] disparate impact arguments." [Id. at 15 n.4].

21   The Court granted Plaintiffs leave to amend the TAC. [Id. at 27].

22       Plaintiffs filed their FAC on July 15, 2020. [ECF No. 389.] The FAC includes new collectives

23   and classes, and further makes clear that claims may only be asserted by an individual against the

24   corporate entity by whom he or she was selected for WFR and terminated. [Id. at ¶¶ 105, 106, 114

25   and 115]. The FAC also excluded from the newly pleaded collective and class definitions any

26   individual who signed an arbitration agreement as part of an offer letter or sales compensation

27   agreement. [ECF No. 389 at ¶ 108 n.2.] Plaintiffs also assert two separate UCL claims: one against

28   HPE and the other against HP Inc. Both repeat the very same fraudulent UCL claim that was dismissed

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

3.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

by the Court in its May 18 Order, stating in the FAC that Defendants' alleged discriminatory conduct "constitutes unlawful and/or unfair and/or fraudulent activity prohibited by" the UCL. [*Id.* at ¶¶ 193 & 197]. Moreover, Plaintiffs have continued to alleged fraud elsewhere in the FAC. [*Id.* at ¶¶ 184 & 190 ("[Defendant] discriminated on the basis of age with fraud, oppression and malice.")]. Plaintiffs elected not to re-plead any claim for injunctive relief in the FAC, nor were any additional allegations added to the FAC that might support a fraudulent UCL claim. [*Id., generally*].

## III.   STATEMENT OF ISSUES TO BE DECIDED (L.R. 7-4)

The following issues are raised by this motion:

1.   Whether the collective and class definitions stated in the FAC should be dismissed or stricken to the extent that they extend beyond the date of the last unlawful act identified in the FAC and are thus unsupported by the allegations in the FAC, and seek relief on behalf of an ADEA collective or FEHA class comprised of persons terminated (or yet to be terminated) by Defendants after the named Plaintiffs' Right to Sue Notices were issued by the EEOC and DFEH respectively.

2.   Whether Plaintiffs' fraudulent UCL claims must be dismissed for failing to state a claim under the UCL, and underlying allegations of fraud must be stricken, where the Court previously dismissed the identical claims in the TAC.

## IV.   SUMMARY OF FOURTH AMENDED COMPLAINT AND BACKGROUND

### A.   HP INC., HPE, AND HP CO.

HP Co. reorganized in November 2015. FAC ¶ 2. On November 1, 2015, HP Co. changed its name to HP Inc., and on the same date spun off a new entity, HPE, as an independent and separate publicly traded company. Id. ¶¶ 22–24.

### B.   THE NAMED PLAINTIFFS AND THEIR ALLEGATIONS

Dan Weiland (Texas) alleges he was employed by and subsequently laid off from HP Co. in July 2015. Id. ¶¶ 19, 88, 92. Weiland does not allege an employment relationship with HPE, or any connection to the state of California. See id. ¶¶ 88–94. Weiland filed a charge of age discrimination against HP Co. with the Houston field office of the Equal Employment Opportunity Commission

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

1  ("EEOC") on October 5, 2015.  Id. ¶ 94.[1]  Weiland asserts that he received a Notice of Right to Sue

2  dated August 11, 2016.  Id. ¶ 94.

3      Arun Vatturi (California) alleges he worked for HP Inc. in California, and was laid off by HP

4  Inc. in January 2016.  Id. ¶¶ 18, 81, 85.  Vatturi does not allege he was employed by HPE.  See id. ¶¶

5  81–87.  Vatturi alleges he filed a charge of discrimination with the EEOC on July 5, 2016 and received

6  a Notice of Right to Sue from the EEOC dated August 2, 2016.  Id. ¶ 87.  Vatturi alleges that he filed

7  a charge with the California DFEH on July 5, 2016 and received a Notice of Right to Sue from that

8  agency dated July 6, 2016.  Id. ¶ 87.

9      Donna Forsyth (Washington) alleges she worked for HP Co. and, at the time of her layoff in

10 May 2016, at HPE.  Id. ¶¶ 17, 75, 78.  She does not allege any injury by HP Co. or HP Inc., nor does

11 she allege any connection to the state of California.  See id. ¶¶ 75–80.  Forsyth alleges she filed a

12 charge of discrimination with the EEOC on July 8, 2016 and received a Notice of Right to Sue from

13 the EEOC dated August 2, 2016.  Id. ¶ 80.

14     Shafiq Rahman (Texas) alleges he worked for HP Co. and, at the time of his layoff in July

15 2016, at HPE.  Id. ¶¶ 20, 95, 97.  He does not allege any injury by HP Co. or HP Inc., nor any

16 connection to the state of California.  See id. ¶¶ 95-99.  Rahman alleges he filed a charge of

17 discrimination with the EEOC on September 29, 2016.  Id. ¶ 99.  Though not alleged in the FAC,

18 Rahman received a Notice of Right to Sue from the EEOC dated March 10, 2017.  Black Decl. at Ex.

19 1.[2]

20     Kevin Alviso (California) alleges he worked for HP Co. and, at the time of his layoff in October

---

[1] Courts considering a 12(b)(6) motion generally look only to the pleadings. Fed. R. Civ. P. 12(d). Although not attached to the FAC, the charges and notices of right to sue of the named Plaintiffs are properly considered under the doctrine of incorporation by reference because they are referenced in the FAC, Plaintiffs' claims depend on their contents, and their authenticity is not reasonably disputable. Knievel v. ESPN, 393 F.3d 1068, 1076–77 (9th Cir. 2005); Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 996 (N.D. Cal. 2009). For ease of reference, the named Plaintiffs' EEOC Charges are attached as Exhibits 2-6 to the Declaration of Richard W. Black ("Black Decl.").

[2] The Court may take judicial notice of the absence of public records, such as government agency records showing that a plaintiff was issued a Notice of Right to Sue. See, e.g., Lee v. Los Angeles Police Dep't, 2011 WL 1691940, at *5 (C.D. Cal. Mar. 21, 2011), report and recommendation adopted, 2011 WL 1671937 (C.D. Cal. May 3, 2011). The Court may take judicial notice of the Notice of Right to Sue issued to Plaintiff Rahman by the EEOC dated March 10, 2017. See Exhibit 1.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113 2303
408.998.4150

2016, at HPE in California.  Id. ¶¶ 21, 100, 102.  He does not allege any injury by HP Co. or HP Inc. See id. ¶¶ 100-104.  Alviso alleges he filed a charge of discrimination with the EEOC and California Department of Fair Employment and Housing on December 19, 2016, and that he received a Notice of Right to Sue from each agency on January 18, 2017.  Id. ¶ 104.

No named Plaintiff alleges any sort of employment relationship with HP Inc. or HPE within the last three years.  See id. generally.  In its May 18, 2020 Order on Defendants' motion to dismiss the TAC, the Court observed:

> The last named Plaintiff, Plaintiff Alviso, was terminated in October 2016.  See TAC ¶¶ 16–21.  There are no allegations that the discriminatory conduct either (1) continued after October 2016 or (2) that the discriminatory conduct continued to personally affect Plaintiffs.  Indeed, none of the Plaintiffs' specific allegations involve conduct that occurred after 2017.  See id. ¶ 2 (alleging that Defendants planned to restructure the workforce from 2012 through 2017).

[ECF No. 381 at 27].  Seemingly in response to the Court's observation, the FAC removes reference to Defendants' purported "plans" through 2017, electing instead to vaguely allege ongoing discrimination.  [See ECF No. 389].  Notably, however, the FAC still fails to identify any specific claimed unlawful action taken by HP Inc. after Plaintiff Vatturi's January 2016 termination or by HPE after Plaintiff Alviso's termination in October 2016.  [Id.].  Moreover, Plaintiffs' FAC is clear in tying their allegations to the purported plans of, and as executed by, former HP Co. CEO and, later, HPE CEO Meg Whitman.  [Id. at ¶¶ 3-8].  Plaintiffs concede, however, that following the November 1, 2015 split creating HP Inc. and HPE, Ms. Whitman was not the CEO of HP Inc. and was no longer CEO of HPE after February 1, 2018.  [ECF No. 389 at ¶ 5].  Plaintiffs further concede that Whitman was no longer affiliated with HP Inc. in any capacity as of July 26, 2017 or HPE as of February 1, 2019.  [Id.].

**C.   PLAINTIFFS' MULTIPLE CLASS AND COLLECTIVE DEFINITIONS**

The FAC newly pleads four different collectives and classes, including two nationwide ADEA collectives (one against HP Inc. and another against HPE) and two Rule 23 California state law classes (same).  Each class purports to seek relief in connection with certain employment terminations[3] by HP

---

[3] The FAC excludes from the collectives and classes any employee whose employment was terminated pursuant to a WFR who signed a Release Agreement following termination, or who has signed an

6.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113-2303
408.998.4150

Inc. or HPE pursuant to WFR through the present and potentially into the future. Those classes are described in the FAC as:

105.    Plaintiffs Weiland and Vatturi are representatives of the following class for purposes of the ADEA:

The "HPI Nationwide Class"

All individuals who had their employment terminated by HP, Inc. (including when HP, Inc. was named Hewlett-Packard Company) pursuant to a WFR Plan on or after December 9, 2014 for individuals terminated in deferral states; and on or after April 8, 2015 for individuals terminated in non-deferral states, and who were 40 years or older at the time of such termination.

106.    Plaintiffs Forsyth, Rahman, and Alviso are representatives of the following class for purposes of the ADEA:

The "HPE Nationwide Class"

All individuals who had their employment terminated by Hewlett Packard Enterprise Company pursuant to a WFR Plan on or after November 1, 2015, and who were 40 years or older at the time of such termination.

***

114.    Plaintiff Arun Vatturi also seeks to represent the following class for purposes of his California state law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure:

The "HPI California Class"

All individuals who had their employment terminated by HP, Inc. (including when HP, Inc. was named Hewlett-Packard Company) in California pursuant to a WFR Plan on or after August 18, 2012, and who were 40 years or older at the time of such termination.

115.    Plaintiff Kevin Alviso also seeks to represent the following class for purposes of his California state law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure:

---

arbitration agreement as part of an offer letter or sales compensation agreement. (See ECF No. 389 at ¶ 108, n.1 & 2).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

The "HPE California Class"

All individuals who had their employment terminated by Hewlett Packard Enterprise Company in California pursuant to a WFR Plan on or after November 1, 2015, and who were 40 years or older at the time of such termination.

[ECF No. 291 at ¶¶ 105, 106, 114 & 115].

**D.    DEFENDANTS' EFFORTS TO MEET AND CONFER ABOUT THIS MOTION.**

Though not required by the Local Rules to meet and confer before filing a motion to dismiss and/or motion to strike, Defendants nonetheless contacted Plaintiffs regarding this motion in an effort to avoid the need for motions practice. Counsel for the parties spoke by telephone on multiple occasions and exchanged correspondence between July 31, 2020 and August 18, 2020, regarding this motion. The parties were not able to reach a resolution. *See* Black Decl. at ¶ 2.

**V.    STANDARD OF REVIEW**

**A.    MOTION TO DISMISS**

Fed. R. Civ. P. 8(a) requires that a plaintiff plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. at 558. A complaint that falls short of Fed. R. Civ. P. 8(a)'s standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Indeed, fairness dictates a claim, unsupported by factual allegations establishing a plausible entitlement to the relief requested, should be dismissed before the parties engage in the "costly and protracted discovery phase" to prevent a defendant from being saddled with costs in a lawsuit with no merit. Twombly, 550 U.S. at 555.

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the plaintiff has stated a claim upon which relief may be granted. Strigliabotti v. Franklin Res., Inc., 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005). The Court should grant a motion to dismiss under Fed. R. Civ. P. 12 when a set of facts pled, even if true, would not entitle the plaintiff to relief. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990), as amended (motion to dismiss

8.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113-2303
408.998.4150

1    warranted when there is an "absence of sufficient facts alleged under a cognizable legal theory")

2    (disapproved on other grounds in Twombly, 550 U.S. at 562–63).

3           To survive a motion to dismiss, a Complaint must offer "more than labels and conclusions, and

4    a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

5    Further, while Fed. R. Civ. P. 8's pleading standard "does not require 'detailed factual allegations,' . .

6    . it [certainly] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

7    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Factual allegations

8    must "possess enough heft to 'show that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557.

9    If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his]

10   complaint must be dismissed." Id. at 570.

11          **B.     MOTION TO STRIKE**

12          Pursuant to Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading ...

13   any redundant, immaterial, impertinent, or scandalous matter." Such a motion should be granted when

14   the allegations, like those made here by Plaintiffs, "could have no possible bearing on the subject

15   matter of the litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal.

16   1992). At its core, the essential function of a motion to strike is, "to avoid the expenditure of time and

17   money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

18   Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, Fogerty v.

19   Fantasy, Inc., 510 U.S. 517 (1994). Put differently, "when the motion may have the effect of making

20   the trial of the action less complicated, or . . . streamlining the ultimate resolution of the action, the

21   motion to strike will be well taken." California ex rel. State Lands Comm'n v. United States, 512 F.

22   Supp. 36, 38 (N.D. Cal. 1981). For instance, a motion to strike is properly granted where the plaintiff

23   seeks a form of relief that is not available as a matter of law. Rosales v. Citibank, Federal Savings

24   Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); Bureerong v. Uvawas, 922 F. Supp. 1450, 1479

25   n. 34 (C.D. Cal. 1996).

26          A motion to strike class allegations may be properly considered at the initial stages of litigation.

27   See Allagas v. BP Solar Int'l Inc., No. C 14-00560 SI, 2014 WL 1618279, at *3 (N.D. Cal. Apr. 21,

28   2014) ("A defendant may move to strike class actions prior to discovery where the complaint

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113-2303
408.998.4150

9.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

demonstrates a class action cannot be maintained on the facts alleged therein."); see also Leonhart v. Nature's Path Foods, Inc., No. 5:13-CV-0492-EJD, 2014 WL 1338161, at *9 (N.D. Cal. Mar. 31, 2014) (considering motion to strike and motion to dismiss putative class action conjointly, but ultimately ordering dismissal). An improperly identified or overbroad proposed class are reasons for striking inappropriate class definitions. See Sanders v. Apple Inc., 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class action allegations where the proposed class was too broad and including individuals without standing and where individual issues were anticipated to predominate the litigation); see also Sandoval v. Ali, 34 F. Supp. 3d 1031, 1043-1044 (N.D. Cal. 2014) (striking the class action allegations of the complaint due to the breadth of the proposed class, which the court found was inconsistent with the plaintiff's theory of the case); Dixon v. Monterey Fin. Servs., Inc., No. 15-CV-03298-MMC, 2016 WL 3456680, at *5 (N.D. Cal. June 24, 2016) (court struck class allegations and rejected plaintiff's argument that the issue should be addressed in context of class certification); see also Brazil v. Dell Inc., 585 F. Supp. 2d 1158, 1166-1167 (N.D. Cal. 2008).

Here, at their broadest, Plaintiffs' Rule 23 California state law class definitions purport to span almost eight years and counting, and their ADEA collective definitions over five years and counting. Such temporally unbounded class and collective definitions are not supported by the FAC's allegations or applicable law.

## VI.   LEGAL ARGUMENTS

### A.   THE DEFINITIONS OF THE NEWLY PLEADED ADEA COLLECTIVES AND CALIFORNIA CLASSES MUST BE DISMISSED OR STRICKEN BECAUSE THEY ARE NOT APPROPRIATELY TEMPORALLY LIMITED.

Plaintiffs seek to include in their newly pleaded ADEA collectives and Rule 23 California state law classes individuals who have been terminated – or who have yet to be terminated – by Defendants pursuant to a workforce reduction through some yet to be defined future date. The extremely broad and ongoing temporal periods stated in the collectives and classes are not supported by the allegations in the FAC. The collective and class definitions as stated must therefore be dismissed or stricken.

#### 1.   Plaintiffs' Proposed ADEA Collectives And FEHA Classes Are Limited By The Dismissal Of The Named Plaintiffs' Charges.

In order to proceed with an ADEA or FEHA cause of action, a claimant must timely exhaust

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

10.
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

administrative remedies by filing a charge of discrimination with the appropriate administrative agency. See Shelton v. Boeing Co., 399 F.3d 909, 912 (8th Cir. 2005) (citation omitted); Cal. Gov't Code § 12960; Okoli v. Lockheed Tech. Ops., 36 Cal. App. 4th 1607, 1612-13 (1995) ("[E]xhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts."). The scope of a plaintiff's administrative charge "defines the permissible scope of the subsequent civil action." Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001). Not all members of a class or collective must file their own EEOC charge, however. The single-filing rule provides a judicially-created exception to the statutory requirement that before an individual may file suit in court, he or she must first exhaust his or her administrative remedies by filing and EEOC charge. See Horton v. Jackson County Bd. of County Com'rs., 343 F. 3d 897, 899 (7th Cir. 2003); Harris v. County of Orange, 682 F.3d 1126 (9th Cir. 2012) (confirming application of single-filing rule to FEHA claims). Applying the single-filing rule to determine the forward looking scope of a class or collective, it has been held that "[a] named plaintiff in a section 216(b) class action may represent only those similarly situated individuals who either have filed timely charges with the EEOC or who could have filed a timely charge on the same date as the named plaintiff." Walker v. Mountain States Tel. & Tel. Co., 112 F.R.D. 44, 47 (D. Colo. 2001).

The FAC vaguely asserts that Defendants' purported age discrimination through WFR activity is part of an "ongoing" plan. The FAC does not allege, however, any facts that could establish any allegedly ongoing unlawful acts by HP Inc. following Plaintiff Vatturi's termination in January 2016 or by HPE following Plaintiff Alviso's termination in October 2016. [See ECF No. 389]. Plaintiffs' proposed ADEA collectives and FEHA classes are limited by these allegations, as well as by the named Plaintiffs' underlying EEOC and DFEH charges. These agencies dismissed the named Plaintiffs' charges and issued Notices of Right to Sue years ago, with the last named HP Inc. and HPE Plaintiffs receiving such Notice of Rights in early 2017. These charges and their subsequent dismissals effectively terminated any further possible extension of the collective and class periods for Plaintiffs' ADEA collectives and potential state law FEHA classes. See Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208, 1225 (11th Cir. 2001) (noting that "the forward scope of an opt-in class ends on the date the representative charge is filed.").

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

11.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

In <u>Hipp</u>, the Eleventh Circuit Court of Appeals considered whether to expand the forward scope of an ADEA collective beyond the filing of the named plaintiff's EEOC charge where the plaintiffs alleged ongoing discrimination, and concluded that such a forward expansion would not be appropriate. In so deciding, the Court examined the representative charge, which alleged:

> I believe [the defendants] have violated my rights, as well as the rights of both older workers and applicants. ... [The defendants] have implemented a uniform practice and policy of age discrimination by forcing older employees to retire, take demotions, terminating them, and/or subjecting them to continued harassment, abuse, and discriminatory policies and practices.... I file these charges on behalf of myself and all others similarly situated."

<u>Hipp</u>, 252 F.3d at 1242 n.64. These allegations were confirmed to be insufficient to warrant application of the theoretical forward-looking exception considered in <u>Hipp</u>. In reaching this conclusion, the Eleventh Circuit considered <u>Church v. Consol. Freightways, Inc.</u>, 137 F.R.D. 294, 309 (N.D. Cal. 1991), and expressly rejected the notion that merely alleging a single broad plan of discrimination is sufficient to expand the forward scope of an ADEA collective beyond the date that the representative charge is filed.

Following <u>Hipp</u>, the Eleventh Circuit reviewed this issue again in <u>Sheffield v. United Parcel Service, Inc.</u>, 403 Fed.Appx. 452, 455 (11th Cir. 2010), upon consideration of the district court's dismissal of the plaintiff's claim on a motion to dismiss. The Court noted that in <u>Hipp</u>, it had "discussed, but declined to adopt, a 'continuing violation theory' with regard to the forward scope of the single filing rule." The <u>Sheffield</u> Court likewise refused to adopt a theory that would permit a forward-looking expansion of the charge period, noting that the charge on which the plaintiffs in that matter sought to rely had not alleged a continuing concrete policy that is illegal. <u>Id</u>. at 456 n.4. Critical to the instant action, the charge upon which Sheffield sought to piggyback states that "[Charging party] asserts that a current pattern and practice of disparately favoring younger managers and females in [UPS's] workplace exist[s] in the making of [UPS's] personnel decisions." <u>Id</u>. The Eleventh Circuit found that this allegation does not come close to identifying a "continuing, concrete policy that is illegal." <u>Id</u>. The Ninth Circuit has not directly addressed this issue, and this Court should adopt the well-reasoned analysis set forth in <u>Hipp</u>.

The vague statements contained in the named Plaintiffs' EEOC Charges here are no more

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

specific than those in <u>Hipp</u> and <u>Sheffield</u> found to be insufficient to create a forward-looking expansion of the collective period.  Indeed, the named Plaintiffs' EEOC Charges allege that HP Co., HPE and HP Inc. have "engaged in a pattern of systemic age discrimination" that they claim has "disproportionately affected older workers age 40 and older and have been made on the basis of age" or "targeted for termination because of their age."  None of the EEOC Charges identify or challenge a "well-defined plan" or "continuing, concrete policy that is illegal," and none provide a basis to make new law and expand the class or collective periods for their age discrimination claims beyond the filing of the named Plaintiffs' EEOC or DEFH charges.  <u>See</u> Plaintiffs' Charges of Discrimination, attached as Exhibits 2-5 to the Black Decl.

While new acts that occur after a plaintiff's EEOC charge is filed but that are related to the underlying charge may generally still be considered exhausted by a pending EEOC charge, only acts that occur prior to the EEOC's dismissal of the charge may be considered exhausted under this possible exception to the general rule.  <u>See Ong v. Cleland</u>, 642 F.2d 316, 318 (9th Cir. 1981) (finding complaint may encompass any discrimination "like or reasonably related" to the charge allegations, "including new acts occurring *during the pendency of the charge before the (administrative agency*") (emphasis added); <u>Oubichon v. North Am. Rockwell Corp.</u>, 482 F.2d 569, 571 (9th Cir. 1973) (noting same standard applies to cases first filed with state agencies); see also <u>Donofrio v. IKEA US Retail, LLC</u>, 2:18-cv-00599-AB, 2019 WL 6910131, *2 -4 (E.D. Pa. Dec. 19, 2019) (citing and quoting <u>Robinson v. Dalton</u>, 107 F.3d 1018, 1025-26 (3d Cir. 1997)) (discussing new-acts exception that excuses charging party from filing further EEOC charges based on related "new acts which occurred during the pendency of proceedings before the Commission" and refusing to find that new acts exception extends – even for related acts – beyond the EEOC's dismissal of the charge, and certainly not to conditional certification).

Defendants do not concede that the "new acts" exception will apply to extend the proposed ADEA collective or California class periods here; rather, Defendants concede only that the application of the "new acts" exception to the period between the filing of the representative charges and their dismissal is an issue on which discovery might be appropriate.  Irrespective of the potential applicability of the new acts exception, however, the FAC provides no basis under which the Plaintiffs'

13.

age discrimination collectives or classes could extend beyond the date of dismissal of the named Plaintiffs' EEOC and DEFH representative charges and the related Right to Sue Notices issued, and any such claim should now be dismissed.

Applying the above principles most broadly to the FAC, Plaintiffs' collective and class definitions must be dismissed or stricken, and appropriately limited as follows:

- The ADEA collective asserted against HP Inc. must be limited to those terminated between December 9, 2014 (in deferral states) or April 8, 2015 (in non-deferral states) and August 11, 2016, which is the date that the latest EEOC Right to Sue Notice was issued to a named Plaintiff formerly employed by HP Co. or HP Inc. – Plaintiff Weiland.

- The ADEA collective asserted against HPE must be limited to those terminated between November 1, 2015 and March 10, 2017, which is the date that the latest EEOC Right to Sue Notice was issued to a named Plaintiff formerly employed by HPE – Plaintiff Rahman.

- The California state law class asserted against HP Inc. must be limited to include those terminated between August 18, 2012 and July 6, 2016, the date that Vatturi received a Notice and Right to Sue from the DEFH.

- The California state law claim asserted against HPE must be limited to include those terminated between November 1, 2015 and January 18, 2017, the date that Alviso received a Notice and Right to Sue from the DEFH.

The question of whether the named Plaintiffs can seek to represent individuals who were terminated by Defendants after their EEOC and DEFH charges were dismissed is ripe for determination. As noted, Plaintiffs' ADEA collective against HP Inc. cannot extend beyond the date of the EEOC's dismissal of Plaintiff Weiland's EEOC charge in August 2016, and Plaintiffs' ADEA collective against HPE cannot extend beyond the date of the EEOC's dismissal of Plaintiff Rahman's EEOC charge in March 2017, as a matter of law. Likewise, Plaintiffs' California FEHA class against HP Inc. cannot extend beyond the date of the DEFH's dismissal of Plaintiff Vatturi's DEFH charge in July 2016, and Plaintiffs' California FEHA class against HPE cannot extend beyond the date of the DFEH's dismissal of Plaintiff Alviso's DFEH charge in January 2017, as a matter of law. Any claim that Plaintiffs purport to assert on behalf of individuals beyond those dates is not within the scope of

14.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

the EEOC or DFEH charges that the named Plaintiffs have filed. Conducting extensive and costly nationwide discovery pertaining to the potential claims of putative collective or class members after the named Plaintiffs' charges were dismissed in late 2016 and early 2017 through the present, and into the future, would be an extraordinary waste of the parties' and the Court's resources.

The overly broad temporal scope of the collective and class definitions newly pleaded in the FAC are also not supported by the allegations contained in the FAC, which fail to state a claim on behalf of any person following the dismissal of the representative charges at the latest. Therefore, the collective and class definitions as stated in the FAC should be appropriately limited as detailed above, either by dismissing the collective and class claims of those terminated by Defendants after the representative EEOC and DFEH Charges were dismissed, or by striking these overbroad collective and class allegations.

### 2. Plaintiffs' Newly Pleaded Rule 23 California State Common Law Classes Are Limited By The Allegations Contained In The FAC.

The FAC does not identify any unlawful act by either HP Inc. after Vatturi's January 2016 termination or by HPE after Alviso's October 2016 termination, despite the passage of nearly four years since the later of those named Plaintiffs were terminated.

Both Alviso and Vatturi purport to represent newly pleaded Rule 23 California state law classes with respect to the common law claims asserted. Because the FAC does not identify any unlawful conduct after their respective employment terminations, Plaintiffs' California common law class definitions should be dismissed or stricken such that they do not extend beyond January 2016 as asserted against HP Inc. and October 2016 as asserted against HPE. See Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 10 Cal. Rptr. 3d 52 (2004) (California state law claims are not tolled while related administrative charges are pending); see also, e.g., In re Syntex Corp. Secs. Litig., 95 F .3d 922, 936 (9th Cir.1996) (stating that "[t]he equitable tolling doctrine only tolls the statute of limitations for asserted class members" and that new plaintiffs cannot expand the class period beyond the dates asserted in the complaint).

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

### 3. Plaintiffs Cannot Plausibly Allege Their Collective And Class Periods Extend To The Present Where Their Allegations of Discrimination Are Tied to Meg Whitman And She Is No Longer Employed By Either Defendant.

Plaintiffs' FAC attempts to tie their allegations of unlawful activity to the purported plans of Meg Whitman and *her* alleged execution of the same from 2012 to the present even though Plaintiffs concede that Ms. Whitman was not the CEO of HP Inc. effective November 1, 2015 and was not the CEO of HPE after February 1, 2018. [See ECF No. 389 at ¶¶ 3-8, 29]. Plaintiffs make implausible, conclusory allegations in the FAC that Ms. Whitman exercised control over employment practices at HP Inc. after November 1, 2015 and at HPE after February 1, 2018. The bare assertion that Ms. Whitman was the Chair of the Board of Directors at HP Inc. does not plausibly establish that she could have controlled the employment practices at HP Inc. after November 1, 2015, much less after she departed HP Inc.'s Board of Directors on July 26, 2017. Similarly, the conclusory allegations that Ms. Whitman was the CEO of HPE until February 1, 2018, and the Chair of HPE's Board of Directors until February 1, 2019 do not plausibly establish that she could have controlled the employment practices at HP Inc. *at any time* or at HPE after February 1, 2018, much less after she departed HPE's Board of Directors on February 1, 2019.

In *Ashcroft v. Iqbal*, the Supreme Court made clear that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations and, as such, under Fed. R. Civ. P. 8, their conclusory factual allegations are not entitled to assumption of truth." 556 U.S. 662, 679-81 (2009) (a plaintiff's conclusory allegations do not "nudge" claims of discrimination "across the line from conceivable to plausible."). Plaintiffs' conclusory allegations regarding Ms. Whitman are not supported by any "well-pleaded factual allegations" that tie her to any employment decisions at HP Inc. after November 1, 2015 and at HPE after February 1, 2018, and, as such, cannot give rise to any plausible inferences of discrimination for the broad time periods included in Plaintiffs' ADEA collectives and Rule 23 California state law classes.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES

### B. PLAINTIFFS ALVISO'S AND VATTURI'S FRADULENT UCL CLAIMS AND OTHER ALLEGATIONS OF FRAUD FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs Alviso and Vatturi's UCL fraudulent claims must be dismissed for failure to plausibly plead a claim. Like the FAC, Plaintiffs' TAC contained a fraudulent UCL claim. [Compare ECF No. 360 ¶¶ 163 & 166 with ECF No. 389 ¶¶ 193 & 197]. Defendants moved to dismiss the fraudulent UCL claim from the TAC, in part, because it was not adequately plead. This Court agreed, and dismissed the fraudulent UCL claim from the TAC because Plaintiffs failed to plead fraud with sufficient particularity. [ECF No. 381 at 25-26]. Despite this Court's prior Order, Plaintiffs Alviso and Vatturi have pled essentially identical fraudulent UCL claims in the FAC, repeating the fraud allegations identically now in two distinct causes of action. [See ECF No. 389 at Counts 7 & 8]. Indeed, the FAC states twice that Defendants' alleged discriminatory conduct "constitutes unlawful and/or unfair and/or fraudulent activity prohibited by" the UCL and further expressly alleges that each Defendant "discriminated on the basis of age with *fraud*, oppression and malice." [*Id*. at ¶¶ 184, 190, 193 & 197 (emphasis added)].

As noted in Defendants' prior motion, Fed. R. Civ. P. 9(b)'s particularity requirement applies to UCL claims brought in federal court where a fraudulent business practice is alleged. See, e.g., Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009); Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1103-04 (9th Cir. 2002). Under Rule 9(b), "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." Kearns, 567 F.3d at 1125 (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (superseded by statute on other grounds)). Here, the FAC only mentions "fraud" twice in passing (see FAC ¶¶ 184, 190) and only in the barest of terms. These conclusory allegations amount to little more than legal conclusions and – as the Court has previously noted – are insufficient to state a UCL claim under the "fraud" prong. Plaintiff Alviso's and Vatturi's fraudulent UCL claims as stated in Counts 7 and 8 of the FAC should now, therefore, be dismissed and all underlying allegations of fraud stated in the FAC stricken.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

17.
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

1

## VII.    CONCLUSION

2

For all of the reasons set forth above and pursuant to Rules 12(b)(6) and 12(f) of the Federal

3

Rules of Civil Procedure, Defendants respectfully submit that the Court dismiss or strike Plaintiffs'

4

temporally overbroad collective and class definitions, dismiss the fraudulent UCL claims from Counts

5

7 and 8 of the Fourth Amended Complaint, and strike from the FAC all underlying allegations of

6

fraud.

7

We hereby attest that we have on file all holographic signatures corresponding to any

8

signatures indicated by a conformed signature (/s/) within this e-filed document.

9

Dated: August 24, 2020                               Respectfully submitted,

10

LITTLER MENDELSON, P.C.

11

12

/s/ Benjamin A. Emmert
BENJAMIN A. EMMERT

13

LISA A. SCHRETER, *pro hac vice*
RICHARD W. BLACK, *pro hac vice*

14

LITTLER MENDELSON, P.C.

15

Attorneys for Defendants
HP INC. AND HEWLETT PACKARD

16

ENTERPRISE COMPANY

17

18

19

4849-7754-2345.1 066902.1112

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA. 95113.2303
408.998.4150

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM
OF POINTS AND AUTHORITIES