BENJAMIN A. EMMERT, SBN 212157
bemmert@littler.com
LITTLER MENDELSON, P.C.
50 West San Fernando Street, 7th Floor
San Jose, California  95113
Telephone:   408.998.4150
Facsimile:   408.288.5686

LISA A. SCHRETER, admitted *pro hac vice*
lschreter@littler.com
RICHARD W. BLACK, admitted *pro hac vice*
rblack@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road NE, Suite 1200
Atlanta, GA 30326
Telephone:   404.233.0330
Facsimile:   404.233.2361

Attorneys for Defendants
HP INC. AND HEWLETT PACKARD
ENTERPRISE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, ARUN VATTURI, DAN WEILAND, SHAFIQ RAHMAN, AND KEVIN M. ALVISO for and on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. and HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendants. | Case No.  5:16-CV-04775-EJD<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO CIVIL LOCAL RULE 7-11**<br><br>Date:<br>Time:<br>Judge:   Hon. Edward J. Davila<br>Dept.:   Courtroom 4, 5th Floor<br><br>Fourth Amended Complaint Filed: July 9, 2020 |

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

DEFS' MOTION FOR ADMINISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE
7-11

CASE NO.  5:16-CV-04775-EJD

## I.   INTRODUCTION

Defendants respectfully seek administrative relief from the Court, pursuant to Civil Local Rule 7-11, regarding their pending Motion for Leave to File a Motion for Reconsideration of the Court's Ruling on Production of Putative Collective Member Names and Contact Information to Plaintiffs' counsel ("Motion for Leave"), and the deadline for Defendants to provide the names and contact information for putative ADEA collective members to Plaintiffs' counsel.  Currently, Defendants' deadline to provide the names and contact information to Plaintiffs' counsel is August 12, 2021, unless the Court grants the Motion for Leave and requests that the parties file briefs on Defendants' request for reconsideration by August 5, 2021.  Since Defendants' Motion for Leave bears directly on whether Defendants should in fact be required to produce this information to Plaintiffs' counsel, in order to provide the Court with sufficient time to consider the issues and arguments raised by Defendants in the Motion for Leave, Defendants respectfully request that the Court order that the production by Defendants to Plaintiffs of any names and contact information regarding putative ADEA collective members be stayed pending the Court's resolution of Defendants' Motion for Leave (or any subsequent Motion for Reconsideration if one is permitted by the Court).

## II.   THE COURT SHOULD STAY DEFENDANTS' OBLIGATION TO PRODUCE THE NAMES AND CONTACT INFORMATION TO PLAINTIFFS' COUNSEL UNTIL AFTER THE COURT RULES ON DEFENDANTS' PENDING MOTION FOR LEAVE.

Defendants' Motion for Leave, which was filed on April 27, 2021, remains pending before the Court. (*See* Dkt. No. 425.) In that motion, Defendants sought leave to move for reconsideration of the Court's ruling that Defendants provide the names and contact information of putative ADEA collective members to Plaintiffs' counsel.  As an initial matter, Defendants' Motion for Leave noted that, in so ruling, the Court mistakenly stated that Defendants had not opposed the production of the names and contact information of all putative ADEA collective members directly to Plaintiffs' counsel when, in fact, Defendants expressly argued in opposing conditional certification that that the names and contact information should be provided only to the third-party administrator at that time. Moreover, Defendants sought leave to move for reconsideration in light of the fact that the Court had ordered that the information in question be provided to a Third-Party Administrator ("TPA") to administer and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

DEFS' MOTION FOR ADMNISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE
7-11                          1.          CASE NO.  5:16-CV-04775-EJD

effectuate the notice process in this matter.  As noted in Defendants' Motion for Leave, courts across the country have repeatedly held that, in circumstances where a court has found the use of a TPA to be appropriate, the names and contact information of putative collective members should be provided to the administrator, only, and not plaintiff's counsel.  Defendants therefore argued that, given the Court's ruling requiring the use of a TPA in this matter, there was no reason for Plaintiffs' counsel to receive the names and contact information for those individuals at this time, since Plaintiffs' counsel would not be involved in the notice process.  Instead, Defendants maintained that information for specific putative ADEA collective members should be provided to Plaintiffs' counsel if and when those individuals filed a consent form to opt into this action and, in turn, then became Plaintiffs' counsel's client.  But, prior to that time, there is no basis for Plaintiffs' counsel to receive that information.

Following the Court's April 13 Order Granting Plaintiffs' Motion for Preliminary Certification (Dkt. No 423), the Parties agreed that Defendants would provide the names and contact information to the TPA within 15 business days after the Court appointed a TPA.  *See* May 12, 2021 Joint Status Report, Dkt. No. 428, at 6.  On June 14, 2021, the Court entered an Order appointing CPT Group, Inc. ("CPT") as the TPA for this matter.  Dkt No. 434.  Defendants then conferred with Plaintiffs' counsel and sought their consent to have Defendants still produce the required data to the TPA by the deadline agreed to by the Parties, but to stay the production of that data to Plaintiffs' counsel until after the Court ruled on the pending Motion for Leave.  Declaration of Joshua B. Waxman ("Waxman Decl.") at ¶ 2.  Plaintiffs' counsel refused to agree to a stay of the production of the data until the Court ruled on the pending Motion for Leave, but did agree to an extension of the deadline to provide the data to Plaintiffs' counsel in order to provide the Court additional time to consider Defendants' Motion for Leave.  *Id.* at ¶ 3.

Consequently, as reflected in Paragraph 27 of the Proposed Order Regarding TPA Duties and Responsibilities submitted by the Parties, Plaintiffs' counsel agreed that the deadline for the production of the ADEA collective data to them would be extended until August 5, 2021, and if the Court had not ruled on Defendants' pending Motion for Leave by that date, Defendants would need to provide the data to Plaintiffs' Counsel by August 12.  *See* Dkt. Nos. 441 & 442.  On July 13, 2021,

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

DEFS' MOTION FOR ADMNISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE
7-11                                        2.                    CASE NO.  5:16-CV-04775-EJD

pursuant to the Parties' agreement, Defendants provided the required data regarding the putative ADEA collective members to CPT only. Waxman Decl. at ¶ 4. On July 23, 2021, the Court entered the Order Regarding TPA Duties and Responsibilities, which in turn set a deadline of August 12, 2021 for Defendants to produce the data to Plaintiffs' counsel if the Court does not rule on Defendants' pending Motion for Leave by August 5, 2021. *See* Dkt. No. 443 at ¶ 27.

To date, the Court has yet to rule on Defendants' Motion for Leave. Therefore, Defendants may be forced to provide Plaintiffs' counsel with the names and contact information of the putative ADEA collective members, even though Defendants' motion seeking relief from that obligation has been pending since April 27, 2021 and may remain pending without the Court having ruled upon it. Moreover, in the time since Defendants' Motion for Leave was filed on April 27, Plaintiffs have affirmatively represented to the Court "that neither they nor their counsel will initiate further contact with putative collective members during the Opt-In Period with respect to this lawsuit, and in particular to directly or indirectly solicit any putative collective member, whether via advertisements, social media solicitations or any form of communication, to join either collective." *See* Dkt. No. 428 at 5. Respectfully, this representation by Plaintiffs' counsel makes it even more clear that Plaintiffs' counsel has no need to receive the names and contact information of putative ADEA collective members unless and until those individuals ultimately opt into this action, particularly where notice will be administered by a TPA. Defendants thus respectfully request that the Court issue an order staying the production by Defendants to Plaintiffs of any names and contact information regarding putative ADEA collective members pending the Court's resolution of Defendants' Motion for Leave. Indeed, absent such a ruling by August 5, Defendants will be forced to turn over this information to Plaintiffs' counsel without having received the benefit of the Court's ruling on its long pending Motion for Leave.[1]

Finally, Defendants sought Plaintiffs' consent for the relief sought in this motion (a stay of the obligation to produce the names and contact information until the Court rules on Defendants' pending Motion for Leave), but Plaintiffs refused to agree. *See* Waxman Decl. at ¶ 6. Plaintiffs' counsel has taken the position that, if the Court was inclined to receive briefing from the parties on Defendants'

---

[1] It bears noting that the relief sought by Defendants will not in any way delay the issuance of notice to putative ADEA collective members by the TPA, since their contact information has already been produced by Defendants to the TPA (on July 13).

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

DEFS' MOTION FOR ADMNISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE    3.    CASE NO. 5:16-CV-04775-EJD
7-11

Motion for Leave, it would have already ordered such briefing. *Id.* at ¶ 3. Defendants, however, reject Plaintiffs' counsel's view of motion practice -- that the length of time that it takes for a Court to rule on a pending motion somehow bears on the Court's view of the merits of that motion. Rather, Defendants believe that this Court will rule on the Motion for Leave when it believes it is appropriate to do so, and the parties should not make assumptions about how the Court might rule until it has fully considered the nature of the relief requested. Thus, in order to give the Court sufficient time to complete its assessment of the Motion for Leave, Defendants ask that the Court stay the deadline to provide the information to Plaintiffs' counsel until after the Court rules on the Motion for Leave (or a subsequent Motion for Reconsideration if the Court grants Defendants leave to file that motion).

## III.   CONCLUSION

For all of the reasons set forth above, Defendants respectfully request an order from this Court staying Defendants' August 12, 2021 deadline to produce the names and contact information for putative ADEA collective members until an appropriate date after the Court's ruling on Defendants' Motion for Leave (or any subsequent Motion for Reconsideration if one is permitted).

Dated: July 29, 2021

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Lisa A. Schreter*
BENJAMIN A. EMMERT
LISA A. SCHRETER, *pro hac vice*
RICHARD W. BLACK, *pro hac vice*
LITTLER MENDELSON, P.C.

Attorneys for Defendants
HP INC. and  HEWLETT PACKARD
ENTERPRISE COMPANY

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

DEFS' MOTION FOR ADMNISTRATIVE
RELIEF PURSUANT TO CIVIL LOCAL RULE        4.                    CASE NO.  5:16-CV-04775-EJD
7-11