UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, ARUN VATTURI, DAN WEILAND, SHAFIQ RAHMAN, AND KEVIN ALVISO, for and on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HP INC. f/k/a/ HEWLETT-PACKARD COMPANY and HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendants. | CASE NO. 5:16-cv-04775-EJD<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT**<br><br>Judge: Hon. Edward J. Davila<br>Hearing Date:<br>Time:<br>Courtroom: |

On September 21, 2023, Plaintiffs Arun Vatturi and Kevin Alviso ("California Class Representatives"), along with Donna Forsyth (now deceased, through her representative Chris Forsyth), Dan Weiland and Shafiq Rahman (together "Named Plaintiffs") brought an unopposed Motion for Preliminary Approval of Class Action and Collective Action Settlement, seeking an order to: (1) preliminarily approve the proposed Collective and Class Action Settlement Agreement ("Settlement Agreement") or ("Settlement"); (2) preliminarily certify the proposed California State Law Settlement Classes for settlement purposes only; (3) appoint the proposed California Class Representatives, Class Counsel, and Settlement Administrator; (4) approve the proposed Notice and notice plan, and direct distribution of the proposed Notice; and (5) set a schedule for final approval.  Having considered the papers on the motion, argument of counsel, and applicable law, the Court now enters this Order Granting Preliminary Approval and now FINDS, CONCLUDES, and ORDERS as follows:

I.    **NATURE OF THE ACTION**

Plaintiffs allege that HP Inc. (previously named Hewlett-Packard Company) ("HP Inc.") and Hewlett-Packard Enterprise Company ("HPE") (collectively, "Defendants"), violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.,* and California's Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.* ("FEHA"), Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. ("UCL"), and common law, by terminating older employees and replacing them with younger employees in workforce reductions.

Defendants have denied and continue to deny they have engaged in any unlawful conduct or violated the ADEA or any California law, or are liable or owe damages to anyone with respect to the facts or causes of action alleged.

II.   **THE COURT PREVIOUSLY CONDITIONALLY CERTIFIED TWO ADEA COLLECTIVES.**

On April 13, 2021, this Court granted Plaintiffs' Motion for Preliminary Certification pursuant to the standards set forth under the Fair Labor Standards Act ("FLSA") and permitted notice to be sent to individuals who were putative members of two separate ADEA collectives, so that those individuals might determine whether to opt into this litigation as plaintiffs.  After notice

was disseminated, 146 individuals opted into the lawsuit as party plaintiffs (the "ADEA Plaintiffs").

## III.     PRELIMINARY CERTIFICATION OF RULE 23 SETTLEMENT CLASSES

### A.     The California Settlement Classes Meet the Requirements of Rule 23(a) and (b)(2).

Plaintiffs seek certification of two classes of individuals asserting claims under California state law. For settlement purposes only, the Parties have proposed preliminary certification of the following classes (collectively, the "California Settlement Classes"):

> **The HP Co./HP Inc. California Class**: All individuals who had their employment terminated by HP Inc. (including when HP Inc. was named Hewlett-Packard Company) in California pursuant to a WFR Plan between August 18, 2012 and February 15, 2022, and who were 40 years or older at the time of such termination. As provided in the operative Fourth Amended Complaint [Dkt. No. 389] ("FAC"), excluded from the HP Co./HP Inc. California Class are: (a) individuals who signed a Waiver and General Release Agreement (as defined in the FAC, n.1); and (b) individuals who signed an Agreement to Arbitrate Claims (as defined in the FAC, n.2).[1] In addition, any individuals who previously signed agreements that waived and released the claims asserted in this action are excluded from the HP Co./HP Inc. California Class.

> **The HPE California Class**: All individuals who had their employment terminated by Hewlett Packard Enterprise Company in California pursuant to a WFR Plan between November 1, 2015 and February 15, 2022, and who were 40 years or older at the time of such termination. As provided in the operative Fourth Amended Complaint [Dkt. No. 389], excluded from the HPE California Class are: (a) individuals who signed a Waiver and General Release Agreement (as defined in the FAC, n.1); and (b) individuals who signed an Agreement to Arbitrate Claims (as defined in the FAC, n.2). In addition, any individuals who previously signed agreements that waived and released the claims asserted in this action are excluded from the HPE California Class.

The Court hereby finds, for the purposes of settlement only, that the California Settlement

---

[1] The Parties have also agreed to exclude from the California Settlement Classes any individual who disclaimed in a legal proceeding any interest in participating or intent to participate in this action.

Classes satisfy all of the requirements for certification under Rule 23(a) and (b)(3). The Court hereby finds, for settlement purposes only, that:

- The California Settlement Classes consist of approximately 244 individuals, collectively, and are sufficiently numerous that joinder is impracticable.

- The members of the California Settlement Classes ("California Class Members") share common issues of fact and law regarding whether their terminations were implemented in a manner that discriminated against older workers, including the California Class Members, and whether Defendants violated California state law.

- The California Class Representatives' claims are typical of those of the California Class Members because they arise out of the same policies, practices, and course of conduct complained of by all other California Class Members.

- The California Class Representatives are adequate representatives of the California Settlement Classes they propose to represent because their interests are co-extensive with those of the California Class Members, and they have retained experienced counsel to represent them and the California State Law Settlement Classes.

- Questions of law or fact common to the California Class Members predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because certification of the California Settlement Classes is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, for settlement purposes only, the Court hereby certifies the California Settlement Classes under Rule 23(a) and (b)(3).

### IV. Appointment of California Class Representatives and Class Counsel.

For purposes of certifying the California State Law Settlement Classes, for settlement purposes only, the Court hereby appoints Arun Vatturi and Kevin Alviso to represent the HP Co./HP Inc. California Class and the HPE California Class, respectively.

The Court also finds that Jennie Lee Anderson of Andrus Anderson LLP and Doug Dehler of O'Neil, Cannon, Hollman, DeJong & Laing S.C. have substantial experience in prosecuting class actions and employment discrimination class actions. The Court appoints them as Class Counsel.

## V.   PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

The Court has reviewed the terms of the proposed Settlement Agreement, attached as Exhibit 1, including the plan of allocation and release of claims. The Court also reviewed the motion papers and declarations of counsel, which describe Class Counsel's legal and factual investigation, and the settlement process. Based on review of those papers, the Court concludes that the Settlement is the result of extensive, arm's length negotiations among the parties after Class Counsel investigated the claims and became familiar with the strengths and weaknesses of the case. The Court finds that the settlement process was non-collusive. Based on the Court's review of papers submitted in support of preliminary approval, the Court concludes that the proposed Settlement Agreement provides significant relief to the ADEA Plaintiffs and the members of the California Settlement Classes, and that the release of their respective claims is appropriately tailored to the allegations in the Fourth Amended Complaint. The Court concludes that the proposed Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements, has no obvious defects, and is likely to be approved pursuant to Rule 23(e)(2) at the final approval stage, such that giving notice to members of the California Settlement Classes is justified. Fed. R. Civ. P. 23(e)(1)(B).

## VI.   APPROVAL OF THE NOTICE PLAN AND DISTRIBUTION OF NOTICE

The Parties have submitted for this Court's approval a proposed Notice of Class and Collective Action Settlement ("Notice") to be disseminated to the members of the California Settlement Classes. The Court has carefully reviewed that Notice, the related provisions in the proposed Settlement Agreement, and the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval, and finds and concludes as follows:

### A.   Best Notice Practicable

The Court concludes that the Notice and the plan to distribute the Notice constitute the best notice practicable under the circumstances and allow the members of the California Settlement Classes a full and fair opportunity to consider the proposed Settlement and evaluate their options.

The Notice is written in plain English and provides clear examples to assist California Class Members in evaluating their options and the consequences of their choices. The Notice complies with this Northern District of California's Procedural Guidance for Class Action Settlements in that it fairly, plainly, accurately, and reasonably informs the California Class Members about: (1) the nature of this action, including the definition of the California State Law Settlement Classes, the identity of Class Counsel, the key terms of the Settlement, and the address for a website maintained by the Settlement Administrator, which has links to the Notice and other important documents in the case; (2) Plaintiffs' forthcoming application for the Named Plaintiffs' individual Service Awards, and Class Counsel's application for their attorneys' fees, costs, and expenses; (3) how each ADEA Plaintiff's and each California Class Member's settlement share will be calculated; (4) this Court's procedures for final approval of the Settlement, and about the California Class Members' right to appear if they desire; (5) how to object to or opt out of the Settlement if they desire; (6) how to obtain additional information regarding this action and the Settlement, including instructions on how to access the case via PACER or in person at any of the Court's locations; and (7) the date of the Fairness Hearing, advising them further that the date may change without further notice and that they may check the Settlement Administrator website or the Court's PACER site to confirm that the date has not been changed.

The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach California Class Members who would be bound by the Settlement. Under this plan, the Settlement Administrator will verify California Class Member addresses, distribute the Notice to all California Class Members by First-Class U.S. Mail, and conduct additional investigation if Notices are returned as undeliverable.

### B. CAFA Notice

Pursuant to the proposed Settlement, within ten (10) calendar days after Class Counsel

1  filed a motion for preliminary approval of this Agreement, Defendants provided notice of the
2  proposed Settlement to state and federal officials as required by the Class Action Fairness Act, 28
3  U.S.C. § 1715 ("CAFA"), regarding this action and the proposed Settlement.

     **C.    Approval of Notice and Notice Plan**

Accordingly, the Court hereby FINDS, CONCLUDES, and ORDERS as follows:

1. The form and content of the proposed Notice is approved;
2. The form and content of the Opt-Out Letter, as defined in Section VII.C. below, is approved;
3. The manner of distributing the Notice and updating California Class Member addresses through the National Change of Address database and skip-tracing any returned notices, is approved;
4. CPT Group is approved as the Settlement Administrator authorized to disseminate the Notice;
5. No later than five (5) business days after the date of this Order, Defendants shall provide to the Settlement Administrator a list of all California Class Members, including full name (maiden and married names, where applicable), last known home address, last known personal email address (if known), and last known personal telephone numbers(s), in Excel format; and
6. Fifteen (15) business days after Defendants provide the list of all California Class Members, the Settlement Administrator shall mail Notice to the California Class Members, as set forth in the Settlement Agreement.

**VII.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT**

     **A.    Motion for Final Approval and Fairness Hearing**

The Court hereby schedules a hearing ("the Fairness Hearing") for_____, 2023, which is no earlier than one-hundred (100) calendar days from the date after the motion for preliminary approval was filed, at _____ to determine whether to grant final certification of the California Settlement Classes for settlement purposes only, to consider any objections that may

be filed, to determine whether the Settlement is fair, reasonable and adequate, to determine the amount of attorneys' fees, costs, and expenses to be paid to Class Counsel, and to determine whether the requested Service Awards for the Named Plaintiffs are proper. Class Counsel shall file a Motion for Final Approval of the Class and Collective Action Settlement Agreement no later than fourteen (14) days prior to the Fairness Hearing. Named Plaintiffs and/or Defendants may file with the Court written responses to any objection at least seven (7) calendar days before the Fairness Hearing.

The Court reserves the right to continue the date of the Fairness Hearing without further notice to members of the California Settlement Classes.

**B.    Deadline for Motion for Attorneys' Fees, Costs, and Expenses and Service Awards**

All memoranda, affidavits, declarations, and other evidence in support of the request for Class Counsel's attorneys' fees, costs, and expenses and the Named Plaintiffs' request for Service Awards shall be filed at least thirty-five (35) days in advance of the deadline to opt out or object to the Settlement. Class Counsel may file a supplemental memorandum in support of the motion no later than seven (7) calendar days before the Fairness Hearing.

**C.    Deadline for California Class Members to Opt Out of the Settlement**

Any California Class Member who elects to opt out of the proposed Settlement must submit a signed letter setting forth their name and information needed to be properly identified to opt out of the settlement and stating that the individual is requesting to be excluded from the Settlement to the Settlement Administrator ("Opt-Out Letter"). Opt-Out Letters must be postmarked no later than 60 days from the date the Notice is mailed ("Opt-Out Period"). The postmark date of the mailing envelope shall be the exclusive means used to determine whether an Opt-Out Letter has been timely submitted.

The Settlement Administrator shall, within twenty-four (24) hours after the end of the Opt-Out Period, send a final list of all Opt-Out Letters to Class Counsel and Defendants' Counsel by email. The Settlement Administrator shall retain the stamped originals of all Opt-Outs and originals of all envelopes accompanying Opt-Out Letters in its files until such time as the

Settlement Administrator is relieved of its duties and responsibilities under this Agreement.

Any California Class Member who validly and timely submits an Opt-Out Letter shall not: (i) have any rights under the Settlement Agreement; (ii) be entitled to receive a settlement payment; (iii) have a right to object to the Settlement Agreement; and (iv) be bound by the Settlement Agreement, any order granting final approval, or any final judgment.

Any California Class Member who does not properly and timely opt-out shall be bound by all the terms and provisions of the Settlement Agreement, the Court's Order Granting Preliminary Approval, any final judgment, and the releases set forth therein.

Any California Class Member who is also an ADEA Plaintiff and opts-out shall be deemed to have withdrawn their consent to join one of the ADEA Collectives and shall no longer be an ADEA Plaintiff for any purpose, including for settlement purposes.

### D. Defendants' Right to Rescind Agreement

Pursuant to the Settlement Agreement, if five (5) percent or more of the California Class Members, collectively, opt-out of the settlement, Defendants shall have the right to revoke any proposed settlement, preliminarily approved settlement, or any written and/or executed settlement agreement within fourteen (14) days of being finally notified by the Settlement Administrator in writing that the number of opt-outs exceeds the 5% threshold.

Further, if more than six (6) of the thirty-two (32) individuals who are both ADEA Plaintiffs and California Class Members exercise their right to opt-out and be excluded from the California Settlement Classes, the Defendants shall have the right to revoke any proposed settlement, preliminarily approved settlement, or any written and/or executed term sheet or settlement agreement within fourteen (14) days of being finally notified by Settlement Administrator in writing that the number of opt-outs from the group of thirty-two (32) ADEA Plaintiffs and California Class Members who will not participate exceeds six (6) in number.

### E. Deadline to Object to the Proposed Settlement

California Class Members who wish to present objections to the proposed Settlement must submit a written objection, along with any supporting papers that (a) clearly identify the case name and number (*Forsyth, et al. v. HP, Inc., et al.*, Case No. 5:16 cv 004775-EJD), (b) are

submitted to the Court by (i) by filing them electronically or in person at any location of the United States District Court for the Northern District of California, or (ii) by mailing them to the Court Clerk, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113.  Any objection must be postmarked or filed no later than sixty (60) days after Notice is mailed.  The postmark or filing date of the objection shall be the exclusive means for determining that an objection is timely.  Any individual who has requested exclusion by submitting a valid Opt-Out Letter may not submit objections to the Settlement.  Named Plaintiffs and/or Defendants may file with the Court written responses to any objections at least seven (7) days before the Fairness Hearing.

Any California Class Member who properly and timely files an objection may, but is not required to, appear at the Fairness Hearing in person, or by their own attorney.  Any California Class Member who retains an attorney representing them shall be solely responsible for the costs of doing so, and their counsel should file a Notice of Appearance with the Court and serve the same on Class Counsel and Defendants' Counsel no later than five (5) business days prior to the Fairness Hearing.

### F. Deadline for Submitting Motion Seeking Final Approval

No later than **thirty-five (35) days** before the Fairness Hearing, Plaintiffs will file a motion for final approval of the Settlement.

## VIII. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

CPT Group is hereby appointed Settlement Administrator to carry out the duties set forth in this Order Granting Preliminary Approval and the Settlement Agreement, and CPT Group has agreed to subject itself to the jurisdiction of this Court.

## IX. SCHEDULING ORDER

The following schedule sets the sequence for the relevant dates and deadlines based on the preliminary approval of the proposed Settlement on _____, 2023.

| Event | Date |
|---|---|
| Deadline for Defendants to provide data regarding California Class Members to Settlement Administrator | |
| Deadline for Settlement Administrator to mail Notice | |
| Deadline to file motion seeking Attorneys' Fees, Costs, and Expenses and Service Awards | |
| Deadline for California Class Members to submit request for exclusion or object | |
| Deadline for Settlement Administrator to submit final report to Parties | |
| Deadline to file motion seeking final approval of Settlement | |
| Deadline for Defendants to elect to rescind Settlement | |
| Deadline to file replies in support of Final Approval, Service Awards and Attorneys' Fees, Costs, and Expenses motions | |
| Fairness Hearing | |

IT IS SO ORDERED.

DATED: _____

_____
The Honorable Edward J. Davila
Unites States District Court Judge