JENNIE LEE ANDERSON (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Phone: (415) 986-1400
Fax: (415) 986-1474

DOUGLAS P. DEHLER (admitted *pro hac vice*)
doug.dehler@wilaw.com
O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone: (414) 276-5000
Fax: (414) 276-6581

*Attorneys for Plaintiffs and the Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, ARUN VATTURI, DAN WEILAND, SHAFIQ RAHMAN, AND KEVIN ALVISO for an on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. AND HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendants. | Case No. 5:16-CV-04775-EJD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS**<br><br>Date:  March 28, 2024<br>Time:  9:00 a.m.<br>Judge: Hon. Edward J. Davila<br><br>Dept.: Courtroom 4 (5th Floor) |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 28, 2024 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4, 5th Floor, of the San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs Donna Forsyth (now deceased, by her personal representative, Christopher Forsyth), Arun Vatturi, Dan Weiland, Shafiq Rahman, and Kevin Alviso ("Named Plaintiffs" or "Plaintiffs"), individually and on behalf of others similarly situated, will and hereby do move the Court for an Order awarding Plaintiffs attorneys' fees

Plaintiffs' motion is based upon this Notice of Motion and Motion, the Memorandum and Points of Authorities filed herewith and the following declarations, all of which are filed and served herewith: the Declaration of Douglas P. Dehler, the Declaration of Jennie Lee Anderson, the Declaration of Christopher Forsyth, the Declaration of Arun Vatturi, the Declaration of Dan Weiland, the Declaration of Shafiq Rahman, and the Declaration of Kevin Alviso. This motion is further based on all records, pleadings, and papers on file in this action, and upon such other matters as may be presented at the time of the hearing on this Motion.

For the reasons set forth in this Notice of Motion and Motion and supporting materials, Plaintiffs hereby request an Order requiring that the following amounts be paid from the gross settlement amount ($18,000,000) to be paid by Defendants HP Inc. and Hewlett Packard Enterprise Company ("Defendants") pursuant to the parties' Collective and Class Action Settlement Agreement ("Settlement Agreement" or "SA") (ECF No. 526-2): (1) an award of attorneys' fees in the total amount of $4,500,000, which is 25% of the gross settlement amount; (2) an award of costs and expenses in the amount of $200,000; and (3) services awards of $10,000 for each of the Named Plaintiffs.

1

2
DATE: December 19, 2023

By: /s/ Douglas P. Dehler

3
Douglas P. Dehler (admitted *pro hac vice*)
doug.dehler@wilaw.com

4
O'NEIL, CANNON, HOLLMAN,
DEJONG & LAING S.C.

5
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202

6
Phone:    (414) 276-5000
Fax:        (414) 276-6581

7

8
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com

9
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104

10
Phone:    (415) 986-1400
Fax:        (415) 986-1474

11

12
*Attorneys for Plaintiffs and the Classes*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JENNIE LEE ANDERSON (SBN 203586)
jennie@andrusanderson.com
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Phone: (415) 986-1400
Fax: (415) 986-1474

DOUGLAS P. DEHLER (admitted *pro hac vice*)
doug.dehler@wilaw.com
O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, WI 53202
Phone: (414) 276-5000
Fax: (414) 276-6581

*Attorneys for Plaintiffs and the Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA J. FORSYTH, ARUN VATTURI, DAN WEILAND, SHAFIQ RAHMAN, AND KEVIN ALVISO for an on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HP INC. AND HEWLETT PACKARD ENTERPRISE COMPANY,<br><br>Defendants. | Case No. 5:16-CV-04775-EJD<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS**<br><br>Date:  March 28, 2024<br>Time:  9:00 a.m.<br>Judge: Hon. Edward J. Davila<br><br>Dept.: Courtroom 4 (5th Floor) |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS .......................................................................................2

    A.  Summary of the Procedural History of the Case .......................................3

    B.  Settlement Process.....................................................................................5

    C.  Relief Provided by the Settlement.............................................................6

    D.  Named Plaintiffs' Commitment to the Litigation .....................................6

III.  ARGUMENT ..........................................................................................................7

    A.  The Requested Attorneys' Fees are Reasonable and Should be Approved ...........................7

        1.  The Results Achieved Support the Request for Fees.....................8

        2.  This Litigation Has Posed Significant Risks for Class Counsel, Who Handled this Case on a Contingent Fee Basis........................9

        3.  The Skill and Quality of Work Exhibited by Class Counsel Further Supports Their Fee Application.............................10

        4.  The Requested Attorneys' Fee Award is Consistent With, or More Favorable to Class Members Than, Awards in Similar Cases.....................11

        5.  Lodestar Cross-Check Confirms the Reasonableness of the Fee Request.................11

    B.  Class Counsel's Request for Costs is Also Reasonable ...........................12

    C.  The Requested Service Awards are Reasonable ......................................13

IV.  CONCLUSION ......................................................................................................14

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR      Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Buccellato v. AT&T Operations, Inc.*,
   2011 WL 3348055 (N.D. Cal. June 30, 2011).................................................. 14

4

*Camarlinghi v. Santa Clara Cnty.*,
   2022 WL 17740464 (N.D. Cal. Dec. 16, 2022)............................................... 14

5

6

*Chavez v. Netflix Inc.*,
   375 Cal. Rptr. 3d 413, 433 n.11 (Cal. Ct. App. 2008).................................... 8

7

8

*Ching v. Siemens Indus., Inc.*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014)................................................ 10

9

10

*Dallas v. Alcatel-Lucent USA, Inc.*,
   2013 WL 2197624 (E.D. Mich. May 20, 2013)............................................... 9

11

*DeLeon v. Wells Fargo Bank, N.A.*,
   2015 WL 2255394 (S.D. N.Y. May 7, 2015).................................................. 13

12

13

*Optical Disk Drive Prods., Antitrust Litig.*,
   2016 WL 7364803 (N.D. Cal. Dec. 19, 2016)................................................ 12

14

15

*Galeener v. Source Refrigeration & HVAC, Inc.*,
   2015 WL 12976106 (N.D. Cal. Aug. 20, 2015)............................................... 14

16

*Glass v. UBS Fin. Servs., Inc.*,
   2007 WL 221862 (N.D. Cal. Jan. 26, 2007)................................................... 14

17

18

*Heath v. Google, LLC*,
   2019 WL 3842075 (N.D. Cal. Aug. 15, 2019)............................................. 9, 11

19

20

*In re Bluetooth Headset Prods Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011)........................................................ 2, 7, 8, 11

21

22

*In re High-Tech Employee Antitrust Litig.*,
   2015 WL 5158730 (N.D. Cal. Sept. 2, 2015)................................................... 8

23

24

*In re Omnivision Tech., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)......................................................... 10

25

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994)....................................................................... 10

26

27

*Missouri v. Jenkins by Agyei*,
   491 U.S. 274 (1989)................................................................................... 12

28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR     Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

ii

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010) ................................................................................. 12

*Powers v. Eichen*,
  229 F.3d 1249 (9th Cir. 2000) ................................................................... 8

*Rabin v. PricewaterhouseCoopers LLP*,
  2021 WL 837626 (N.D. Cal. Feb. 4, 2021) ....................................... Passim

*Ross v. U.S. Bank Nat'l Ass'n*,
  2010 WL 3833922 (N.D. Cal. Sept. 29, 2010) ......................................... 14

*Singer v. Becton Dickinson & Co.*,
  2010 WL 2196104 (S.D. Cal. June 1, 2010) ............................................... 8

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..................................................................... 7

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ......................................................... 8, 10, 11

*Williams v. MGM-Pathe Commc'ns Co.*,
  129 F.3d 1026 (9th Cir. 1997) ................................................................... 7

*Williams v. Sprint/United Mgmt. Co.*,
  2007 WL 2694029 (D. Kan. Sept. 11, 2007) ............................................. 9

*Wren v. RGIS Inventory Specialists*,
  2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) .................................... 2, 7, 13

**Statutes**
29 U.S.C. §§ 621, et seq. ................................................................................. 1
Cal. Bus. & Prof. Code § 17200 ................................................................. 1, 4
Cal. Gov't Code § 12900 ................................................................................. 1

**Rules**
Fed. R. Civ. P. 54(d)(1) ................................................................................. 13

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR     Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

After more than seven years of investigation, litigation, and negotiations, on September 19, 2023, the parties entered into the Settlement Agreement to resolve age discrimination claims litigated by Plaintiffs on behalf of hundreds of individuals who were age 40 or older when terminated by Defendants pursuant to workforce reductions ("WFRs") implemented between 2012 and 2022. If approved, the settlement will resolve in full the claims of 146 plaintiffs ("ADEA Collective Members") who filed consents to join and thus "opted in" to one of the two collectives conditionally certified by the Court under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, on April 13, 2021 (ECF No. 423), as well as the claims of putative members of two California classes ("California Class Members") preliminarily certified for settlement purposes on October 27, 2023.[1] *See* ECF No. 530 at 2 (defining "HP Co./HP Inc. California Class" and "HPE California Class"). In addition to their ADEA claims, Named Plaintiffs Arun Vatturi and Kevin Alviso asserted age discrimination claims under California state laws, including the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.***,** and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* ECF No. 389 at ¶¶ 133–198.

The proposed settlement creates a common fund of $18,000,000, which will be used for settlement payments to all 146 ADEA Collective Members (including the five Named Plaintiffs) and all California Class Members who do not exclude themselves from the settlement ("Participating California Class Members"). SA at ¶¶ 1.20, 3.2. If the settlement is approved, the average gross individual recovery (inclusive of attorneys' fees, costs, and service awards) for the ADEA Collective Members and Participating California Class Members will be at least $50,279. *See* ECF No. 526 at 9

---

[1] As set forth in Plaintiffs' preliminary approval motion, there are 146 ADEA Collective Members (32 of whom are also California Class Members) and another 212 California Class Members who have only California state law clams (not ADEA claims). ECF No. 526 at 7. Thus, in total, there are 358 unique individuals eligible to share in the proceeds of the proposed settlement. *Id.* Preliminary approval was granted effective October 27, 2023. ECF No. 530 at 9.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR          Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

1

($18,000,000 for up to 358 individuals). The common fund will also be used to pay Plaintiffs' attorneys' fees, costs and expenses, including all costs of settlement administration, as well as service awards of $10,000 for each of the five Named Plaintiffs. SA at ¶¶ 3.1, 3.2.

By the present Motion, Plaintiffs' counsel ("Class Counsel") respectfully request a fee award based on the extensive work and investment they made in this case, as well as the outstanding recovery obtained. The requested fee amount ($4,500,000) is 25% of the common fund, and it is therefore consistent with the benchmark for reasonable attorneys' fees that the Ninth Circuit has repeatedly recognized. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award."). As for the lodestar cross-check, to date, Class Counsel have expended more than 10,700 hours on this case over the last seven years for a total lodestar of $5,817,603.50, which results in a negative lodestar multiplier (specifically, 0.77). *See* Declaration of Jennie Lee Anderson in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards for Named Plaintiffs ("Anderson Decl.") ¶¶ 6–7; Declaration of Douglas P. Dehler in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards for Named Plaintiffs ("Dehler Decl.") ¶¶ 5–7. In addition, the out-of-pocket costs and expenses incurred by Class Counsel are more than $214,906.17, which exceeds the $200,000 in cost reimbursement requested pursuant to this Motion. Dehler Decl. ¶ 8.

Finally, Plaintiffs respectfully request that the Court approve service awards of $10,000 for each of the five Named Plaintiffs. Such service awards are supported by case law and consistent with awards provided to named plaintiffs in other cases. *See Wren v. RGIS Inventory Specialists*, Case No. C-06-05778 JCS, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011); *see also Rabin v. PricewaterhouseCoopers LLP*, No. 16-CV-02276-JST, 2021 WL 837626, at *9–10 (N.D. Cal. Feb. 4, 2021) ($20,000 service award for each named plaintiff).

## II.     STATEMENT OF FACTS

On August 18, 2016, Plaintiffs filed a collective and class action lawsuit against Defendants alleging age discrimination claims under the ADEA, as well as claims under California state laws prohibiting age discrimination, including the FEHA, the UCL, and California common law. Seven

years later, after extensive investigation, litigation, and settlement negotiations, the parties entered into a Settlement Agreement that provides for a gross settlement of $18,000,000, from which the ADEA Collective Members and Participating California Class Members will receive, on average, gross payments of more than $50,000 in exchange for releasing their past age discrimination claims against Defendants. ECF No. 526 at 9. The Court granted preliminary approval of the proposed settlement on October 27, 2023, finding it was the result of extensive arm's length negotiations, that the settlement process was non-collusive, that the proposed settlement would provide significant relief to the ADEA Collective Members and California Class Members, that the proposed release of claims has been appropriately tailored to the allegations of the operative complaint (the Fourth Amended Complaint), and that the settlement is likely to be approved under Rule 23(e)(2). ECF No. 530 at 4.

### A.  Summary of the Procedural History of this Case

After this lawsuit was filed in 2016, Plaintiffs successfully opposed Defendants' motions to dismiss. ECF Nos. 74, 132. In connection with those motions, Defendants sought to compel three of the then-named plaintiffs and an additional 13 opt-in plaintiffs to arbitration pursuant to the terms of a standard form Waiver and General Release Agreement ("Waiver and Release") that each of them signed shortly after their employment was terminated. ECF Nos. 75, 99–108. The Waiver and Release included a release of claims, class and collective action waivers, and a mandatory arbitration clause. On September 20, 2017, the Court granted Defendants' motion compelling these 16 plaintiffs to arbitration, while also denying without prejudice Defendants' motion to partially dismiss the First Amended Complaint. ECF No. 132. At the same time, the Court granted Defendants' request for a stay pending arbitration. *Id.*

On October 18, 2017, Plaintiffs filed a motion for reconsideration, after obtaining leave of the Court to do so. ECF Nos. 135–36. Defendants then filed a motion to enjoin class arbitration and sought to stay the entire case pending resolution of the arbitration proceedings. ECF Nos. 142–144. On February 6, 2018, the Court decided that the entire case would be stayed pending arbitration, as Defendants requested, but allowed Plaintiffs to amend their First Amended Complaint to include an additional named plaintiff. ECF No. 152. Plaintiffs then filed a Second Amended Complaint, which

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS

Case No. 5:16-CV-04775-EJD

3

added Kevin Alviso as a Named Plaintiff. ECF No. 168. On November 6, 2018, consistent with the Court's order compelling arbitration, the claims of the 16 plaintiffs were dismissed to allow their claims to proceed in arbitration. ECF No. 177.

Although the entire case was stayed pending arbitration, Class Counsel did not shelve the litigation to move on to other projects. Quite the contrary. While the case was stayed, Class Counsel continued to investigate Plaintiffs' claims, evaluate documents that Defendants produced in discovery before the stay, work with expert consultants, interview former employees, and file additional consents to join the lawsuit. Anderson Decl. ¶ 5; Dehler Decl. ¶ 9. Between November 16, 2018, and May 2, 2019, Class Counsel filed consents to opt an additional 156 plaintiffs into the ADEA litigation. ECF Nos. 179–82, 185, 190–334, 337–342. Ultimately, 145 of those opt-in plaintiffs were found to have signed a Waiver and Release, and after the parties engaged in mediation, these 145 plaintiffs resolved and dismissed their claims. ECF Nos. 336, 361, 367–68.

On January 7, 2020, Plaintiffs filed a Third Amended Complaint (ECF No. 360), which excluded from the case any individuals who executed a Waiver and Release. Thereafter, on February 6, 2020, Defendants filed a motion to dismiss Plaintiffs' Third Amended Complaint. ECF No. 371. The Court denied that motion with respect to Plaintiffs' ADEA and FEHA claims but granted it with respect to their UCL claims to the extent those claims were alleged under the fraudulent prong of the statute (Bus. & Prof. Code § 17200, *et seq.*) and also dismissed Plaintiffs' prayer for injunctive relief, with leave to amend. ECF No. 381. On July 9, 2020, as permitted by the Court's order denying Defendants' motions to dismiss, Plaintiffs filed a Fourth Amended Complaint. ECF No. 389. On August 24, 2020, Defendants filed additional motions to dismiss and/or to strike class definitions. ECF No. 401. On October 15, 2020, the Court denied Defendants' motions, and then Defendants answered the Fourth Amended Complaint on October 29, 2020. ECF Nos. 405–07.

Wasting no time, on December 30, 2020, Plaintiffs filed a motion for conditional certification of the two proposed collectives under the ADEA. ECF No. 409. On April 13, 2021, the Court granted that motion and conditionally certified two ADEA collectives, one for HP Co./HP Inc. and the other for HPE. ECF No. 423. After protracted negotiations and seeking the Court's assistance to resolve

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR        Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

4

disputes about the form and content of notices to be sent to putative members of the conditionally

certified collectives, a third-party administrator sent notices to those individuals on November 2, 2021,

informing them that the deadline to opt into this case was February 15, 2022. ECF No. 488. By that

deadline, an additional 122 individuals had opted into the two ADEA collectives, bringing the total

number of ADEA Collective Members to 148 (including the five Named Plaintiffs and 143 opt-in

plaintiffs). *Id.* Two of those ADEA Collective Members later dismissed their claims voluntarily with

prejudice, which brought the total number of ADEA Collective Members to 146. ECF No. 518. The

parties then continued to engage in discovery before they ultimately agreed to explore settlement as

an option. Anderson Decl. ¶ 5; Dehler Decl. ¶ 10. The parties also continued to exchange additional

information in advance of settlement discussions for several months. Anderson Decl. ¶ 5; Dehler Decl.

¶ 11.

      **B.**     **Settlement Process**

      Before the parties agreed to mediate, they negotiated the terms of the mediation and the

documents they would produce and exchange as part of that mediation process. After exchanging

significant information focused largely on Plaintiffs' alleged damages, the parties participated in two

day-long mediation sessions with Mark S. Rudy and Hon. Daniel J. Buckley (Ret.) on October 14,

2022, and November 16, 2022. Anderson Decl. ¶ 5; Dehler Decl. ¶¶ 11–12.  Shortly after the second

full day of mediation, the parties reached an agreement in principle regarding the basic financial terms

of a potential settlement. ECF No. 498; Dehler Decl. ¶ 12. However, other terms of the proposed

settlement remained in contention. Settlement discussions then continued for several months into

2023, as the parties negotiated details of the proposed settlement, including how the settlement funds

would be allocated between ADEA Collective Members and California Class Members, as well as

confidentiality terms, the notice plan, and the scope of the release. Anderson Decl. ¶ 5; Dehler Decl.

¶¶ 12–13.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR    Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

5

Class Counsel also spent significant time vetting the proposed settlement terms with each of the 146 ADEA Collective Members, all of whom ultimately endorsed the Settlement.[2] Dehler Decl. ¶¶ 12–14. Over a period of several months, the parties continued their settlement negotiations, often on a weekly or even daily basis, and, on June 6, 2023, they reached an agreement on the language of a detailed, settlement term sheet, which documented the primary settlement terms. *Id.* at ¶ 14; ECF No. 514. Additional negotiations continued thereafter and, on September 19, 2023, the parties executed a proposed Settlement Agreement, which ultimately received the Court's preliminary approval on October 27, 2023. ECF No. 530 at 9.

### C. Relief Provided by the Settlement

The proposed settlement involves a Maximum Gross Settlement Amount of $18,000,000. SA at ¶ 1.20. Because all 146 ADEA Collective Members accepted the settlement, Defendants will be paying the full Maximum Gross Settlement Amount ($18,000,000) if final approval is granted. *Id.* That amount includes: (1) all individual settlement payments to the ADEA Collective Members and Participating California Class Members; (2) Plaintiffs' attorneys' fees; (3) litigation costs and expenses up to $200,000, including the costs of a third-party settlement administrator; and (4) proposed service awards of up to $10,000 for each of the five Named Plaintiffs. *Id.* at ¶¶ 1.20, 3.2.

Pursuant to the Settlement Agreement, $13,250,000 will be allocated to settlement payments for the ADEA Collective Members and Participating California Class Members. *Id.* at ¶ 3.2.3. Of this amount, $7,905,044 will be distributed to 146 ADEA Collective Members (including 32 ADEA Collective Members who are also members of the California Settlement Classes) and $5,344,956 will be distributed to the remaining Participating California Class Members (not including the 32 who are also ADEA Collective Members). *Id.*

### D. Named Plaintiffs' Commitment to the Litigation

Obtaining a successful outcome in this litigation has required significant commitments from the five Named Plaintiffs. They have assisted Class Counsel and provided information and documents

---

[2] As of the date of the filing of this Motion, one California Class Member has asked to be excluded from the class settlement and none have objected. Dehler Decl. ¶ 18.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR      Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

6

1    pertaining to the WFRs that Defendants implemented over a period of years, between 2012 and 2022.

2    The Named Plaintiffs also consulted with Class Counsel to provide background information needed

3    to better understand documents produced in discovery. Dehler Decl. ¶ 15. Finally, the Named Plaintiffs

4    were each willing to have their names used publicly on the pleadings in this litigation. *Id.* This created

5    very real risks for their careers and professional reputations because current or future employers and

6    colleagues easily could discover, through media reports, internet searches, and public court records,

7    that the Named Plaintiffs had helped to bring this nationwide age discrimination lawsuit. *See*

8    Declaration of Christopher Forsyth filed herewith, Declaration of Arun Vatturi filed herewith,

9    Declaration of Dan Weiland field herewith, Declaration of Shafiq Rahman filed herewith, and

10   Declaration of Kevin Alviso filed herewith.

11       Finally, one of the Named Plaintiffs, Donna Forsyth, was diagnosed with amyotrophic lateral

12   sclerosis (ALS) after this lawsuit was filed. She passed away due to that illness on September 6, 2022.

13   Nonetheless, Ms. Forsyth, sometimes with the help of her husband, Chris Forsyth, continued to stay

14   involved and worked with Class Counsel until she passed away, after which time Mr. Forsyth (who is

15   her court-appointed Executor) continued to assist Class Counsel with the case. Dehler Decl. ¶ 16.

16   **III.   ARGUMENT**

17   **A.   The Requested Attorneys' Fees Are Reasonable and Should Be Approved.**

18       Where parties to a class action have reached a settlement and counsel for the plaintiffs seek an

19   award of attorneys' fees and costs, the reviewing court is "obligated to assure itself that the fees

20   awarded in the agreement [a]re not unreasonably high." *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th

21   Cir. 2003). The Court may utilize either the lodestar approach or principles of the common fund

22   doctrine to assess the reasonableness of agreed-upon fees. *Id.* at 967–68; *see also Wren v. RGIS*

23   *Inventory Specialists*, Case No. C-06-05778 JCS, 2011 WL 1230826, at *16 (N.D. Cal. Apr. 1, 2011).

24       Twenty-five percent (25%) of the common fund created by a settlement is the well-established

25   "benchmark for an attorneys' fee award in a successful class action" in this circuit. *Williams v. MGM-*

26   *Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *see also In re Bluetooth Headset Prods.*

27   *Liab. Litig.*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a

28

1    reasonable fee award."). Indeed, courts in this circuit often approve fee awards that exceed 25%. *See*

2    *Chavez v. Netflix Inc.*, 375 Cal. Rptr. 3d 413, 433 n.11 (Cal. Ct. App. 2008) (noting that fee awards in

3    class actions average around one-third of the recovery); *Rabin*, 2021 WL 837626, at *8 (approving

4    attorneys' fees of 35% of the common fund).

5           "Regardless of whether the court uses the percentage approach or the lodestar method, the

6    main inquiry is whether the end result is reasonable." *Singer v. Becton Dickinson & Co.*, Case No. 08-

7    CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (citing *Powers v. Eichen*, 229

8    F.3d 1249, 1258 (9th Cir. 2000)). To assess reasonableness, the Court must "consider[] all the

9    circumstances of the case." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1048 (9th Cir. 2002).

10          The Ninth Circuit has identified several factors that may be relevant when determining the

11   reasonableness of a fee award, including the following: (1) the results achieved; (2) the risks and

12   efforts inherent in the litigation; (3) the skill required and the quality of work; (4) the contingent nature

13   of the fee and attendant financial burden carried by class counsel; and (5) awards in similar cases. *Id.*

14   at 1048–50. "[T]he Ninth Circuit [also] encourages district courts to 'cross-check[] their

15   calculations,'" i.e., compare the amount achieved by a lodestar calculation to that achieved by a

16   percentage-of-the-recovery calculation. *In re High-Tech Employee Antitrust Litig.*, Case No. 11-CV-

17   02509-LHK, 2015 WL 5158730, at *6 (N.D. Cal. Sept. 2, 2015) (quoting *In re Bluetooth,* 654 F.3d at

18   944).

19          For the reasons set forth in greater detail below, each of these factors weighs in favor of the

20   Court granting Class Counsel's fee request.

21          **1.   The Results Achieved Support the Request for Fees.**

22          The proposed settlement achieved in this case provides an excellent result for the ADEA

23   Collective Members and California Class Members. As explained herein, the $18 million gross

24   settlement provides an average gross recovery of $50,279 for the 358 individuals eligible to participate

25   in the settlement, including all ADEA Collective Members and California Class Members. *See* ECF

26   No. 526 at 9 ($18,000,000 for up to 358 individuals). When compared to other ADEA settlements,

27   this average recovery is impressive. *See, e.g., Rabin*, 2021 WL 837626, at *5 ($11.625 million

28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR     Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

8

settlement yielding an average award of $2,054, with class members receiving awards ranging from $200 to $6,054); *Heath v. Google, LLC,* No. 15-cv-01824-BLF, 2019 WL 3842075, at *5 (N.D. Cal. Aug. 15, 2019) ($11,000,000 settlement for 227 plaintiffs yielding an average gross award of $48,458 per plaintiff); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2007 WL 2694029, at *1 (D. Kan. Sept. 11, 2007) ($57,000,000 for 1,697 plaintiffs yielding an average of $33,589 per plaintiff); *Dallas v. Alcatel-Lucent USA, Inc.*, Case No. 09-14596, 2013 WL 2197624 (E.D. Mich. May 20, 2013) ($1,400,000 settlement was shared by 194 plaintiffs yielding an average of $7,216 per plaintiff); *see also* ECF No. 526-2, Ex. D (table summarizing settlements believed to be comparable).

### 2. This Litigation Has Posed Significant Risks for Class Counsel, Who Handled this Case on a Contingent Fee Basis.

Class Counsel took on significant risks by filing and litigating this case on a contingent fee basis. As an initial matter, by taking this case on a contingent fee basis, Class Counsel needed to forgo other financial opportunities. Anderson Decl. ¶ 9; Dehler Decl. ¶ 17. To date, Class Counsel together have put more than 10,700 hours of attorney time into this case, which precluded their ability to take on other legal work. Anderson Decl. ¶¶ 6, 9; Dehler Decl. ¶¶ 6, 17. Class Counsel also took on significant financial burdens and risks by advancing the costs of the litigation on Plaintiffs' behalf. Anderson Decl. ¶ 10; Dehler Decl. ¶ 8. Those necessary costs included the cost of gathering, preserving and maintaining significant electronically stored information, investigation costs, expert and consulting fees, mediation costs, and the costs of hiring a third-party administrator to administer the settlement, among other costs. Dehler Decl. ¶ 8. As set forth in their declarations, to date, Class Counsel incurred litigation costs and expenses that have totaled more than $214,906.17, which exceeds the $200,000 being requested as cost reimbursement here. *Id.*

In short, Class Counsel took on substantial risk that they would receive nothing in attorneys' fees and nothing for out-of-pocket costs if this litigation had been unsuccessful. Given the excellent result achieved, the substantial litigation risks, and the contingent nature of their representation, the requested fee and cost awards are reasonable. "Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS                Case No. 5:16-CV-04775-EJD

9

1  to compensate them for the risk that they might be paid nothing at all for their work." *Ching v. Siemens*

2  *Indus., Inc.*, No. 11-CV-04838-MEJ, 2014 WL 2926210, at *8 (N.D. Cal. June 27, 2014) (citing *In re*

3  *Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)); *Vizcaino*, 290 F.3d at

4  1050; *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008).

5  **3.  The Skill and Quality of Work Exhibited by Class Counsel Further Supports**
   **Their Fee Application.**

6  Class Counsel are experienced class action and employment discrimination attorneys.

7  Anderson Decl. ¶ 2, Ex A, at 1–2; Dehler Decl. ¶¶ 2–3. The skill and quality of work exhibited in this

8  case provide additional support for the requested fee award.

9  This litigation presented difficult legal challenges, which required significant legal skill and

10 experience to overcome. Defendants filed three rounds of motions to dismiss and/or to strike class

11 allegations, each of which sought to dismiss large parts of Plaintiffs' case. ECF Nos. 74, 371, 401.

12 Defendants also sought dismissal with respect to Plaintiffs' disparate impact theory, arguing that

13 WFRs were not the types of specific employment practices that could form the basis for a disparate

14 impact case.  ECF No. 371 at 11–17. After defeating these various motions, Class Counsel promptly

15 moved for conditional certification of the ADEA collectives over strong objections from Defendants.

16 In their opposition to Plaintiffs' motion for conditional certification, Defendants filed numerous sworn

17 declarations and supporting materials to argue that the WFRs were numerous and *not* part of a single,

18 centrally implemented WFR program, such that litigating these claims on a collective basis was not

19 appropriate. In response to these arguments, Class Counsel developed and presented persuasive legal

20 arguments that were supported, where necessary, by specific allegations and evidence, all of which

21 resulted in the litigation moving forward largely intact as to *all* Plaintiffs, with only relatively small

22 portions of the case being dismissed. ECF Nos. 132, 381, 405. After obtaining a favorable decision

23 from the Court granting conditional certification of the collectives on April 13, 2021 (ECF No. 424),

24 Class Counsel continued pursuing discovery and depositions, all of which led the parties to begin

25 engaging in meaningful settlement negotiations. Anderson Decl.  ¶ 5; Dehler Decl.  ¶ 10.

26 Class Counsel also demonstrated experience and skill in their handling of the settlement

27 negotiations. Before engaging in mediation, Class Counsel pressed Defendants for detailed damages

28
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR          Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

10

information, including details on the earnings of each ADEA Collective Member and California Class Member. Dehler Decl. ¶ 11. Class Counsel then spent many hours working with the 146 ADEA Collective Members to obtain their tax records and similar objectively verifiable information to confirm not only the pre-termination earnings information that Defendants had produced in discovery, but also their post-termination earnings, all of which were necessary so that the parties could engage in meaningful discussions about damages and develop an equitable model for allocating any settlement that might be obtained. *Id*. ¶¶ 11–12. All this strategy, analysis, and work was necessary to negotiate a settlement large enough to be acceptable to the 358 individuals who have potential financial interest in that settlement. Anderson Decl. ¶ 5; Dehler Decl. ¶ 13.

### 4. The Requested Attorneys' Fee Award is Consistent With, or More Favorable to Class Members Than, Awards in Similar Cases.

As noted above, 25% of the common fund settlement is the well-established benchmark for an attorneys' fee award in the Ninth Circuit. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942. Class Counsel's request for the same is consistent with awards in similar cases and, in some cases, significantly lower. *See, e.g.*, *Heath,* 2019 WL 3842075, at *2 (25% of the common fund); *Rabin*, 2021 WL 837626, at *8 (35% of the common fund).

### 5. Lodestar Cross-Check Confirms the Reasonableness of the Fee Request.

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Vizcaino v. Microsoft Corp.*, 290 F.3d at 1050.

As described above and in the declarations filed in support of this Motion, Class Counsel have performed a great deal of work on this case over a period of more than seven years, such that the requested fee is justified. Anderson Decl. ¶ 5; Dehler Decl. ¶¶ 5–14. Over that time, Class Counsel (a) conducted extensive research and pre- and post-filing factual investigation; (b) worked with expert consultants; (c) filed a detailed complaint and three subsequent amended complaints; (d) defeated, in large part, multiple rounds of motions to dismiss and related motion practice; (e) negotiated and resolved many discovery disputes; (f) engaged in written and deposition discovery; (f) communicated

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR     Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

11

with hundreds of percipient witnesses; (g) successfully moved for conditional certification of the ADEA collectives; (h) vigorously represented Plaintiffs in two full-day mediation sessions and then engaged in months of intense post-mediation settlement discussions; and (i) otherwise skillfully pursued and resolved the claims in this case to achieve what they believe is an excellent result for the California Class Members. Anderson Decl. ¶ 5; Dehler Decl. ¶¶ 5–14

Class Counsel's lodestar is already $5,817,603.50 (excluding the time spent on this fee application and related arbitration matters), such that the requested fee of $4,500,000 represents a negative lodestar multiplier (approximately 0.77) with still more work to be performed in connection with the Fairness Hearing scheduled for March 28, 2024. Anderson Decl. ¶¶ 6–7; Dehler Decl. ¶¶ 5–7.[3] This lodestar cross-check further demonstrates that the requested fee award is reasonable. Accordingly, Plaintiffs' attorney fee petition should be granted.

### B. Class Counsel's Request for Costs Is Also Reasonable.

"Attorneys who create a common fund for the benefit of a class are entitled to be reimbursed for their out-of-pocket expenses incurred in creating the fund so long as the submitted expenses are reasonable, necessary, and directly related to the prosecution of the action." *In re Optical Disk Drive Prods., Antitrust Litig.*, No. 10-md-2143-RS, 2016 WL 7364803, at *10 (N.D. Cal. Dec. 19, 2016).

Here, Class Counsel have incurred more than $214,906.17 in litigation costs and expenses and they will incur some additional costs through the conclusion of the case. Dehler Decl. ¶ 8. Furthermore, the costs of settlement administration are being paid from Class Counsel's request for costs. *Id.* These reasonable costs, which are summarized in greater detail in the supporting declarations filed herewith,

---

[3] The Anderson and Dehler Declarations filed in support of this motion contain a summary of the time spent by the legal professionals at their respective firms on this matter, along with their reasonable hourly rates. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010) (to compensate for the payment delay, lodestar may be calculated "'either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.'") (quoting *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283–84 (1989)).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS          Case No. 5:16-CV-04775-EJD

12

include investigation costs, expert and consultant costs, cost of notice, mediation fees, document management and hosting costs, deposition and transcript costs, travel costs, filing fees, as well as other reasonable litigation-related costs. Anderson Decl. ¶ 10; Dehler Decl. ¶ 8. Even though the costs incurred to date significantly exceed $214,906.17, in the interests of settlement, Class Counsel have limited their cost reimbursement request to $200,000.

In sum, the costs requested here are reasonable, necessary, and directly related to Plaintiffs' prosecution of this case, and they therefore should be awarded.

## C.    The Requested Service Awards Are Reasonable.

Plaintiffs also request service awards of $10,000 for each of the Named Plaintiffs. Such service awards "are discretionary ... and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Wren v. RGIS Inventory Specialists*, Case No. C-06-05778 JCS, 2011 WL 1230826 at *31 (N.D. Cal. April 1, 2011). When assessing the reasonableness of service awards, courts consider:

> (1) the actions the plaintiff has taken to protect the interests of the class;
> (2) the degree to which the class has benefitted from those actions; (3) the duration of the litigation and the amount of time and effort the plaintiff expended in purs[uing] it; and (4) the risks to the plaintiff in commencing the litigation, including reasonable fears of workplace retaliation, personal difficulties, and financial risks.

*Id.* at *32.

Here, each of the Named Plaintiffs cooperated with the factual investigation and discovery, worked with counsel on their investigation, and diligently represented the interests of the classes and collectives for more than six years. Dehler Decl. ¶ 9. They also took on significant risks by being the public face of an age discrimination case against a major technology company. *See, e.g., DeLeon v. Wells Fargo Bank, N.A.* Case No. 12-cv-4494 (RLE), 2015 WL 2255394, at *7 (S.D. N.Y., May 7, 2015) (approving $15,000 service award and noting that doing so "recognizes the risks that the named-Plaintiff faced by participating in a lawsuit against her former employer"). They also carried the risk of potentially being liable for costs. *See, e.g.,* Fed. R. Civ. P. 54(d)(1).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR        Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

The $10,000 service awards requested here are reasonable and consistent with awards granted in similar cases in this District. *See*, e.g., *Rabin,* 2021 WL 837626, at *9–10  ($20,000 service award to each named plaintiff); *Camarlinghi v. Santa Clara Cnty.*, No. 5:21-CV-03020-EJD, 2022 WL 17740464, at *7 (N.D. Cal. Dec. 16, 2022) (finding $20,000 service award reasonable where named plaintiff "came forward to represent the interests of 244 others, at significant and likely detriment to himself"); *Galeener v. Source Refrigeration & HVAC, Inc*., No. 13-CV-04960-VC, 2015 WL 12976106, at *3 (N.D. Cal. Aug. 20, 2015) ($27,000 and $25,000 to two class representatives); *Buccellato v. AT&T Operations, Inc.*, No. 10 Civ. 00465, 2011 WL 3348055, at *3 (N.D. Cal. June 30, 2011) ($20,000 to lead plaintiff); *Lewis v. Wells Fargo & Co.*, No. 08 Civ. 2670, slip op. at 4 (N.D. Cal Apr. 29, 2011), ECF No. 315  ($22,000 and $20,000 for named plaintiffs); *Ross v. U.S. Bank Nat'l Ass'n*, No. 07 Civ. 2951, 2010 WL 3833922, at *4 (N.D. Cal. Sept. 29, 2010) ($20,000 service award for each of four class representatives); *Glass v. UBS Fin. Servs., Inc.*, No. 06 Civ. 4068, 2007 WL 221862, at *16–17 (N.D. Cal. Jan. 26, 2007) ($25,000 to each of four class representatives).

The service awards being requested are not out of balance with the benefits that this settlement will confer on other ADEA Collective Members and Participating California Class Members. As outlined herein, the average gross recovery for each of the 358 people who have a financial interest in the settlement is more than $50,000. Indeed, none of the ADEA Collective Members or Participating California Class Members will receive less than $15,000 (*net* of fees and costs) under the settlement. SA ¶ 3.3; ECF No. 526-2, Ex. C and D to Settlement Agreement (listing settlement allocations of $15,000 or more for all ADEA Collective Members and California Class Members).

Finally, the Named Plaintiffs were not required to accept the settlement and the service payments do not undermine the adequacy of the settlement. Dehler Decl. ¶ 15. The amount of each Named Plaintiff's settlement payments was calculated using the same allocation model that was used for the other 353 individuals who have a financial interest in the settlement. *Id.*

 For these reasons, the requested service awards are reasonable and should be granted.

**IV. CONCLUSION**

For the reasons set forth herein, and based on the entire record of this matter, Plaintiffs hereby

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS     Case No. 5:16-CV-04775-EJD

14

1   request that the Court enter an order approving an award of attorneys' fees to Class Counsel in the

2   amount of $4,500,000, providing Class Counsel with reimbursement for costs and expenses in the total

3   amount of $200,000, and approving of service awards of $10,000 for each of the five Named Plaintiffs.

4   DATE: December 19, 2023                By: /s/ Douglas P. Dehler

6                                          Douglas P. Dehler (admitted *pro hac vice*)
                                           doug.dehler@wilaw.com
7                                          O'NEIL, CANNON, HOLLMAN,
                                           DEJONG & LAING S.C.
8                                          111 East Wisconsin Avenue, Suite 1400
                                           Milwaukee, WI 53202
9                                          Phone:    (414) 276-5000
                                           Fax:      (414) 276-6581

11                                         Jennie Lee Anderson (SBN 203586)
                                           jennie@andrusanderson.com
12                                         ANDRUS ANDERSON LLP
                                           155 Montgomery Street, Suite 900
13                                         San Francisco, CA 94104
                                           Phone:    (415) 986-1400
14                                         Fax:      (415) 986-1474

15                                         *Attorneys for Plaintiffs and the Classes*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR     Case No. 5:16-CV-04775-EJD
NAMED PLAINTIFFS

15