1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7
8

DONNA J. FORSYTH, et al.,

Plaintiffs,

9

v.

10
11

HP INC., et al.,

Defendants.

12
13
14

Case No.   16-cv-04775-EJD

**ORDER GRANTING (1) FINAL APPROVAL OF CLASS ACTION AND COLLECTIVE ACTION SETTLEMENT AND (2) PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS, AND SERVICE AWARDS FOR NAMED PLAINTIFFS**

Re: ECF Nos. 534, 537

15        On December 19, 2023, Plaintiffs Arun Vatturi and Kevin Alviso ("California Class

16   Representatives"), along with Donna Forsyth (now deceased, through her representative Chris

17   Forsyth), Dan Weiland and Shafiq Rahman (together "Named Plaintiffs" or "Plaintiffs") filed their

18   Motion for Attorneys' Fees, Costs, and Service Awards for the Named Plaintiffs ("Motion for

19   Attorneys' Fees, Costs, and Service Awards").

20        On February 22, 2024, Plaintiffs brought an Unopposed Motion for Final Approval of

21   Class Action and Collective Action Settlement ("Motion for Final Approval").

22        On March 28, 2024, this Court held a fairness hearing to consider final approval of the

23   proposed Settlement.

24        Having considered the motions, papers submitted in support of the motions, argument of

25   counsel, and applicable law, the Court now enters this Order Granting (1) Plaintiffs' Motion for

26   Final Approval and (2) Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, and

27   FINDS and ORDERS as follows:

28   Case No.: 16-cv-04775-EJD
     ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

1

United States District Court
Northern District of California

## I.      NATURE OF THE ACTION

Plaintiffs allege that HP Inc. (previously named Hewlett-Packard Company) ("HP Inc.") and Hewlett-Packard Enterprise Company ("HPE") (collectively, "Defendants"), violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.,* and California's Fair Employment and Housing Act, Cal. Gov't Code § 12900, *et seq.* ("FEHA"), Unfair Competition Law, Cal. Bus. & Prof. Code §17200, *et seq*. ("UCL"), and common law, by terminating older employees and replacing them with younger employees in workforce reductions.

Defendants have denied and continue to deny they have engaged in any unlawful conduct or violated the ADEA or any California law, or are liable or owe damages to anyone with respect to the facts or causes of action alleged.

## II.     THE SETTLEMENT AGREEMENT[1]

### A.      The ADEA Plaintiffs and California Settlement Classes

There are 146 ADEA Plaintiffs in this case.[2]  There are 242 members of the California Settlement Classes defined below who did not timely exclude themselves from the Settlement following notice ("Participating California Class Members"), 32 of whom also opted into to one of the ADEA collectives and are ADEA Plaintiffs.  Thus, in total, there are now 356 unique individuals eligible to share in the proceeds of the Settlement.

The "California Settlement Classes" are defined as follows (*see* SA § 1.7):

#### 1.      The HP Co./HP Inc. California Class:

All individuals who had their employment terminated by HP Inc. (including when HP Inc.

---

[1] Declaration of Jennie Lee Anderson in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Anderson Prelim. App. Decl.") (ECF No. 526-1-2), Exhibit A (Collective and Class Action Settlement Agreement ("SA", "Settlement" or "Settlement Agreement")).

[2] On April 13, 2021, this Court granted Plaintiffs' Motion for Preliminary Certification pursuant to the standards set forth under the Fair Labor Standards Act ("FLSA") and permitted notice to be sent to individuals who were putative members of two separate putative ADEA collectives, so that those individuals might determine whether to opt into this litigation as party plaintiffs.  After notice was disseminated, 146 individuals opted into the lawsuit as party plaintiffs (the "ADEA Plaintiffs").

Case No.: 16-cv-04775-EJD
ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES
2

1    was named Hewlett-Packard Company) in California pursuant to a WFR Plan between August 18,

2    2012, and February 15, 2022, and who were 40 years or older at the time of such termination. As

3    provided in the operative Fourth Amended Complaint [Dkt. No. 389] ("FAC"), excluded from the

4    HP Co./HP Inc. California Class are: (a) individuals who signed a Waiver and General Release

5    Agreement (as defined in the FAC, n.1); and (b) individuals who signed an Agreement to Arbitrate

6    Claims (as defined in the FAC, n.2).[3]  In addition, any individuals who previously signed

7    agreements that waived and released the claims asserted in this action are excluded from the HP

8    Co./HP Inc. California Class.

9                    **2.      The HPE California Class:**

10           All individuals who had their employment terminated by Hewlett Packard Enterprise

11   Company in California pursuant to a WFR Plan between November 1, 2015, and February 15,

12   2022, and who were 40 years or older at the time of such termination. As provided in the operative

13   FAC [Dkt. No. 389], excluded from the HPE California Class are: (a) individuals who signed a

14   Waiver and General Release Agreement (as defined in the FAC, n.1); and (b) individuals who

15   signed an Agreement to Arbitrate Claims (as defined in the FAC, n.2). In addition, any individuals

16   who previously signed agreements that waived and released the claims asserted in this action are

17   excluded from the HPE California Class.

18           **B.      The Proposed Common Fund and Allocation Plan**

19           The proposed Settlement involves a Maximum Gross Settlement Amount of $18,000,000.

20   The Maximum Gross Settlement Amount is inclusive of: (1) all individual settlement payments to

21   Participating California Class Members and ADEA Plaintiffs; (2) Class Counsel's attorneys' fees;

22   (3) litigation costs and expenses incurred by Class Counsel up to $200,000, including the costs of

23   a third-party settlement administrator; and (4) and proposed service awards of up to $10,000 each

24   for the five Named Plaintiffs. The proposed allocation of these four categories is as follows:

25

26

27   ───────────────
     [3] *See also* SA § 1.7 n.1 (exclusion of individuals who disclaimed in a legal proceeding any interest
     in participating or intent to participate in this action).

28   Case No.: 16-cv-04775-EJD
     ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

| **Maximum Gross Settlement Amount:** | **$18,000,000.00** |
|---|---|
| Less Class Counsel's Attorneys' Fees (25%): | Up to $ 4,500,000.00 |
| Less Cost and Expenses Advanced by Class Counsel Including Settlement Administration Costs: | Up to $200,000.00 |
| Less Service Awards to the 5 Named Plaintiffs ($10,000 each): | $50,000.00 |
| **Adjusted Settlement Amount:** | **$13,250,000.00** |

Under the proposed allocation methodology, the Revised Gross Settlement Amount would be further divided between the ADEA Collective Action Plaintiffs and California Class Members as follows:

| ADEA Collective Action Plaintiffs: | $7,905,044.17 |
|---|---|
| Participating California Class Members: | $5,344,955.83 |

### C.    The Proposed Allocation Methodology

The proposed allocation methodology takes into consideration the following factors: (1) each individual's salary at termination; (2) the number of years each individual was employed by a Defendant before termination; and (3) the damages (specifically, lost earnings) potentially recoverable by the ADEA Plaintiffs if the case went to trial, after considering their post-termination earnings and duty to mitigate damages. *See* SA § 3.3.

To the degree there are uncashed checks equal to or exceeding a total of $25,000, a second *pro rata* distribution will be made to all ADEA Plaintiffs and Participating California Class Members. If the total of any uncashed checks is below $25,000, or to the degree there is unclaimed money after a second distribution, that money will go to the proposed *cy pres* recipient, the AARP Foundation, a nonprofit that advocates for economic opportunity, social connection, legal advocacy, and food security for older adults. AARP Foundation, (https://www.aarp.org/aarp-foundation); SA § 6.5. No part of the ADEA Plaintiffs' or Participating California Class Members' allocated shares of the Settlement proceeds will revert to the Defendants.

Under the terms of the Settlement, half of each individual's settlement payment will be

1  characterized as back wages (with a Form W-2 being issued for that portion) and half will be

2  characterized as liquidated damages (with a Form 1099 being issued).  The employer's share of

3  payroll taxes will be paid by the Defendants.  Other applicable taxes will be deducted from each

4  individual's allocated settlement share, as set forth in the Settlement Agreement.  *See* SA § 6.7.

5        **D.     Settlement Administration and Notice**

6        At preliminary approval, this Court found that the proposed Notice and Notice plan

7  constituted the best notice possible, and appointed CPT Group, Inc., to administer the settlement

8  (the "Settlement Administrator" or "CPT").  Amended Order Granting Preliminary Approval of

9  Class Action and Collective Action Settlement (ECF No. 530) ("Amended Order Granting

10 Preliminary Approval"), p. 9.  Following preliminary approval, on November 21, 2023, the

11 Settlement Administrator established a Settlement website to provides case specific information,

12 important dates, and Administrator contact information for telephone or mail.  Declaration of

13 Jeremy Romero (on Behalf of CPT Group, Inc.) With Respect to Notification and Administration

14 ("Romero Decl.") ¶ 7.  On November 22, 2023, the Settlement Administrator disseminated Notice

15 to the members of the California Settlement Classes via U.S. first class mail in accordance with

16 the Settlement Agreement and consistent with this Court's order granting preliminary approval.

17 Romero Decl. ¶¶ 4– 6, 8, 10.

18       **E.     Release of Claims**

19       The ADEA Plaintiffs' and Participating California Class Members' release of claims is

20 tailored to the age discrimination allegations asserted in the lawsuit as defined in the Settlement

21 Agreement and does not release claims for any future conduct.  SA § 13.1.  Specifically, upon

22 final approval, the ADEA Plaintiffs and Participating California Class Members will release all

23 legal claims they may have against the "Released Persons" (as defined in the Settlement

24 Agreement) relating to actual or alleged age discrimination in re-hiring, retention, termination of

25 employment, or retaliation related to any attempt to become re-hired up to November 3, 2023, the

26 date the Court entered its Amended Order Granting Preliminary Approval.  *Id.*  The five Named

27 Plaintiffs will give a general release of claims.  *Id.* § 13.2.

28 Case No.: 16-cv-04775-EJD
   ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

United States District Court
Northern District of California

**F.     Attorneys' Fees and Costs, and the Named Plaintiffs' Service Awards**

The Settlement provides that the five Named Plaintiffs may request service award payments of $10,000 each.  *Id.* § 5.  These amounts will be in addition to any other recovery they may be entitled to under the Settlement as ADEA Plaintiffs and/or Participating California Class Members.  The Settlement Agreement also provides that Class Counsel may seek up to 25% of the Maximum Gross Settlement Amount ($4,500,000) and reimbursement of costs and expenses up to $200,000, including costs of settlement administration.[4]  *Id.* § 4.

## III.    DISCUSSION

In preliminarily approving the proposed Settlement, this Court found that, for purposes of settlement only, the proposed California Settlement Classes satisfied the requirements for certification under Rule 23(a) and (b)(3) and that the proposed Settlement was likely to meet the necessary criteria for final approval under Rule 23(e), such that disseminating notice to the members of the proposed California Settlement Classes was appropriate.  Amended Order Granting Preliminary Approval 2–4.

The deadline for members of the California Settlement Classes to object to or opt out of the Settlement was January 23, 2024.  *Id.* at 10.  At the close of the period in which members of the California Settlement Classes could timely object or opt-out ("Notice Period"), no California Settlement Class members had objected to the Settlement and two (2) elected to opt out of the Settlement.  Romero Decl. ¶ 11.

On March 28, 2024, this Court held a fairness hearing to determine whether the Settlement is deserving of final approval.

**A.     Final Certification of Rule 23 Settlement Classes**

For settlement purposes only, Plaintiffs seek final certification of the California Settlement Classes set forth above.  The Court hereby finds, for the purposes of settlement only, that the California Settlement Classes satisfy all of the requirements for final certification under Rule 23(a)

---

[4] The Settlement Administrator has agreed to perform all administrative work set forth in the Settlement Agreement for a flat fee of $14,750.  Anderson Prelim App. Decl. ¶ 7.

Case No.: 16-cv-04775-EJD
ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

6

and (b)(3).  The Court hereby finds, for settlement purposes only, that:

- The final California Settlement Classes consist of approximately 242 individuals (the "Participating California Class Members"), collectively, and are sufficiently numerous that joinder is impracticable;

- The Participating California Class Members share common issues of fact and law regarding whether their terminations were implemented in a manner that discriminated against older workers, including the Participating California Class Members, and whether Defendants violated California state law;

- The California Class Representatives' claims are typical of those of the Participating California Class Members because they arise out of the same policies, practices, and course of conduct complained of by all other Participating California Class Members;

- The California Class Representatives are adequate representatives of the final California Settlement Classes they propose to represent because their interests are co-extensive with those of the Participating California Class Members, and they have retained experienced class counsel to represent them and the final California Settlement Classes; and

- Questions of law or fact common to the Participating California Class Members predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because certification of the final California Settlement Classes is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, for settlement purposes only, the Court hereby certifies the final California Settlement Classes under Rule 23(a) and (b)(3).

**B.**     **Final Approval of Class and Collective Action Settlement**

Final approval of a class action settlement under Rule 23(e)(2) requires a determination

United States District Court
Northern District of California

that its terms are fair, reasonable, and adequate, after taking into consideration four factors: (1) whether the class representatives and class counsel adequately represented the class; (2) whether the proposed settlement was negotiated at arm's length; (3) the adequacy of the relief the settlement provides; and (4) whether the proposed settlement treats class members equitably.  Fed. R. Civ. P. 23(e)(2)(A)–(D).

When determining whether a settlement is fair, reasonable, and adequate, courts consider the following factors: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).  Courts must also determine whether a settlement was the result of good faith, arm's-length negotiations or fraud and collusion.  *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

The Court has reviewed the terms of the proposed Settlement Agreement, reviewed the motion papers and supporting declarations, and given the members of the California Settlement Classes an opportunity to comment on, object to, or opt out of the proposed Settlement.  Based on this record, the Court concludes and finds as follows.

**1.      The Risks of Continued Litigation Are Substantial.**

"Approval of a class settlement is appropriate when 'there are significant barriers plaintiffs must overcome in making their case.'" *Betancourt v. Advantage Human Resourcing, Inc.*, No. 14–cv–01788–JST, 2016 WL 344532, at *4 (N.D. Cal. Jan. 28, 2016).  Here, Plaintiffs face several obstacles to full recovery, and continued litigation poses substantial risk at the certification stage and at trial for all parties.  Even if Plaintiffs were to prevail at trial, appeals are likely to further delay relief and final resolution of their claims.  This Court finds that this factor weighs in favor of granting final approval.

United States District Court
Northern District of California

**2.      The Amount of the Settlement and the Allocation Plan Are Fair.**

The Settlement, if approved, will create a common fund of $18,000,000, with an average allocated recovery (before applicable taxes and withholdings) for each ADEA Plaintiff and Participating California Class Member of more than $50,000.  No Participating California Class Member will be allocated less than $15,000.  SA § 3.3.  At the preliminary approval stage, this Court concluded that "the proposed Settlement Agreement provides significant relief to the ADEA Plaintiffs and the members of the California Settlement Classes, and that the release of their respective claims is appropriately tailored to the allegations in the Fourth Amended Complaint." Amended Order Granting Preliminary Approval 4.  Nothing has changed to alter these conclusions. This Court further finds that the proposed allocation plan is fair and based on objective factors.

**3.      Discovery in the Case Has Adequately Informed the Parties.**

The parties exchanged written discovery and Class Counsel have taken corporate depositions, conducted lengthy investigations, and consulted with experts over the course of more than six years in this matter.  Anderson Prelim. App. Decl. ¶ 14.   After settlement discussions were underway, the parties continued to exchange information for many months during the settlement process.  *Id.*

In granting preliminary approval of the Settlement, this Court concluded that the parties were adequately familiar with the strengths and weaknesses of their cases to make informed decisions about settlement.  Amended Order Granting Preliminary Approval 4.  Nothing has changed to alter the Court's conclusions in this respect.

**4.      Counsel's Experience and Views Support the Settlement.**

"Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."   *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528 (C.D. Cal. 2004) (internal quotations omitted).  This Court has determined Jennie Lee Anderson of Andrus Anderson LLP and Doug Dehler of O'Neil, Cannon, Hollman, DeJong & Laing S.C. have substantial experience in prosecuting class actions

Case No.: 16-cv-04775-EJD
ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES
9

and employment discrimination class actions, and are well-qualified to represent the California

Settlement Classes.  Amended Order Granting Preliminary Approval, p. 4.  Class Counsel have

submitted declarations attesting that that, in their professional judgment, the Settlement is an

excellent result for those participating in it.  Anderson Prelim App. Decl. ¶ 15; Declaration of

Douglas P. Dehler in Support of Plaintiffs' Motion for Preliminary Approval of Class Action and

Collective Action Settlement ¶ 2.  Based on the experience and representations of Class Counsel,

the Court finds that this factor weighs in favor of final approval of the Settlement.

### 5.   Presence of a Government Participant

Following the filing of Plaintiffs' Motion for Preliminary Approval, since the Court's

Amended Order Granting Preliminary Approval, Defendants timely served the notice required

under the Class Action Fairness Act, 28 U.S.C. § 1715, to the attorneys general of three (3) states

where members of the California Settlement Classes were then understood to reside as well as to

the Attorney General of the United States. *See* Declaration of Richard W. Black Regarding

Defendants' Compliance with the Notice Provisions of the Class Action Fairness Act ¶¶ 3–4.  No

government entity has objected to the Settlement or sought to intervene.  *Id.* ¶ 5.  This factor

therefore also weighs in favor of final approval.

### 6.   Reaction of Class Members

On November 22, 2023, the Settlement Administrator disseminated the Notice to 244

members of the California Settlement Classes.  Romero Decl. ¶ 8.  No objections to the Settlement

were filed.  *Id.* ¶ 10.  The absence of objections to a proposed class action settlement raises a

strong presumption that the terms of a proposed class settlement action are fair, adequate, and

reasonable.  *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365, 2010 WL 1687832, at

*14 (N.D. Cal. Apr. 22, 2010).

### 7.   The Settlement Is the Product of Arm's Length Negotiations.

In determining whether a settlement was the result of good faith, arm's-length

negotiations, The Ninth Circuit has identified three signs of potential collusion to be taken into

consideration:

Case No.: 16-cv-04775-EJD
ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

United States District Court
Northern District of California

1) When class counsel receive a disproportionate distribution of the settlement;

2) When the parties negotiate a "'clear sailing provision' providing for the payment of attorneys' fees "separate and apart from class funds"; and

3) When the parties agree that any fees not awarded to plaintiffs' counsel will revert back to the defendants rather than to the class.

*In re Bluetooth Headset Prod. Liab. Litig*., 654 F.3d at 947.

None of these collusion factors are present here. Class Counsel seeks twenty-five percent (25%) of the common fund, which is the Ninth Circuit's benchmark for attorneys' fees paid from a common fund. *Id.* at 942. The Settlement does not include a "clear sailing" provision because any attorneys' fees will be paid from the common fund, not separate and apart from class funds. Finally, there is no arrangement that any fees not awarded would revert to Defendants.

Further, the Parties engaged in two full-day mediations with a prominent employment discrimination mediator, Mark S. Rudy, and a retired California state court chief judge with significant complex litigation experience, Hon. Daniel J. Buckley (Ret.), and continued to consult with the mediators in connection with ongoing settlement negotiations. Anderson Prelim. App. Decl. ¶ 14. Thereafter, the parties continued to vigorously negotiate the terms of the proposed Settlement on a weekly, and sometimes daily, basis for eight more months. *Id.*

Based on the record presented in support of the Preliminary Approval Motion, this Court concluded that "the Settlement is the result of extensive arms' length negotiations among the parties…." Amended Order Granting Preliminary Approval 4. Nothing has changed to displace this conclusion.

### 8.   The Proposed *Cy Pres* Recipient Is Appropriate.

The Parties do not yet know whether there will be unclaimed money at the end of the distribution process, given that there will be a *pro rata* redistribution of money if uncashed checks or unused funds exceed $25,000. SA § 6.5. However, should a *cy pres* distribution be required, this Court finds that the agreed upon recipient, the AARP Foundation, "bears a substantial nexus to the interests of the class members" accounting for "the nature of the plaintiffs' lawsuit, the

Case No.: 16-cv-04775-EJD
ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

United States District Court
Northern District of California

objectives of the underlying statutes, and the interests of the silent class members...." *Lane v. Facebook, Inc*., 696 F.3d 811, 821 (9th Cir. 2012).  Plaintiffs alleged age discrimination in violation of the ADEA and California state law, and the AARP Foundation assists older individuals in a variety of manners, including providing legal services.

### 9. The Court-Approved Notice Sent to the Members of the California Settlement Classes Here Constituted the Best Notice Practicable.

In its Amended Order Granting Preliminarily Approval, this Court found that "the Notice and the plan to distribute the Notice constitute the best notice practicable under the circumstances and allow the members of the California Settlement Classes a full and fair opportunity to consider the proposed Settlement and evaluate their options."  Amended Order Granting Preliminary Approval 5.  The plan to distribute the Notice has now been carried out in accordance with this Court's Amended Order Granting Preliminary Approval and the terms of the Settlement Agreement.   Romero Decl. ¶¶ 3–13.  Based on this record, this Court concludes that the notice given here was, indeed, the best notice practicable.

### C. PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS FOR THE NAMED PLAINTIFFS.

Class Counsel seeks $4,500,000 or twenty-five percent (25%) of the common fund created by the proposed Settlement in attorneys' fees, up to $200,000 in costs, and the five Named Plaintiffs seek a $10,000 service award for each of them.

Twenty-five percent (25%) of the common fund created by a settlement is the well-established "benchmark for an attorneys' fee award in a successful class action" in this Circuit. *Williams v. MGM-Pathe Commc'ns Co*., 129 F.3d 1026, 1027 (9th Cir. 1997); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942.

Having considered the motion papers, declarations of Class Counsel and the Named Plaintiffs in submitted in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, this his Court finds that an award of twenty-five percent (25%) of the common fund, or $4,500,0000, for attorneys' fees is reasonable.  The requested fee award is supported by (1) the results achieved by Class Counsel in the litigation, (2) the significant risks posed to Class Counsel

1   in pursuing the case on a contingent fee basis, (3) the skill and work exhibited by Class Counsel,

2   (4) a comparison of the requested fee award to awards in similar cases, and (5) a lodestar cross-

3   check.[5]

4        This Court also finds reimbursement of $200,000 for costs and expenses Class Counsel

5   incurred is reasonable and supported by the declarations of Class Counsel, which show that they

6   reasonably and necessarily incurred fees and expenses of more than $200,000 that were directly

7   related to creating the $18,000,000 common fund, including but not limited to costs incurred for

8   storing electronic discovery, for consultants and potential expert witnesses, for mediator fees, and

9   for third-party administration costs.

10        Finally, the Court finds and concludes, in its discretion, that requested service awards in

11   the amount of $10,000 for each of the five Named Plaintiffs are warranted under the facts and

12   circumstances of this case, including the Named Plaintiffs' significant contributions to the

13   resolution of this matter, the recoveries obtained for the benefit of the other ADEA Plaintiffs and

14   Participating California Class Members, the average and minimum recoveries of ADEA Plaintiffs

15   and Participating California Class Members (both of which exceed the amount of the requested

16   service awards), and the risks taken on by the Named Plaintiffs in bringing this nationwide

17   collective and class action.

18   **IV.   CONCLUSION**

19        Based on the foregoing and the record before this Court, Plaintiffs' Motion for Final

20   Approval and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards are GRANTED,

21   and this Court FINDS and ORDERS as follows:

22            a.   This Court shall retain jurisdiction over the claims alleged, the Parties in this action,

23

24   [5] Declaration of Douglas P. Dehler in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards for the Named Plaintiffs (ECF No. 534-1); Declaration of Jennie Lee

25   Anderson in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards for the Named Plaintiffs (ECF No. 534-2).  As of the date Plaintiffs' Motion for Attorneys' Fees, Costs,

26   and Service Awards, Class Counsel's lodestar was $5,817,603.50, which represented a negative lodestar multiplier (approximately 0.77) with still more work to be performed in connection with

27   the fairness hearing.  This Court finds the hours spent on the case and Class Counsel's hourly rates to be reasonable.

28   Case No.: 16-cv-04775-EJD
ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES

United States District Court
Northern District of California

United States District Court
Northern District of California

1      and the implementation and administration of the Settlement Agreement;

2  b.   The Court hereby certifies, on a final basis and for settlement purposes only, the

3      California Settlement Classes that this Court previously preliminarily certified, as

4      defined above and pursuant to Federal Rule of Civil Procedure 23(b)(3);

5  c.   This Court finds the terms of the proposed Settlement Agreement to be fair,

6      reasonable and adequate and deserving of final approval, and directs consummation

7      of its terms and provisions;

8  d.   This Court finds that the Settlement is the product of arm's length negotiations with

9      no indication of collusion;

10  e.   This Court finds that Class Counsel appointed to represent the California Settlement

11     Classes, Jennie Lee Anderson and Douglas P. Dehler, have done so adequately;

12  f.   This Court finds that Named Plaintiffs Arun Vatturi and Kevin Alviso, who this

13     Court appointed to represent the HP Co./HP Inc. California Class and the HPE

14     California Class, respectively, have done so adequately;

15  g.   This Court finds that the court-authorized Notice and dissemination of the Notice to

16     California Settlement Classes was adequate and constituted the best notice

17     practicable;

18  h.   The Court hereby approves Class Counsel's request for attorneys' fees in the amount

19     of $4,500,000, and for costs in the amount of $200,000;

20  i.   The Court hereby approves Named Plaintiffs' request for service awards to be paid

21     to each of them of $10,000 each;

22  j.   The Court hereby authorizes the Settlement Administrator to carry out the remainder

23     of its duties set forth in the Settlement Agreement, including dissemination of the

24     Settlement funds once the Final Effective Date has passed;

25  k.   The Released Claims, and all provisions related thereto, set forth in the Settlement

26     Agreement are approved by the Court and fully incorporated in this Order. In

27     accordance with the terms of the Settlement Agreement, the Released Claims are

28

1    effective as of the Final Effective Date.

2    l.   This Court shall enter the parties' proposed Final Judgment on the Released Claims

3         (as defined in the Settlement Agreement) dismissing this action and the Released

4         Claims with prejudice, and without costs to any of the parties as against any other

5         settling party, except as provided in the Settlement Agreement.

6    m.   Within twenty-one (21) days after the distribution of the settlement funds and

7         payment of attorneys' fees, and no later than **November 15, 2024**, Class Counsel

8         shall file with this Court a Post-Distribution Accounting as required by this district's

9         Procedural Guidance for Class Action Settlements.

10

11       **IT IS SO ORDERED.**

12   Dated: March 29, 2024

13

14

15                                        EDWARD J. DAVILA
                                          United States District Judge
16

17

18

19

20

21

22

23

24

25

26

27

28   Case No.: 16-cv-04775-EJD
     ORDER GRANTING FINAL SETTL. APPR. AND ATTY.'S FEES
                        15

United States District Court
Northern District of California